**PHILLIP A. TREVIÑO** [SBN 121119]
ptrevino@samben.us
137 N. Larchmont Blvd., #801
Los Angeles, California 90004
Telephone: (213) 949-8000

Attorney for Petitioner
ERNEST DYKES

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ERNEST DYKES**, | ) **Case No. 11-CV-04454-SI** |
| Petitioner, | ) PETITIONER'S NOTICE OF MOTION AND |
| | ) MOTION FOR EQUITABLE TOLLING; |
| v. | ) MEMORANDUM OF POINTS AND |
| | ) AUTHORITIES; EXHIBITS |
| **MICHAEL MARTEL, Acting Warden,** | ) |
| | ) Hearing Date: None Requested |
| Respondent. | ) |
| _____ | ) **DEATH PENALTY CASE** |

### NOTICE OF MOTION

PETITIONER ERNEST DYKES, by and through the undersigned counsel of record, respectfully moves this Honorable Court for an order tolling the statute of limitations for the period while this Court was seeking counsel to represent him in this matter.  This motion is based upon the attached exhibits, all files and records in this matter, and any further information as may properly be made known to this Court.

As this motion turns exclusively on facts judicially noticeable, no hearing date or argument time is requested for this motion.  If it please the Court, however, Petitioner will appear to argue this motion at such date and time as the Court may order.

                                    Respectfully submitted,

Dated: July 27, 2012                s/Phillip A. Treviño

**MOTION FOR ORDER FINDING EQUITABLE TOLLING**
**I.**
**STATEMENT OF FACTS**

Petitioner Ernest Dykes (hereinafter "Petitioner") is under sentence of death imposed by the State of California. On June 15, 2009, the California Supreme Court affirmed Petitioner's conviction and sentence on direct appeal. People v. Dykes, 46 Cal.4th 731 (2009). A timely petition for a writ of certiorari was denied by the U.S. Supreme Court on January 11, 2010. On August 31, 2011, the California Supreme Court denied Petitioner's state petition for habeas corpus relief. (Exhibit A: docket from California Supreme Court habeas proceeding)

Seven days later, on September 7, 2011, Petitioner respectfully moved this Honorable Court for the appointment of counsel so that he could initiate a federal habeas corpus proceeding. (District Court Docket Number "DCN" 1) That same day the Court granted a stay of execution and referred the matter to the Court's Capital Selection Committee for a recommendation regarding counsel available and qualified for appointment. (DCN 3)

On November 17, 2011, not having received any response, Petitioner demonstrated his diligence by writing the Court, inquiring as to the status of his request for counsel. (DCN 4; Exhibit B) On December 1, 2011, still having heard no response, Petitioner made a renewed submission of his request of this Court for an update on the status of his request for counsel. (DCN 5; Exhibit C)[1]

---

[1] This submission was a duplicate of the prior letter received
(continued...)

On December 21, 2011, the undersigned counsel was appointed by this Court to represent Petitioner in this matter.  (DCN 6)

By the instant motion Petitioner seeks an order from this Court tolling the statute of limitations for the three and a half month period during which he was before this Court without counsel

## II.
## THE LAW

With the passage of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a new era began in capital litigation.  In the wake of AEDPA, a federal habeas petitioner is afforded one year to prepare and present a petition for a writ of habeas corpus, with said year running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. 2244(d)(1)(A).  In Petitioner's case, that started on January 11, 2010, when the U.S. Supreme Court denied his petition for a writ of certiorari.

However, 28 U.S.C. 2244(d)(2) stops the clock from running when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment is pending."  Id.  Petitioner filed a state petition for a writ of habeas corpus on July 6, 2004, and said petition was not decided until August 31, 2011, at which time the California Supreme Court

---

[1](...continued)
and filed by this Court on November 17, 2011.  However, as the envelope transmitting the second copy reveals, this copy was postmarked on November 30, 2011, and counter-signed by prison officials on November 28, 2011.  (Exhibit C) This makes clear Petitioner was actively re-presenting his request for information as to the status of his request for counsel.  This is a reflection of the fact he was diligent in his attempts to pursue his rights.

denied the petition. (Exhibit A)

Accordingly, these two statutory provisions converge and Petitioner's one year period to file a federal petition did not begin to run until September 1, 2011. Rule 6(a)(1)(A) of the Federal Rules of Civil Procedure (excluding the day of the triggering event). Absent some intervening factor, the one year period would expire on September 3, 2012.[2]

Pursuant to Holland v. Florida, 130 S.Ct. 2549 (2010), that one year statute may be equitably tolled, however, and Petitioner respectfully submits that the factual record present here justifies such a result. With such tolling, Petitioner submits the due date for his federal petition should be extended to and until December 21, 2012, which is one year from the date he had counsel appointed to represent him in this matter.

For equitable tolling to be appropriate, an "extraordinary circumstance" beyond a petitioner's control must prevent him from timely filing his petition. See Holland v. Jackson, 130 S.Ct. 2549 (2010). The delay in the appointment of counsel was clearly beyond Petitioner's control, and had a direct impact on him, since without counsel he was not capable of preparing and filing a federal habeas corpus petition before this Court.

