KAMALA D. HARRIS
Attorney General of California
GLENN R. PRUDEN
Supervising Deputy Attorney General
ERIC D. SHARE
Supervising Deputy Attorney General
State Bar No. 151230
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-1375
 Fax:  (415) 703-1234
 E-mail:  Eric.Share@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **ERNEST EDWARD DYKES,**<br><br>                                    Petitioner,<br><br>         v.<br><br>**KEVIN CHAPPELL, Acting Warden of San Quentin State Prison,**<br><br>                                    Respondent. | 11-CV-04454-SI<br><br>**OPPOSITION TO MOTION FOR EQUITABLE TOLLING**<br><br>**DEATH PENALTY CASE** |

## INTRODUCTION

Petitioner Ernest Dykes, sentenced to death, seeks equitable tolling of the statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, for the period from August 31, 2011, the date the California Supreme Court denied the post-conviction petition for writ of habeas corpus, until December 21, 2011, the date counsel was appointed by this Court to represent Petitioner in this matter.  Dykes is not entitled to such tolling.

## BACKGROUND

Dykes was convicted of the first degree murder of nine-year-old Lance Clark (Cal. Pen. Code, § 187, subd. (a)), the attempted murder of Lance's 70-year-old grandmother Bernice Clark

1

(Cal. Pen. Code, §§ 664, 189), and robbery (Cal. Pen. Code, § 211).  The California Supreme Court affirmed on June 15, 2009.  *People v. Dykes*, 46 Cal.4th 731 (2009).  The United States Supreme Court denied certiorari on January 11, 2010.  *Dykes v. California*, __ U.S. __ [130 S.Ct. 1088] (2010).

Dykes filed a petition for writ of habeas corpus in the California Supreme Court on July 6, 2004.  That Court denied the petition on August 31, 2011.

On September 7, 2011, Dykes requested that this Court stay his death sentence and appoint counsel to represent him in this matter.  (Docket ("Doc.") 1.)  That same day this Court stayed the sentence and referred the matter to the Court's selection board for a recommendation of counsel.  (Doc. 3.)  On November 17, 2011, Dykes sent a letter to this Court asking the status of his request for counsel.  (Doc. 4.)  On December 1, 2011, Dykes sent a second letter to the court with the same question.  (Doc. 5.)  On December 21, 2011, Philip Treviño was appointed by this Court to represent Dykes.  (Doc. 6.)

Roughly seven months later, on July 27, 2012, Mr. Treviño filed a motion asking this Court to toll AEDPA's statute of limitations "for the three and a half month period during which [Dykes] was before this Court without counsel."  (Doc. 7 at 3.)

## ARGUMENT

### I.  DYKES IS NOT ENTITLED TO EQUITABLE TOLLING

AEDPA imposed a one-year statute of limitations on the filing of federal habeas petitions.  28 U.S.C. § 2444(d).  The purpose of the statute is to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims."  *Carey v. Saffold*, 536 U.S. 214, 226 (2002).

"That year runs from the latest of four specified dates."  *Jimenez v. Quarterman*, 555 U.S. 113, 114 (2009).  Respondent believes (and Dykes does not appear to dispute) that the appropriate date applicable here is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Here, because Dykes petitioned for certiorari, the "conclusion of direct review" prong of section 2244(d)(1)(A) applies.  *Gonzalez v. Thaler*, __U.S. __ [132 S.Ct. 641, 652 (2012) ("For

2

petitioners who pursue direct review all the way to this Court, the judgment becomes final at the 'conclusion of direct review'—when this Court affirms a conviction on the merits or denies a petition for certiorari."). Again, that date was January 11, 2010.

"The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.' § 2244(d)(2)." *Day v. McDonough*, 547 U.S. 198, 201 (2006). Thus, because Dykes's habeas petition was still pending in the California Supreme Court on finality of direct review, the statute of limitations was immediately stopped. Statutory tolling ceased—and the statute of limitations clock started—when the California Supreme Court denied the habeas petition on August 31, 2011.[1]

Dykes contends that he is entitled to statutory tolling for the time between August 31, 2011, and the date counsel was appointed on December 21, 2011. Although "a strong equitable claim" can toll the statute of limitations provided in AEDPA, *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), Dykes does not have such a claim.

