**PHILLIP A. TREVIÑO** [SBN 121119]
ptrevino@samben.us
137 N. Larchmont Blvd., #801
Los Angeles, California 90004
Telephone: (213) 949-8000

Attorney for Petitioner
ERNEST DYKES

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ERNEST DYKES**, | Case No. 11-CV-04454-SI |
| Petitioner, | PETITIONER'S REPLY TO OPPOSITION TO MOTION FOR EQUITABLE TOLLING |
| v. | |
| **MICHAEL MARTEL, Acting Warden,** | Hearing Date: None Requested |
| Respondent. | **DEATH PENALTY CASE** |

**REPLY TO OPPOSITION TO MOTION
FOR EQUITABLE TOLLING**

PETITIONER ERNEST DYKES hereby respectfully replies to Respondent's Opposition to Petitioner's Motion for Equitable Tolling.

Petitioner stands in all respects on his opening motion, and offers this reply solely to address certain aspects of Respondent's Opposition thereto. Any failure to renew points raised in the motion is not intended as a withdrawal of same, but rather simply deference to and continued reliance upon the initial presentation in the interests of brevity.

                                        Respectfully submitted,

Dated: August 17, 2012       s/Phillip A. Treviño

**PETITIONER'S REPLY TO RESPONDENT'S OPPOSITION TO
PETITIONER'S MOTION FOR EQUITABLE TOLLING**

A few points now appear clear.

First, it seems the parties tend to agree as to the relevant and governing case law, they simply seem to differ in their understanding of the import of the relevant decisions.  Notably, this includes Respondent's disapproval of this Court's own decision in <u>Jablonski v. Martel</u>, No. 3-7-CV-3302 SI, 2011 U.S. Dist. LEXIS 101714 (N.D. Cal. Sept. 9, 2011).

Second, although Respondent does not like the result in <u>Jablonski</u> or the various other decisions emanating from the courts of this District regarding similar requests for equitable tolling, Respondent provides this Court no authority that invalidates those prior decisions.

Third, Respondent does not quarrel with the premise that Petitioner was diligent in seeking to have counsel appointed to assist him in this matter.  Indeed, no such argument could credibly be presented, given the promptness with which Petitioner addressed this Court, and with which he renewed his request for counsel after months during which he had no answer.

Perhaps of greatest moment Respondent makes no allegation or argument that he will somehow be prejudiced by the relief Petitioner seeks.  Yet the prejudice to Petitioner could be severe if counsel is not afforded adequate time to fully review and prepare this federal capital petition.  And counsel did not present the motion for relief at the outset of this matter precisely so that it would not be a pro forma or "routine" request.

1  Counsel has been of record now since December, and is informed and
2  responsibly able to sign these pleadings requesting this relief as
3  appropriate and necessary for the proper representation of
4  Petitioner.
5     Respondent's contention that any request for this relief is
6  premature until Petitioner shows an inability to complete the
7  petition in less than the statutorily allocated one year period is
8  particularly troublesome.  Taken to its logical conclusion, this
9  suggests Respondent believes that anytime willing counsel cannot
10 promptly be located for an appointment, rather than equitably toll
11 the clock so as not to prejudice the condemned inmate, this and
12 other district courts should be put in the impracticable and
13 undesirable position of having to assess each and every capital
14 habeas proceeding to determine precisely how much time counsel will
15 be allowed to review the record, investigate, and research and
16 prepare the petition.  In other words, Respondent implicitly seems
17 to suggest a scenario where the easily calculable one year that
18 Congress enacted is replaced by a detailed judicial evaluation of
19 each case for a decision as to precisely how much time counsel will
20 be afford to perform his or her work.
21    There are many reasons this is an undesirable approach.  The
22 potential for a huge consumption of court time, waste of CJA
23 resources, the potential for time-consuming appellate challenges
24 and other ancillary unnecessary litigation, all readily illustrate
25 precisely how ill-advised such a path would be.  There is another
26 equally significant problem: as the fact patterns detailed in the
27 equitable tolling decisions from this Court show, there can already
28

be substantial delays in locating counsel willing to accept an appointment.  If prospective counsel are faced with accepting a appointment in a capital matter in which it is not even clear counsel will be afforded a year to prepare the petition, the number of counsel willing to accept such appointments is likely to drop dramatically.  It is no secret these matters are among the most serious and demanding, and qualified counsel should be encouraged to step forward, not presented with strong reasons to avoid doing so.  Respondent does not address, or even seem to contemplate, how such a result would likely ultimately work a far greater delay in the resolution of a multitude of these matters than the modest equitable tolling Petitioner seeks.

Congress set a clear and easy line when it allowed a calendar year for the preparation of a federal capital habeas petition; the Supreme Court has acknowledged the important role counsel has to play during that time period; and this Court and its companion courts in this District and Circuit have recognized this and held equitable tolling is appropriate in such circumstances.

It is respectfully urged this Court grant the requested relief.

Respectfully submitted,

Dated: August 17, 2012          s/Phillip A. Treviño