UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Ernest DYKES,<br><br>                Petitioner,<br><br>     v.<br><br>Kevin CHAPPELL,[1]<br>Acting Warden of San Quentin State Prison,<br><br>                Respondent. | Case Number 3-11-cv-4454-SI<br><br>DEATH-PENALTY CASE<br><br>ORDER GRANTING PETITIONER'S MOTION FOR EQUITABLE TOLLING<br><br>[Doc. No. 7] |

       Petitioner is a condemned inmate at San Quentin State Prison. He initiated the present capital habeas action on September 7, 2011, when he asked the Court to appoint counsel and to stay his execution pending the completion of this action. (Doc. No. 1.) That same day, the Court granted Petitioner's requests and referred the matter to the Court's Selection Board for the recommendation of counsel to represent him. (Doc. No. 3.) However, the Court was unable to appoint counsel until December 21, 2011. (Doc. No. 6.)

       A one-year statute of limitations applies to federal habeas petitions filed by state prisoners. 28 U.S.C. 2244(d) § (2012). The parties agree that the limitation period for Petitioner began to run when the Supreme Court of California denied Petitioner's initial state habeas petition. (Doc. No.

---

[1] Kevin Chappell is automatically substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

7 at 3–4; Doc. No. 10 at 3.) This occurred on August 31, 2011; accordingly, absent equitable tolling, the limitation period will expire on August 31, 2012.[2]

Petitioner's Motion for Equitable Tolling is pending. (Doc. No. 7; *see also* Doc. No. 11.) Petitioner seeks equitable tolling until the date of counsel's appointment so that his counsel may have one year to prepare a finalized petition.[3] Respondent opposes Petitioner's Motion. (Doc. No. 10.)

The Supreme Court of the United States has held that "the timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 560 U.S. ___, 130 S. Ct. 2549, 2554 (2010). A federal habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted).

The present Petitioner has pursued his rights diligently. He initiated the present action and invoked his right to counsel a mere seven days after the statute of limitations began to run.[4] *See, e.g.*, *Hoyos v. Wong*, No. 3-9-cv-388-L-NLS, 2010 WL 596443, at *5 (S.D. Cal. Feb. 16, 2010); *Pollock v. Martel*, No. 4-5-cv-1870-SBA, 2012 WL 174821, at *2 (N.D. Cal. Jan. 20, 2012).

An indigent capital habeas petitioner has a statutory right to counsel. 18 U.S.C. § 3599(a)(2) (2012). "[T]he right to appointed counsel includes a right to legal assistance in the preparation of a habeas corpus application." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An attorney's assistance in preparing a capital habeas petition is crucial owing to the complex nature of capital habeas proceedings and the seriousness of the death penalty. *Id.* at 855–56. In particular, "the right to counsel necessarily includes a right for that counsel meaningfully to research and present a

---

[2] Petitioner mistakenly uses the dates September 1, 2011, and September 3, 2012. (*See* Doc. No. 7 at 4.)

[3] In capital habeas actions, "[t]he term 'finalized petition' shall refer to the petition filed by retained or appointed counsel. . . ." Habeas L.R. 2254-28(a).

[4] Petitioner would have been on firmer ground if he had initiated federal proceedings while his state appeal was pending, as the Court might have found Petitioner to have been dilatory if his entire state habeas petition had been deemed untimely. *Cf. Chatman v. Chappell*, No. 3-7-cv-640-WHA, 2012 WL 2916538, at *1 (N.D. Cal. July 17, 2012).

defendant's habeas claims."[5] *Id.* at 858. Accordingly,

> a capital habeas petitioner is generally entitled to equitable tolling during the time that a court is seeking counsel to represent the petitioner because the lack of appointed counsel is an extraordinary circumstance that often makes it impossible for a petitioner to file an otherwise timely petition that has been prepared with the assistance of counsel.

*Stanley v. Martel*, No. 3-7-cv-4727-EMC, slip op. at 2 (N.D. Cal. July 26, 2011) (Order Granting in Part & Den. in Part 2d Mot. for Equitable Tolling) (internal quotation marks and citation omitted); *see also, e.g.*, *Jablonski v. Martel*, No. 3-7-cv-3302-SI, slip op. at 2–3 (N.D. Cal. Sept. 9, 2011) (Order Granting Motion for Equitable Tolling); *San Nicolas v. Ayers*, No. 1-6-cv-942-LJO, 2007 WL 763221, at *6 (E.D. Cal. Mar. 9, 2007). Indeed, it is frequently the case that, were a court to hold otherwise, "a capital habeas petitioner's right to counsel would be thoroughly eviscerated." *Smith v. Ayers*, No. 3-4-cv-3436-CRB, slip op. at 3 (N.D. Cal. Jan. 8, 2009).

However, this general principle does not mean that a grant of equitable tolling is automatic in capital habeas actions in which counsel is not promptly appointed, for "often the exercise of the court's equity powers must be made on a case-by-case basis." *Holland*, 130 S. Ct. at 2554. When deciding whether equitable tolling is appropriate in a particular action, courts consider the particularities of the action, such as its complexity and the petitioner's diligence, in addition to the general right to counsel. For example, in *Smith*, the court granted equitable tolling in consideration of the complexity of the matter in conjunction with the capital habeas petitioner's right to counsel. Slip op. at 2.

A review of the present matter demonstrates that it has an extremely voluminous record and is extraordinarily complex. Considering the size and complexity of the record along with Petitioner's right to the assistance of counsel in preparing a petition, the Court finds that Petitioner

---

[5] Respondent asserts that "[c]ounsel is not required" to prepare a capital habeas petition because "[d]oing so may require nothing more than photocopying." (Doc. No. 10 at 4.) The case Respondent cites, *Duncan v. Henry*, 513 U.S. 364 (1995), merely held that a habeas petitioner did not exhaust a claim where the petitioner did not inform the state courts that he was asserting a violation of the United States Constitution. There is, in fact, no support for Respondent's contention, which is directly contrary to *McFarland*, 512 U.S. at 855–59. Respondent's discussion of noncapital habeas petitioners is inapposite, as they do not have a right to counsel to prepare their petitions.

1  will require at least a year from counsel's appointment to prepare and to file a finalized petition,
2  which is the petition that he is statutorily entitled to file.  The Court accordingly concludes that the
3  prolonged lack of appointed counsel stands in Petitioner's way and prevents the timely filing of a
4  finalized petition.

5       In short, Petitioner has been pursuing his rights diligently, and the significant delay in
6  appointing counsel stands in Petitioner's way and prevents timely filing of a finalized petition.
7  Petitioner is therefore entitled to equitable tolling of the statute of limitations.

8       Accordingly, the Court grants Petitioner's Motion for Equitable Tolling, (Doc. No. 7).
9  Unless he is able to demonstrate a need for additional equitable tolling, *cf. Hughes v. Brown*, No.
10 3-3-cv-2666-JSW (N.D. Cal. June 23, 2004) (Order Granting Pet'r's 2d Appl. for Equitable Tolling),
11 Petitioner shall file his finalized petition on or before December 21, 2012.

13      IT IS SO ORDERED.

15 DATED: August 28, 2012

                                        SUSAN ILLSTON
                                        United States District Judge