

# State of California
### OFFICE OF THE SECRETARY OF STATE

I, *MARCH FONG EU*, Secretary of State of the State of California, hereby certify:

That the annexed transcript has been compared with the record on file in this office, of which it purports to be a copy, and that same is full, true and correct.

*IN WITNESS WHEREOF*, I execute this certificate and affix the Great Seal of the State of California this

1st day of December, 1993



*March Fong Eu*

*Secretary of State*

SEC/STATE FORM CE-107

24A6AO000020006

# 7. Murder. Penalty—Initiative Statute

## Argument in Favor of Proposition 7

CHARLES MANSON, SIRHAN SIRHAN, THE ZODIAC KILLER, THE SKID-ROW SLASHER, THE HILLSIDE STRANGLER.

These infamous names have become far too familiar to every Californian. They represent only a small portion of the deadly plague of violent crime which terrorizes law-abiding citizens.

Since 1972, the people have been demanding a tough, effective death penalty law to protect our families from ruthless killers. But, every effort to enact such a law has been thwarted by powerful anti-death penalty politicians in the State Legislature.

In August of 1977, when the public outcry for a capital punishment law became too loud to ignore, the anti-death penalty politicians used their influence to make sure that the death penalty law passed by the State Legislature was as weak and ineffective as possible.

That is why 470,000 concerned citizens signed petitions to give you the opportunity to vote on this new, tough death penalty law.

Even if the President of the United States were assassinated in California, his killer would not receive the death penalty in some circumstances. Why? Because the Legislature's weak death penalty law does not apply. Proposition 7 would.

If Charles Manson were to order his family of drug-crazed killers to slaughter your family, Manson would not receive the death penalty. Why? Because the Legislature's death penalty law does not apply to the master mind of a murder such as Manson. Proposition 7 would.

And, if you were to be killed on your way home tonight simply because the murderer was high on dope and wanted the thrill, that criminal would not receive the death penalty. Why? Because the Legislature's weak death penalty law does not apply to every murderer. Proposition 7 would.

Proposition 7 would also apply to the killer of a judge, a prosecutor, or a fireman. It would apply to a killer who murders a citizen in cold blood because of his race or religion or nationality. And, it would apply to all situations which are covered by our current death penalty law.

In short, your YES vote on Proposition 7 will give every Californian the protection of the nation's toughest, most effective death penalty law.

A long and distinguished list of judges and law enforcement officials have agreed that Proposition 7 will provide them with a powerful weapon of deterrence in their war on violent crime.

Your YES vote on Proposition 7 will help law enforcement officials to stop violent crime—NOW.

JOHN V. BRIGGS
*Senator, State of California*
*35th District*

DONALD H. HELLER
*Attorney at Law*
*Former Federal Prosecutor*

DUANE LOWE
*President, California Sheriffs' Association*
*Sheriff of Sacramento County*

## Rebuttal to Argument in Favor of Proposition 7

The argument for Proposition 7 is strictly false advertising.

- It would not affect the Charles Manson and Sirhan Sirhan cases. They were sentenced under an old law, thrown out by the courts because it was improperly written.
- As for the "zodiac killer", "hillside strangler" and "skid-row slasher", *they were never caught*. Even the nation's "toughest" death penalty law cannot substitute for the law enforcement work necessary to apprehend suspects still on the loose.

But you already know that.

Regardless of the proponents' claim, no death penalty law—neither Proposition 7 nor the current California law—can guarantee the *automatic* execution of all convicted murderers, let alone suspects not yet apprehended.

California has a strong death penalty law. Two-thirds of the Legislature approved it in August, 1977, after months of careful drafting and persuasive lobbying by law enforcement officials and other death penalty advocates.

The present law is *not* "weak and ineffective" as claimed by Proposition 7 proponents. It applies to murder cases like the ones cited.

Whether or not you believe that a death penalty law is necessary to our system of justice, you should vote NO on Proposition 7. It is so confusing that the courts may well throw it out. Your vote on the murder penalty initiative will not be a vote on the death penalty; it will be a vote on a carelessly drafted, dangerously vague and possibly invalid statute.

