**PHILLIP A. TREVIÑO** [SBN 121119]
137 N. Larchmont Blvd., #801
Los Angeles, California 90004
Telephone: (213) 949-8000

Attorney for Petitioner
ERNEST DYKES

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ERNEST DYKES,**<br><br>Petitioner,<br><br>v.<br><br>**KEVIN CHAPPELL, Warden,**<br><br>Respondent. | **Case No. 11-CV-04454-SI**<br><br>MOTION FOR JUDICIAL NOTICE UNDER RULE 201 OF THE FEDERAL RULES OF EVIDENCE; EXHIBITS<br><br>**DEATH PENALTY CASE** |

Petitioner hereby moves this Honorable Court to take judicial notice of the proceedings heard in the U.S. District Court for the Central District of California, Jones v. Chappell, CV 09-2158-CJC. Petitioner asks this Court to take judicial notice of the entire course of those proceedings, but in particular he asks this Court to take notice of the exhibits submitted herewith:

Exhibit A - Docket from Jones v. Chappell, CV 09-2158-CJC U.S. District Court, Central District of CA

Exhibit B - Petitioner's Opening Brief on Claim 27

Exhibit C - Exhibits in Support of Claim 27, Vol. 1

Exhibit D - Exhibits in Support of Claim 27, Vol. 2

Exhibit E - Exhibits in Support of Claim 27, Vol. 3

Exhibit F - Order, conveying chart of 496 condemned inmates sentenced to death in California between 1978 and 1997

Exhibit G - Chart, distributed by court with Exhibit F

Exhibit H - Declaration of Michael Laurence re corrected data

Exhibit I - Corrected Data

Exhibit J - Order declaring California's Death Penalty System Unconstitutional

Petitioner brings this motion for judicial notice in conjunction with his contemporaneously filed motions for leave to amend his pending petition for a writ of habeas corpus as well as his motion to have this matter held in abeyance or bifurcated pending a final decision in Jones v. Chappell on the constitutionality of California's death penalty system.

This motion is based upon the attached memorandum of points and authorities, and such further evidence or argument as may properly be brought to this Honorable Court's attention.

Respectfully submitted,

Dated: September 26, 2014

s/Phillip A. Treviño
Attorney at Law
Counsel for Petitioner

**MEMORANDUM OF POINTS AND AUTHORITIES**
**I.**
**STATEMENT OF FACTS**

Petitioner is under sentence of death in the State of California for crimes that he committed in July, 1993. He was sentenced to death by the Superior Court for Alameda County on December 22, 1995. (RT 4091)

That same year Ernest Jones was also condemned to death in the State of California. (Exhibit J, p.1)

Petitioner waited approximately four and a half (4.5) years, until April 6, 2000, for the State to appoint counsel to represent him in his direct appeal. Then, on June 15, 2009, almost fourteen (14) years after he was sentenced to death, the California Supreme Court affirmed Petitioner's conviction. People v. Dykes, 46 Cal.4th 731 (Cal. 2009). Certiorari was denied by the U.S. Supreme Court on January 11, 2010. Petitioner accordingly spent over fourteen (14) years litigating his direct appeal before the California Supreme Court, the high-end of the average 12 to 14 years most individuals on California's death row spend. Exhibit J, p. 14.

Petitioner had habeas counsel appointed on December 8, 2000, four and a half (4.5) years after he was sentenced to death and while he was litigating his direct appeal. His habeas counsel in state court filed a state habeas petition on July 6, 2004. Over seven (7) years later, on August 31, 2011, the California Supreme Court ruled on and denied in full that petition. No hearing was held in that proceeding, and no briefing was provided to the California Supreme Court in that proceeding beyond informal

briefing.

Petitioner had federal habeas counsel appointed in December, 2010, and one year later filed his petition for a writ of habeas corpus in this Court on December 21, 2011. Therein he included a claim that "California's death penalty scheme is fundamentally flawed in numerous respects, both on its face and as applied to Petitioner." (Petition, ¶¶ 112-201) Within that claim, Petitioner further alleged that "Imposition of the death penalty in California is today a violation of the federal constitution's prohibition against cruel and unusual punishment." (¶¶ 193- 201)

In Jones v. Chappell, the U.S. District Court, Judge Cormac J. Carney, presiding, noted that Jones had also been sentenced to death in 1995, had direct appeal counsel appointed four (4) years later, and had spent in total about eight (8) years litigating his direct appeal before the California Supreme Court. (Exhibit J, at 14) This contrasts with the fourteen (14) years it took for Petitioner's conviction to become final.

Jones's state habeas counsel was not appointed until five (5) years after he was sentenced to death, and his state habeas counsel continues to represent him in federal court. (Id.) This is another contrasting point with Petitioner's case: Petitioner's state habeas counsel did not continue to handle the matter into federal court, so that Petitioner's federal counsel was required to familiarize himself with the entire course of the prior proceedings and prepare and file the federal petition more rapidly than any of the prior counsel had done in this matter.

## II.
## THE LAW

Rule 201 of the Federal Rules of Evidence provides, in pertinent part, as follows:

> A judicially noticed fact must be one that is not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Fed.R.Evid. 201(b).

Under Rule 201, a court may take judicial notice of “court filings” and "matters of public record." Rey’n Pasta Bella LLC v. Visa USA, Inc., 442 F.3d 741, 746 (9th Cir. 2006); Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998); Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986).

The records at issue herein are judicial records, and accordingly may properly be the subject of judicial notice.

## III.
## CONCLUSION

Contemporaneous with this motion, Petitioner seeks to amend his petition to allege specifically that the California death penalty system is constitutionally flawed for the numerous and detailed reasons articulated by U.S. District Judge Carney in Jones v. Chappell, Exhibit J, and in support thereof Petitioner seeks to

incorporate the evidence and findings presented in the accompanying exhibits.

Accordingly he asks this Honorable Court to take judicial notice of the attached exhibits.

Respectfully submitted,

Dated: September 26, 2014 s/Phillip A. Treviño