Michael Laurence (Bar No. 121854)
Cliona Plunkett (Bar No. 256648)
HABEAS CORPUS RESOURCE CENTER
303 Second Street, Suite 400 South
San Francisco, California 94107
Telephone: (415) 348-3800
Facsimile: (415) 348-3873
E-mail: MLaurence@hcrc.ca.gov
docketing@hcrc.ca.gov

Attorneys for Petitioner Ernest DeWayne Jones

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST DEWAYNE JONES,<br><br>      Petitioner,<br><br>V.<br><br>KEVIN CHAPPELL, Warden of California State Prison at San Quentin,<br><br>      Respondent. | Case No. CV-09-2158-CJC<br><br>**DEATH PENALTY CASE**<br><br>**SUPPLEMENTAL DECLARATION OF MICHAEL LAURENCE IN SUPPORT OF CLAIM 27**<br><br>Date: July 16, 2014<br>Time: 9:00 a.m.<br>Courtroom: 9B |

# SUPPLEMENTAL DECLARATION OF MICHAEL LAURENCE IN SUPPORT OF CLAIM 27

I, Michael Laurence, declare as follows:

1. I am an attorney at law admitted to practice by the State of California and before this Court. I am the Executive Director of the Habeas Corpus Resource Center (HCRC). On April 14, 2009, this Court appointed the HCRC to represent Mr. Jones in his federal habeas corpus proceedings. I am assigned as lead counsel in these proceedings.

2. On June 9, 2014, I executed a declaration that was filed in support of Petitioner's Opening Brief on Claim 27. This supplemental declaration is submitted to clarify and correct some of the information contained in that declaration. In addition, the data supporting the conclusions made in the June 9, 2014 declaration, as corrected herein, are filed contemporaneously with this supplemental declaration.

3. In paragraph 7 of the June 9, 2014 declaration, I stated: "There currently are 70 condemned prisoners without counsel for the automatic appeal in California." Correction of that statement is necessary because of a typographical error in the number of condemned prisoners without counsel for their automatic appeal. My declaration should have stated: "There currently are 71 condemned prisoners without counsel for the automatic appeal in California."

4. In paragraph 8 of the June 9, 2014 declaration, I stated: "On average, the 77 inmates whose direct appeals are concluded and who lack habeas corpus counsel have waited 15.81 years after their sentencing; 160 inmates have been without a habeas corpus attorney for more than ten

Case 2:09-cv-02158-CJC Document 116 Filed 07/14/14 Page 3 of 6
Case 3:21-cv-04454-SI Document 28-12 Filed 09/26/14 Page 3 of 6 Page ID #:4980

Declaration of Michael Laurence
Page 2 of 4

years, and one lacks counsel despite being sentenced in 1992." Correction of that statement is necessary because of errors in the numbers of inmates and the time they have waited for counsel. My declaration should have stated: "On average, the 76 inmates whose direct appeals are concluded and who lack habeas corpus counsel have waited 15.78 years after their sentencing; 159 inmates have been without a habeas corpus attorney for more than ten years, and one (Morris Solomon, Jr.) lacks counsel despite being sentenced in 1992."

5. In paragraph 9 of the June 9, 2014 declaration, I stated: "Between January 1, 2009 and December 31, 2013, the state has averaged 22 death judgments per year, while over the same time period, there has been an average of 10 annual appointments to represent death-row inmates in their habeas corpus proceedings." Clarification of that statement is necessary because the appointment data used was organized by California's fiscal year, which runs from July 1 to June 30. My declaration should have stated: "Between January 1, 2009, and December 31, 2013, the state has averaged 22.8 death judgments per year, while over the same time period, there has been an average of 9.4 annual appointments to represent death-row inmates in their habeas corpus proceedings."

6. In paragraph 13 of the June 9, 2014 declaration, I stated: "The California Supreme Court currently has 176 pending capital habeas cases. Thus number excludes initial petitions that the California Supreme Court permits to be filed to toll the federal statute of limitation period while the court locates counsel willing to accept an appointment, counsel files an amended petition within the court's timeliness policies, and the

Case 2:05-cv-02158-CJC Document 116 Filed 07/14/14 Page 4 of 6 Page ID #:4981
Case 3:21-cv-04454-SI Document 28-12 Filed 09/26/14 Page 4 of 6

Declaration of Michael Laurence
Page 3 of 4

court resolves the amended petition in accordance with *In re Morgan*, 50 Cal. 4th 932, 237 P.3d 993 (2010). The average pending time of these 176 cases is 4.07 years. Of the 176 cases, 107 have been fully briefed awaiting decision for an average of 4.16 years (or 50 months) since the reply to the informal response was filed. Table/Figure 2 attached to this Declaration depicts the length of time that the fully briefed case have been pending." Correction of that statement is necessary because of typographical and averaging errors. My declaration should have stated: "The California Supreme Court currently has 176 pending capital habeas cases. This number excludes initial petitions that the California Supreme Court permits to be filed to toll the federal statute of limitation period while the court locates counsel willing to accept an appointment, counsel files an amended petition within the court's timeliness policies, and the court resolves the amended petition in accordance with *In re Morgan*, 50 Cal. 4th 932, 237 P.3d 993 (2010). The average pending time of these 176 cases is 4.07 years. Of the 176 cases, 107 have been fully briefed awaiting decision for an average of 3.13 years (or 37.58 months) since the reply to the informal response was filed. Table/Figure 2 attached to this Declaration depicts the length of time that the fully briefed case have been pending."

7. In paragraph 16 of the June 9, 2014 declaration, I stated: "Since 1978, condemned inmates have filed 267 exhaustion petitions in the California Supreme Court, and the average time that the inmate remains in state court following the filing of the exhaustion is 3.19 years." Correction of that statement is necessary because of an error in the number of exhaustion petitions filed. My declaration should have stated: "Since 1978, 268 condemned inmates have filed exhaustion

petitions in the California Supreme Court, and the average time that the inmate remains in state court following the filing of exhaustion petitions is 3.18 years overall."

8. In paragraph 18 of the June 9, 2014 declaration, I stated: "Using figures publicly available from the California Department of Justice and the California Department of Corrections and Rehabilitation, I calculated the average suicide rate on California's death row between 1980 and 2010 to be 299.5 per 100,000." Correction of that statement is necessary because of an error citing the source of the data. My declaration should have stated: "Using figures publicly available from the California Department of Justice and the Centers for Disease Control and Prevention, I calculated the average suicide rate on California's death row between 1980 and 2010 to be 299.5 per 100,000." A corrected version of Table/Figure 3 is attached to this Declaration.

The foregoing is true and correct and executed under penalty of perjury under the laws of the United States and the State of California on July 14, 2014.

/s/ Michael Laurence
Michael Laurence

TABLE/FIGURE 3

