```
 1  PHILLIP A. TREVIÑO [SBN 121119]
    137 N. Larchmont Blvd., #801
 2  Los Angeles, California 90004
    Telephone: (213) 949-8000
 3
    Attorney for Petitioner
 4  ERNEST DYKES
 5
 6                  UNITED STATES DISTRICT COURT
 7              FOR THE NORTHERN DISTRICT OF CALIFORNIA
 8
 9  ERNEST DYKES,                  ) Case No. 11-CV-04454-SI
                                   )
10       Petitioner,               ) MOTION TO STAY OR BIFURCATE
                                   ) PROCEEDINGS
11       v.                        )
                                   )
12  KEVIN CHAPPELL, Warden,        ) DEATH PENALTY CASE
                                   )
13       Respondent.               )
    _____)
14
```

15      Petitioner hereby moves this Honorable Court, in the
16 alternative, either (a) to stay these proceedings pending a final
17 resolution of Jones v. Chappell, CV 09-2158; CA 14-56373; or (b) to
18 bifurcate these proceedings to allow his proposed amended /
19 supplemented claim (lodged today with this Court) to proceed alone
20 at this time.

21      Petitioner makes these requests in order to conserve this
22 Court's time and resources while still preserving fully
23 Petitioner's interests.  Given Respondent's active role in
24 litigating the Jones v. Chappell matter, Petitioner respectfully
25 notes he does not perceive an adverse consequence to Respondent.

26                                       Respectfully submitted,

27 Dated: September 26, 2014             s/Phillip A. Treviño
                                         Attorney at Law
28                                       Counsel for Petitioner

**MEMORANDUM OF POINTS AND AUTHORITIES**
**I.**
**STATEMENT OF FACTS**

Petitioner filed his petition for a writ of habeas corpus in this Court on December 21, 2011. Therein he included a claim that "California's death penalty scheme is fundamentally flawed in numerous respects, both on its face and as applied to Petitioner." (Petition, ¶¶ 112-201) Within that claim, Petitioner further alleged that "Imposition of the death penalty in California is today a violation of the federal constitution's prohibition against cruel and unusual punishment." (¶¶ 193- 201)

Today, by separately filed motion, Petitioner seeks leave of this Honorable Court to amend and or supplement his pending petition to allege specifically such claims as are both factually applicable to him and as also underlie the reasoning given by U.S. District Judge Cormac J. Carney in the decision and order in Jones v. Chappell, wherein on July 16, 2014, he held California's death penalty system constitutionally dysfunctional.

Initially it was unclear if counsel to Respondent herein, who is also counsel in the Jones matter, would appeal that decision.[1] However, Respondent has filed a notice of appeal from that decision and order, and the matter is now docketed at the U.S. Court of Appeals for the Ninth Circuit as Jones v. Chappell, CA 14-56373. The schedule currently in effect in that matter calls for Respondent to file an opening merits brief in that court no later

---

[1] Both California Attorney General Kamala Harris and Governor Jerry Brown have publicly stated their personal opposition to capital punishment, so that it did not seem implausible the decision might be allowed to stand without further challenge.

than December 1, 2014.

The decision in <u>Jones</u> turned almost entirely on facts unrelated to Mr. Jones, focusing rather on the delays and problems systemic to California's capital punishment system.  To the extent the order made factual findings concerning petitioner Jones, they turned on the number of years Jones has been in custody under sentence of death, and how long it took the California Supreme Court to secure counsel to represent him in both his direct appeal and his state habeas corpus proceedings.

The litigation time lines for Mr. Jones and Petitioner Dykes are almost exact parallels: both men are indigent and thus dependent upon the judicial system to provide counsel for them; each man was sentenced to death in 1995; each man waited five (5) years to have appellate counsel appointed (Mr. Jones in 1999; Petitioner in 2000). Mr. Jones' direct appeal was decided and denied by the California Supreme Court in 2003; Petitioner's was not decided until six years later in 2009.  Mr. Jones has had the benefit of the same habeas counsel continuously in state and federal court; Petitioner did not enjoy that advantage. If anything, Petitioner herein was more aggrieved by delays in the California death penalty than even Mr. Jones had been.

If Judge Carney's order in <u>Jones</u> is upheld, there is little to no discernible reason to believe that resolution will not also be dispositive in this matter.  If the California death penalty system is constitutionally dysfunctional for the reasons articulated in detail by Judge Carney, then Petitioner will surely be entitled to have his capital sentence vacated as well.

## II.
## THE LAW

In his pending petition, as well as proposed amended/ supplemental petition, Petitioner asks this Court solely for relief as to his sentence of death. He has not requested this Court vacate his conviction. Accordingly the issue and holding addressed in the <u>Jones</u> matter could definitely resolve the instant matter as well. All without need for litigation concerning the myriad of additional issues presented in the petition, without expenditure of this Court's time, and without expenditure of scarce Criminal Justice Act resources.

