**PHILLIP A. TREVIÑO** [SBN 121119]
137 N. Larchmont Blvd., #801
Los Angeles, California 90004
Telephone: (213) 949-8000

Attorney for Petitioner
ERNEST DYKES

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ERNEST DYKES**, | Case No. 11-CV-04454-SI |
| Petitioner, | **MOTION FOR LEAVE TO FILE AMENDMENT/ SUPPLEMENT TO PETITION FOR A WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES; EXHIBIT** |
| v. | |
| **KEVIN CHAPPELL, Warden,** | |
| Respondent. | **DEATH PENALTY CASE** |

Petitioner hereby moves this Honorable Court for leave to file an amendment / supplement to his pending petition for a writ of habeas corpus. Respectfully, he attaches his proposed amendment/ supplement as an exhibit to this motion.[1]

This motion is brought under Rules 15 of the Federal Rules of Civil Procedure, <u>Mayle v. Felix</u>, 545 U.S. 664, 657, 659 (2005), and related authorities as discussed herein.

                                                Respectfully submitted,

Dated: September 26, 2014         s/Phillip A. Treviño
                                            Attorney at Law
                                            Counsel for Petitioner

---

[1] Petitioner respectfully requests that the Court permit him an opportunity to file a fully integrated amended / supplemented petition following its decision on the instant motion. In order not to expend CJA funds prematurely, counsel has deferred that task pending this Court's ruling on the instant motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**
**I.**
**STATEMENT OF FACTS**

Petitioner filed his petition for a writ of habeas corpus in this Court on December 21, 2011. It should be noted that therein he recited each of the operative facts for a Jones v. Chappell claim, viz. the date of his conviction, as well as the dates the California Supreme Court denied relief in his direct appeal and state habeas petition. Respondent recited the same, and further, supporting facts, in the answer.

In addition, the petition includes a claim that "California's death penalty scheme is fundamentally flawed in numerous respects, both on its face and as applied to Petitioner." (Petition, ¶¶ 112-201) Within that claim, Petitioner further alleged that "Imposition of the death penalty in California is today a violation of the federal constitution's prohibition against cruel and unusual punishment." (¶¶ 193- 201)

**II.**
**THE LAW**

Congress has provided that a habeas petition "may be amended . . . as provided in the rules of procedure applicable to civil actions." 28 U.S.C. 2242.

Under Rule 15(b) of the Rules of Federal Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[2] Rule 15(b).

---

[2] Counsel for Respondent advises that Respondent will not
(continued...)

1        In evaluating a request to amend, a district court should
2   consider factors such as "bad faith, undue delay, prejudice to the
3   opposing party, futility of the amendment, and whether the party
4   has previously amended his pleadings. <u>Western Shoshone Nat'l</u>
5   <u>Council v. Molini</u>, 951 F.2d 200, 204 (9th Cir. 1991), <u>cert</u>. <u>denied</u>,
6   121 L.Ed.2d 39 (1992); <u>Bonin v. Calderon</u>, 59 F.3d 815, 845 (9th
7   Cir. 1995).

8        Here, there is no bad faith in Petitioner's request; nor has
9   there been any undue delay. Petitioner's proposed amendment follows
10  promptly on the heels of Judge Carney's issuance of his ground-
11  breaking and factually detailed decision. Petitioner is not aware
12  of any prejudice to Respondent from this request, and to the extent
13  any prejudice may be alleged by Respondent Petitioner will respond
14  as may appear warranted. The requested amendment / supplement is
15  not futile; and Petitioner has not previously sought any leave to
16  amend or otherwise supplement his pending petition.

17       In addition, the operative facts underlying the proposed
18  amended / supplemental claim were all pled in the original petition
19  filed in this matter.  The facts at issue that are specific to
20  Petitioner are few, just as was true with Mr. Jones in <u>Jones v.</u>
21  <u>Chappell</u>. The dates of his conviction, sentence, denial of appeal,
22  denial of state habeas, are all contained within the already filed
23  petition. <u>See e.g</u>., ¶¶ 51, 52, 53.  These fundamental factual
24  points do not seem subject to reasonable disagreement. And these
25  are essentially the only petitioner-specific findings that drive

---

[2](...continued)
stipulate to the requested amendment.

the decision Judge Carney issued in <u>Jones</u>.

Petitioner's initial and fundamental allegations that California's death penalty system is dysfunctional span ¶¶ 112-201. The proposed amendment / supplement lodged today simply provides a new claim, premised upon the previously pled Petitioner-specific facts.

It accordingly appears appropriate for this Court to permit the requested amendment under Rule 15. <u>Nguyen v. Curry</u>, 736 F.3d 1287, 1297 (9th Cir. 2013) ("[T]he 'time and type' language in <u>Mayle</u> refers not to the claims, or grounds for relief. Rather, it refers to *the facts that support those grounds*. All of Ngyuyen's asserted grounds for relief - cruel and unusual punishment, double jeopardy, and appellate-counsel IAC for failing to raise double jeopardy - are supported by a common core of facts. Those facts are simple, straightforward, and uncontroverted. And they were clearly alleged in the original petition.")(emphasis in original).

Under Rule 15(d) of the Federal Rules of Civil Procedure, a court may "on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense." Rule 15(d).

Petitioner respectfully moves under Rule 15 to be allowed to amend and or supplement his pending petition to include the allegations set forth in the attached pleading.

\*   \*   \*   \*

## III.
## CONCLUSION

By this motion, Petitioner seeks to amend / supplement his petition to allege specifically that the California death penalty system is constitutionally flawed for the numerous and detailed reasons set forth in the attached proposed amendment / supplement, and as articulated by U.S. District Judge Cormac J. Carney in <u>Jones v. Chappell</u>, CV 09-2158-CMC (Central District of California).

The proposed amendment / supplement is attached herewith as an Exhibit, and if granted the requested leave by this Honorable Court, Petitioner will promptly present a fully integrated petition to the Court.

Respectfully submitted,

Dated: September 26, 2014        s/Phillip A. Treviño