An indigent capital habeas petitioner has a statutory right to counsel. 18 U.S.C. 3599(a)(2). This includes the right "to legal assistance in the preparation of a habeas corpus application." McFarland v. Scott, 512 U.S. 849, 856 (1994). The Supreme Court

---

[2] As September 1, 2012, falls on a Saturday, Rule 6 would operate to extend it until the following Monday, September 3, 2012.

has recognized that an attorney's assistance in preparing a capital habeas petition is crucial, due to the complex nature of capital habeas proceedings and the seriousness of the penalty. Id. at 855-856. This includes time for counsel to meaningfully research, prepare and present a petitioner's claims. Id. at 858.

Petitioner was diligent in seeking the appointment of federal counsel to prepare and present his petition, and he was diligent in seeking to draw to the Court's attention that his request for counsel had not yet been addressed.

Petitioner's state court proceedings concluded on August 31, 2011, and he requested the appointment of counsel only seven (7) days later on September 7, 2011. (DCN 1)  That same day, pursuant to the Local Habeas Rules of this Court, the Court referred the matter to the Capital Selection Committee. (DCN 2)  A delay of approaching three and a half months lapsed before the Selection Committee recommended the appointment of the undersigned counsel in this matter. It is for this period of time that Petitioner now seeks equitable tolling.

This precise type of fact pattern has been before this Court,[3] as well as other courts in this district, and before district courts elsewhere in this state, and in such instances the presiding courts have consistently found that the circumstances warranted a finding of equitable tolling for that period during which the Selection Committee was seeking counsel to accept an appointment. See e.g., Bolden v. Martel, 2011 U.S. Dist. LEXIS 140740 (N.D. Cal.

---

[3] Jablonski v. Martel, 2011 U.S. Dist. LEXIS 101714 (N.D. Cal. 9/9/11).

1  12/5/11); Hughes v. Woodford, 2003 U.S. Dist. LEXIS 26312 (N.D.
2  Cal. 12/24/03); Dickey v. Ayers, 2006 U.S. Dist. LEXIS 89170 (E.D.
3  Cal. 11/20/06); Hoyos v. Wong, 09-CV-0388-L(NLS), 2010 WL 596443
4  (S.D. Cal. 2/16/10)(equitable tolling granted where selection board
5  took 217 days to provide counsel); San Nicolas v. Ayers, 1:06-CV-
6  00942-LJO, 2007 WL 763221 at *6 (E.D. Cal. 3/9/07)(188 day delay in
7  appointing counsel); Jurado v. Wong, 08-CV-1400-JLS, 2009 WL
8  3320494 (S.D. Cal. 10/14/09)(equitable tolling granted for 327 day
9  delay in locating counsel); Smith v. Ayers, 04-CV-3436-CRB (N.D.
10 Cal. 12/16/08)(tolling for delay of 1,565 days); Stanley v. Martel,
11 No. 3-7-CV-4727-EMC, 2011 U.S. Dist. LEXIS 81212 (N.D. Cal.
12 7/26/11); Salcido v. Martel, 2011 U.S. Dist. LEXIS 143122 (N.D.
13 Cal. 12/13/11).

   Whether a circumstance qualifies as an extraordinary circumstance does not turn on how frequently it is presented. Diaz v. Kelly, 515 F.3d 149, 154 (2d Cir. 2008). Rather, the circumstance is evaluated by "how severe an obstacle it is for the petitioner endeavoring to comply with the AEDPA limitations period." Id. The size of the record in this matter, the complexity of the issues presented to and addressed by the California Supreme Court, the volume of file materials produced to the undersigned counsel by prior counsel, all contribute to why it would not be feasible, leave alone advisable, for an incarcerated condemned inmate such as Petitioner to be expected to undertake the pursuit and preparation of a federal habeas corpus petition in this capital matter.

   In Jablonski v. Martel, 2011 U.S. Dist. LEXIS 101714 (N.D.

1  Cal. 9/9/11), this Honorable Court found that a capital habeas
2  petitioner who initiated a habeas action and requested the
3  appointment of counsel "a mere nine days after the statute of
4  limitations began to run" had been pursuing his rights diligently
5  within the meaning of Holland. 2011 U.S. Dist. LEXIS 101714, *5.
6  It is respectfully urged this Honorable Court was correct to so
7  hold, and that the same analysis and conclusion are warranted here
8  were Petitioner acted even more promptly and persistently in
9  seeking the appointment of counsel.

**III.**
**CONCLUSION**

Petitioner made a prompt request for the appointment of counsel in this matter, and he demonstrated diligence by twice inquiring of this Court concerning the lapse of time during which such counsel was being located and appointed.  For reasons beyond Petitioner's control, he was not afforded counsel for a period of three and a half months, or approaching one-third of the time he is statutorily presumed entitled to for careful and proper preparation of the petition.  Respectfully, he seeks this Honorable Court's order finding the statute of limitations under AEDPA to have been equitably tolled for that period of time, and further that the operative due date for Petitioner's habeas corpus petition to be presented and filed with this Court to be December 21, 2012.

                                    Respectfully submitted,
Dated: July 27, 2012                s/Phillip A. Treviño

Page -7-