Equitable tolling is available "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562. Dykes reasons the limitation period should be equitably tolled because the failure of the Northern District Selection Board to locate qualified counsel denied him his statutory right to counsel thereby constituting an extraordinary circumstance that prevented timely filing. (Doc. 7 at 18-21.) But *Holland* does not require an extraordinary circumstance untethered to the purpose of equitable tolling. It requires an extraordinary circumstance that "prevented timely filing." *Holland*, 130 S.Ct. at 2562. That circumstance is not present.

Dykes would read *Holland* as providing for tolling if an extraordinary circumstance prevented timely filing of a *counsel-prepared* petition in a death penalty case. But *Holland* does not say that. Moreover, such an interpretation is inconsistent with the language Congress used in

---

[1] Dykes did not file a petition for certiorari from this denial, but the opportunity to do so did not continue to toll the statute of limitations *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("the text of the statute must mean the statute of limitations is tolled only while state courts review the application").

section 2244(d)(1), which provides, "A 1-year period of limitation shall apply to *an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.*" (Italics added.) Congress referred to "an application for a writ of habeas corpus" simpliciter. Had Congress thought it essential to prescribe special deadlines in death penalty cases that accommodated the varying frequencies at which counsel appointments might be made, it would have done so in the statute it wrote. *Holland*, 130 S.Ct. at 2562 (noting how Congress's awareness of the exhaustion requirement created a "special need for an express provision" that "explaine[d] how the limitations statute accounts for the time during which [state collateral proceedings remain] pending"). Equity operates "on a case-by-case basis," *Holland*, 130 S.Ct. at 2563, within the existing "body of statutes, rules, and procedures," *Lonchar v. Thomas*, 517 U.S. 314, 323 (1996). Equity should not create a universal rule to cover a circumstance—the absence of appointed counsel—that Congress easily could have addressed in the statute of limitations had it deemed that course appropriate.

Indeed, Dykes's proposal would invert the relationship between tolling and extraordinary circumstances. The Supreme Court has limited tolling to extraordinary circumstances that prevented filing. Under Dykes's approach, the norm would be tolling for death penalty defendants who could file a federal petition. It would take an extraordinary circumstance—the appointment of counsel before the completion of the state court review—for there *not* to be tolling.

Dykes asserts that "without counsel he was not capable of preparing and filing a federal habeas corpus petition before this Court." Doc. 7 at 19-21. Such is not the case. Given that a federal habeas petitioner can potentially obtain relief only on claims presented to the state court, 28 U.S.C. § 2254(b); *Duncan v. Henry*, 513 U.S. 364, 365 (1995), the task of the federal habeas petitioner seeking to overturn his conviction or death sentence is straightforward—complete the form petition provided by the Clerk of this Court and include the claims already presented in state court. Doing so may require nothing more than photocopying the appellate opening brief and the habeas petition filed in the California Supreme Court. Counsel is not required for that task. Indeed, inmates in noncapital cases perform that task routinely. Of course, such a petition may be

4

overinclusive because it may include purely state law claims, but it cannot be underinclusive because relief cannot be had on unexhausted claims.

Contrary to Dykes's assertion, *McFarland v. Scott*, 512 U.S. 849 (1994), does not compel a different conclusion, notwithstanding the various decisions of district courts granting equitable tolling. *See* Doc. 7 at 5:25-6:13, citing cases. Dykes, citing *McFarland*, states: "An indigent capital habeas petitioner has a statutory right to counsel. 18 U.S.C. 3599(a)(2). This includes the right 'to legal assistance in the preparation of a habeas corpus application.'" Doc. 7 at 22-25, quoting *McFarland*, 512 U.S. at 856. On its face, the passage speaks to the right to counsel, not to the statute of limitations and not to equitable tolling. *Holland* speaks to equitable tolling, and it requires that an extraordinary circumstance have prevented the timely filing of an application. As a general matter, the absence of appointed counsel does not prevent timely filing; as noted, uncounseled noncapital defendants routinely file petitions.