Don't be fooled by false advertising. READ Proposition 7. VOTE NO.

MAXINE SINGER
*President, California Probation, Parole and Correctional Association*

NATHANIEL S. COLLEY
*Board Member, National Association for the Advancement of Colored People*

JOHN PAIRMAN BROWN
*Board Member, California Church Council*

Arguments printed on this page are the opinions of the authors and have not been checked for accuracy by any official agency.

24A6AO000020007



## Argument Against Proposition 7

DON'T BE FOOLED BY FALSE ADVERTISING. The question you are voting on is NOT whether California should have the death penalty. California ALREADY has the death penalty.

The question is NOT whether California should have a tough, effective death penalty. California ALREADY has the death penalty for more different kinds of crimes than any other State in the country.

The question you are voting on is whether to repeal California's present death-penalty law and replace it with a new one. Don't be fooled by false advertising. If somebody tried to sell you a new car, you'd compare it with your present automobile before paying a higher price for a worse machine.

Whether or not you agree with California's present law, it was written carefully by people who believed in the death penalty and wanted to see it used effectively. It was supported by law enforcement officials familiar with criminal law.

The new law proposed by Proposition 7 is written carelessly and creates problems instead of solving them. For example, it does not even say what happens to people charged with murder under the present law if the new one goes into effect.

As another example, it first says that "aggravating circumstances" must outweigh "mitigating circumstances" to support a death sentence. Then it says that "mitigating circumstances" must outweigh "aggravating circumstances" to support a life sentence. This leaves the burden of proof unclear. As a result, court processes would become even more complicated.

Proposition 7 does allow the death penalty in more cases than present law. But what cases?

Under Proposition 7, a man or woman could be sentenced to die for lending another person a screwdriver to use in a burglary, if the other person accidentally killed someone during the burglary. Even if the man or woman was not present during the burglary, had no intention that anyone be killed or hurt, in fact urged the burglar not to take a weapon along, they could still be sentenced to die.

This is the kind of law that wastes taxpayers' money by putting counties to the expense of capital trials in many cases where the death penalty is completely inappropriate. To add to the waste, Proposition 7 requires two or more jury trials in some cases where present law requires only one.

Don't let yourself be fooled by claims that Proposition 7 will give California a more effective penalty for murder. It won't. DON'T BE FOOLED BY FALSE ADVERTISING. Vote NO on Proposition 7.

**MAXINE SINGER**
*President, California Probation, Parole and Correctional Association*

**NATHANIEL S. COLLEY**
*Board Member, National Association for the Advancement of Colored People*

**JOHN PAIRMAN BROWN**
*Board Member, California Church Council*

## Rebuttal to Argument Against Proposition 7

ALRIGHT, LET'S TALK ABOUT FALSE ADVERTISING.

The opposition maintains if someone were to lend a screwdriver to his neighbor and the neighbor used it to commit a murder, the poor lender could get the death penalty, even though "he had NO INTENTION that anyone be killed."

Please turn back and read Section 6b of the Proposition 7. It says that the person must have INTENTIONALLY aided in the commission of a murder to be subject to the death penalty under this initiative.

They say that Proposition 7 doesn't specify what happens to those who have been charged with murder under the old law. Any first-year law student could have told them Proposition 7 will not be applied retroactively. Anyone arrested under an *old* law will be tried and sentenced under the *old* law.

The opposition can't understand why we included the aggravating vs. mitigating circumstances provision in Proposition 7. Well, that same first-year law student could have told them this provision is required by the U.S. Supreme Court. The old law does not meet this requirement and might be declared unconstitutional, leaving us with no death penalty at all!

If we are to turn back the rising tide of violent crime that threatens each and every one of us, we must act NOW.

This citizen's initiative will give your family the protection of the strongest, most effective death penalty law in the nation.

**JOHN V. BRIGGS**
*Senator, State of California 35th District*

**DONALD H. HELLER**
*Attorney at Law Former Federal Prosecutor*

**DUANE LOWE**
*President, California Sheriffs' Association Sheriff of Sacramento County*

---

Arguments printed on this page are the opinions of the authors and have not been checked for accuracy by any official agency.