If this Court elects to proceed on solely the <u>Jones</u> claim, and if it find relief thereupon to be warranted, that would be a complete resolution of this matter in this Court. This Court would not then be required, nor would Petitioner then request, that it rule on any of the other pending issues. In such circumstances Rule 54(b) of the Federal Rules of Civil Procedure clearly enables a district court to enter judgment without proceeding to a final determination on any remaining claims pending in the matter.

It is clear that in the Ninth Circuit this provision is properly and fully applicable in the capital habeas context. In <u>Blazak v. Ricketts</u>, 971 F.2d 1408 (9th Cir. 1992), the Circuit addressed this precise question. There a district court had denied the petitioner relief on various claims, but granted summary judgment on one of his thirty-seven (37) claims. The claim on which relief was granted pertained to the petitioner's competency at the time of trial. Some claims pertaining to the sentence

imposed remained unresolved and pending.  However, the clerk entered judgment for the petitioner and appellate proceedings followed.

The question presented to the Ninth Circuit in the ensuing direct and cross-appeals was whether the Circuit had "jurisdiction to consider this appeal [ ] and whether [the Court] should remand this case because of prudential concerns for judicial finality and efficiency." Blazak, at 1409.  Writing in dissent, Judge Beezer was concerned that since some claims remained unresolved, if the Circuit allowed appellate jurisdiction to vest the effect would be to encourage piecemeal litigation with unnecessary consumption of judicial resources. Blazak, at 1415.

However, the majority found that the Circuit did have jurisdiction to review the lower court's proceedings, and that, contrary to the dissent's position, proceeding in this manner would actually conserve judicial resources. Notably, the Blazak majority wrote as follows:

> Although the district court did not address the sentencing issues, these claims became moot and unnecessary to reach by virtue of the order vacating the conviction and requiring a new trial. The district court's order implicitly disposed of the sentencing issues as moot once it vacated the conviction. Only if the district court's decision is reversed on appeal will it become necessary to reach these claims.

Blazak, at 1412-13.  Distinguishing the case before it from one where a sentence was vacated but the underlying conviction remained

1  in play,² the Blazak court noted that to hold otherwise when a
2  petitioner had received all requested relief would be wasteful of
3  scarce judicial resources:
4      "requiring the district court to resolve at one time all
5      the issues raised in the petition could actually delay
6      the proceedings unnecessarily and waste the district
7      court's scarce judicial resources. . . [Here] an
8      affirmance on appeal will obviate altogether the need for
9      either the district court or this court to address [the
10     other claims]. True, in the event this court reverses the
11     district court's determination, we will have to remand
12     for resolution of the [remaining issues] and presumably
13     await the next appeal. On the other hand, should we
14     ultimately affirm the grant of habeas on the conviction,
15     an interruption of the present appeal for the district
16     court to decide sentencing issues that we will never
17     reach will occasion needless delay and hardship for all
18     concerned."
19 Blazak, at 1414.
20     Blazak has since been cited with approval by the Ninth Circuit
21 on several occasions. In Prellwitz v. Sisto, 657 F.3d 1035 (9th
22 Cir. 2011); Stanley v. Cullen, 633 F.3d 852 (9th Cir. 2011);
23 Robbins v. Smith, 152 F.3d 1062 (9th Cir. 1998).  See also Herrera

---

² The concerns raised in the other case, Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992), are simply not present here. Clisby was also a capital habeas matter, but there the petition contained issues that sought to invalidate the conviction as well as the sentence. It bears reiteration: Petitioner here has no pending claims concerning his conviction.

1 v. Benov, 2014 U.S. Dist. LEXIS 42480 (E.D. Cal. 2014).

2   As noted earlier, there are no guilt phase issues before this Court.[3] The only relief Petitioner seeks from this Court is an order vacating the sentence of death that has been imposed on him by the state court. If this Court concludes that such relief is appropriate on the proposed amended / supplemental claim that Petitioner has today tendered, that will equate with the situation presented in Blazak: he will have obtained all of the relief he seeks in this lawsuit.

   Accordingly, and based upon the cited authorities, Petitioner respectfully seeks this Court's order either staying this proceeding pending a final decision in Jones v. Chappell, or alternatively ordering the remainder of these proceedings held in abeyance while just the claim advanced in the proposed amended / supplemented petition is addressed and resolved by this Court.[4]

*   *   *   *   *

---

[3] The petition does provide an overview of the guilt phase for context, and occasionally references guilt phase proceedings in the context of specific claims, but as review of the prayer, and the summation of each individual claim confirms, no relief is sought concerning the guilt conviction.

[4] In addition, it should be noted that as part of the stay Petitioner also asks to have the filing of his traverse either held or extended. Conclusion of that document will require further CJA funding, as detailed in a separate submission to the Court under seal and in camera. If this Court elects to stay this matter, the Court may elect to stay action on that request as well and Petitioner so requests.

## III.
## CONCLUSION

Based upon the points and authorities discussed herein, Petitioner respectfully asks that this Honorable Court either stay this proceeding pending a final decision in Jones v. Chappell, or alternatively that it bifurcate this matter so as to allow the parties to litigate the amended / supplemented claim that he has today lodged with this Court while holding the remaining claims in abeyance.

Respectfully submitted,

Dated: September 26, 2014      s/Phillip A. Treviño