Any suggestion that the right to counsel would be meaningless if this Court does not equitably toll the statute of limitations would be inaccurate. Counsel, even if appointed after the expiration of the statute of limitations, can investigate, can amend the petition (either by adding new claims, to the extent allowed by the relation-back doctrine, or presenting the existing claims more favorably), and can file the traverse.

Dykes cites this Court's opinion in *Jablonski v. Martel*, No. 3-7-CV-3302 SI, 2011 U.S. Dist. LEXIS 101714 (N.D. Cal. Sept. 9, 2011), to support his request for equitable tolling. To the extent *Jablonski* can be read to require equitable tolling for any period during which a capital habeas petitioner is without appointed counsel, we respectfully disagree with the decision for the reasons stated above.

Moreover, *Jablonski* is distinguishable. In *Jablonski*, the defendant asked this Court for appointed counsel on June 22, 2007, but this Court was unable to appoint counsel until May 6, 2011, nearly four years later—and well after AEDPA's one-year statute of limitations had expired. *Jablonski*, 2011 U.S. Dis. LEXIS at *1-*2. This Court stated:

> "when a condemned prisoner has requested counsel and counsel is not appointed until *after* the deadline for filing a timely petition has passed, the lack of counsel is an extraordinary circumstance that stands in the prisoner's way and prevents the timely

5

filing of a petition that has been prepared with the assistance of counsel, which is the petition that the prisoner has a right to file. (Citations.)"

*Jablonski*, 2011 U.S. Dis. LEXIS at *4-*5, italics added.  Here, unlike in *Jablonski*, this Court appointed counsel *before* the deadline for filing a timely petition had expired, i.e., approximately three and a half months after the request for counsel was made.  Thus, appointed counsel has eight and a half months from the time of his appointment in which to file a timely petition.  Dykes has made no effort to explain why this period is inadequate.  In effect, Dykes asks this Court to impose a categorical rule that the statute of limitations is tolled in *all* cases until the date this Court appoints counsel, and that *appointed counsel*—not petitioner—has one year to file a petition.  Nothing in AEDPA or Supreme Court jurisprudence supports such a rule.  *See Holland*, 130 S.Ct. at 2562-2563 (equitable tolling is available only for "extraordinary circumstances, and equity operates on a "'case by case basis'").[2]

## CONCLUSION

That counsel was not appointed until some months after Dykes's request does not prevent him from filing a timely petition in this Court.  He is not entitled to equitable tolling.

Dated:  August 7, 2012

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
GLENN R. PRUDEN
Supervising Deputy Attorney General

/s/ Eric D. Share

ERIC D. SHARE
Supervising Deputy Attorney General
*Attorneys for Respondent*

SF2011202695
20629618.doc

---

[2] For similar reasons, it appears that Dykes's motion is not ripe for adjudication.  Dykes does not assert that he did not file his petition within the statutory allotted time, or that he cannot do so.  Rather, he simply asks for more time to do so.  To that extent, Dykes's motion is akin to a standard request for an extension of time—something not provided for in AEDPA.  Especailly because there has been no showing of an inability to comply with AEDPA, equitable tolling is not warranted.

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:  **Ernest Edward Dykes v. Kevin Chappell, Acting Warden of San Quentin State Prison**

No.:  **11-CV-04454-SI**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On August 7, 2012, I served the attached **OPPOSITION TO MOTION FOR EQUITABLE TOLLING** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

California Appellate Project
Federal Court Docketing
101 Second Street, Suite 600
San Francisco, CA 94105-3647

Habeas Corpus Resource Center
303 Second Street, Suite 400
South Tower
San Francisco, CA 94107

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 7, 2012, at San Francisco, California.

| J. Wong | *J. Wong* (signature) |
|---|---|
| Declarant | Signature |

SF2011202695
20630531.doc