**PHILLIP A. TREVIÑO** [SBN 121119]
137 N. Larchmont Blvd., #801
Los Angeles, California 90004
Telephone: (213) 949-8000

Attorney for Petitioner
ERNEST DYKES

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ERNEST DYKES**, | Case No. 11-CV-04454-SI |
| Petitioner, | REPLY TO RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION FOR JUDICIAL NOTICE; MOTION FOR LEAVE TO FILE AMENDMENT/SUPPLEMENT TO PETITION; MOTION TO STAY OR BIFURCATE PROCEEDINGS |
| v. | |
| **KEVIN CHAPPELL, Warden,** | |
| Respondent. | **Hearing date: None requested** |
| | **DEATH PENALTY CASE** |

Petitioner has moved this Honorable Court to take judicial notice under Rule 201 of the Federal Rules of Evidence of proceedings heard and an order entered in <u>Jones v. Chappell</u>, a capital habeas matter in the U.S. District Court for the Central District of California.

In addition, Petitioner has moved this Court for leave to amend/supplement his pending petition, as well as to stay in toto and or bifurcate these proceedings pending a final decision in the Jones matter.

Respondent has opposed these motions.

Petitioner hereby files his reply to Respondent's opposition.


                                    Respectfully submitted,
Dated: November 5, 2014             s/Phillip A. Treviño

**Nature Of The Case**

This capital habeas proceeding concerns Petitioner's conviction, after a jury trial proceeding, in Alameda County Superior Court.

First, based on simple equities this should not be a capital case. Like all capital cases, of course it involves a death, but it lacks the "usual" aggravating factors one expects. On July 23, 1993, Petitioner, an unemployed young man in impoverished Oakland, committed a tragic - and fatal - attempted robbery. He attempted to rob the woman who owned his apartment building, Bernice Clark, while she was sitting in a parked car at the apartment complex. A struggle ensued, and the firearm Petitioner was carrying discharged. A single bullet passed through Ms Clark's neck but she survived. Tragically her grandson, Lance Clark - who unknown to Petitioner was in the backseat of the car where Ms Clark was - was killed when the bullet ricocheted. Petitioner subsequently surrendered and confessed.

Petitioner has virtually no prior criminal history.[1] The jury made an express factual finding that Petitioner was not guilty of premeditated and deliberate attempted murder of Mrs. Clark. It necessarily follows Petitioner could not have premeditated the death of Lance Clark. Rather, Petitioner has been convicted and sentenced to death based on the felony murder doctrine.

In no rational assessment can this case be said to be one of

---

[1] Petitioner has a single prior juvenile adjudication for arson and a single misdemeanor conviction for narcotics possession. Notably he is an African-American from poverty-stricken inner Oakland.

the "worst of the worst." See <u>Roper v. Simmons</u>, 543 U.S. 551 (2005). Unquestionably the death of Lance Clark was a tragedy. But in a principled and equitable criminal justice system that simply does not justify these capital proceedings.

And the procedural relief Petitioner seeks here is among the most mundane possible: he seeks an opportunity to present a claim that would potentially resolve this matter, and which has the potential to do so with minimal expenditure of judicial resources and funds. And yet Respondent California, host to what respectfully District Judge Carney describes as a currently and severely dysfunctional capital system, is driven all the same to parse this matter into procedurally microscopic bits rather than assess the truth of what is afoot here.

On the merits, each of Petitioner's requests for relief are justified. As an integral whole, Petitioner's proposal seeks to resolve this matter in an expedited manner. Respectfully Petitioner renews his requests for the procedural relief.

**Reply**

Petitioner stands on the opening briefing he offered this Court in support of the procedural relief he seeks at this time:

- judicial notice under Rule 201 of the records from <u>Jones v. Chappell</u>, records to which Respondent makes no factual challenge;
- leave to amend/ supplement his petition with a claim whose factual basis (the dates of certain state court events) is an integral part of what Petitioner pled in the original petition;

1  -    and either a (a) stay of this matter, or (b)
2       bifurcation consistent with directly on point
3       Ninth Circuit authority, which Respondent does
4       not actually distinguish or address other than
5       to assert it is irrelevant.

6   Essentially, Petitioner asks this Court to allow him to amend
7 his petition to include the specific claim that triggered Judge
8 Carney's grant of relief in the Jones matter, and that this
9 Honorable Court then either stay this matter pending a final
10 decision in Jones, or if it believes the matter should go forward
11 while Jones is still pending a final resolution, then that it
12 bifurcate the new claim and allow it to proceed while the remaining
13 claims are held in abeyance.

**Bifurcation**

15  Ninth Circuit authority authorizes precisely such relief for
16 an instance such as this. Blazak v. Ricketts, 971 F.2d 1408 (9th
17 Cir. 1992), is on point.  Respondent has in no way attempted to
18 distinguish this decision, nor could he.

19  Notably, Respondent makes no argument or claim whatsoever of
20 any prejudice Respondent might suffer if this Court grants the
21 requested bifurcation or stay.

22  The requested bifurcation is lawful, makes judicial and
23 economic sense, and will not prejudice either party.

**Judicial Notice**

25  Respondent offers no actual discussion or justification for
26 how this Court could properly deny judicial notice of the federal
27 court records that Petitioner has put before it. Respondent simply

objects to them, but offers no reasoned basis for asking this Court to refuse to apply Rule 201 of the Federal Rules of Evidence. The motion for judicial notice is proper, the documents are authentic and capable of easy verification, and the motion should be granted.

**Amendment/Supplement of Petition**

Nor does Respondent offer any dispute whatsoever as to the simple core of facts which give rise to the proposed amendment. Nor indeed would it seem possible for Respondent to quarrel with those facts, as they are all judicially recorded facts: the dates of his conviction, appointment of appellate and state habeas counsel, and the dates on which the California Supreme Court denied relief. Respondent asserts that the facts underlying the proposed amended/ supplemented claim are far-reaching, but this is simply not so. They are just as concise, and as serendipity would have it, almost identical to the dates at issue in Jones.

There is no bad faith in Petitioner's request to amend, and Petitioner has not previously amended his petition. Western Shoshone Nat'l Council v. Molini, 951 F.2d 200, 204 (9th Cir. 1991), cert. denied, 121 L.Ed.2d 39 (1992); Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

Is amendment permissible, proper?  Yes.  The factual basis of Petitioner's proposed claim is simple: the dates on which key events happened in the state court system.  Equally simple is that all of the factual predicate to the proposed claim does indeed relate back to original petition. Nguyen v. Curry, 736 F.3d 1287, 1297 (9th Cir. 2013)("[T]he 'time and type' language in Mayle refers not to the claims, or grounds for relief.  Rather it refers

to the facts that support those grounds.")

One point Respondent injects into the analysis merits express discussion, as it is regrettably factually distorted:

Respondent suggests Petitioner's claim is predicated upon delay in federal proceedings.[2] Yet this is contradicted by the proposed claim. The claim is focused on the delay Petitioner suffered in the California Supreme Court, the same delay that a myriad of other capital defendants suffer in that state court. That is why Jones held the state court system dysfunctional. Petitioner is not arguing that the federal system is flawed, and hence any delay that may result in these federal proceedings is irrelevant to this analysis.

Petitioner does not perceive Respondent as advancing this Court's work by making this inaccurate argument. This mis-focus may, however, explain how Respondent has persuaded himself that both Teague and exhaustion are procedural barriers, while Judge Carney correctly understood that neither Teague nor exhaustion is a barrier to the relief requested.

**Exhaustion**

Respondent urges this Court to find that Petitioner has procedural remedies available before the California Supreme Court, and that the existence of such remedies means he may not properly

---

[2] In his opposition, Respondent writes: "Petitioner's request to stay proceedings is particularly puzzling. The core of [P]etitioner's complaint in his combined motions is that he has been harmed by delay in his capital proceedings." Opposition, at 19 n. 5. Respondent thereby illustrates he fails to understand the true gravamen of the claim: that the state system is broken. Petitioner's complaint is not with the federal courts.

seek this relief from this Court. Yet in this instance, given that it is the California Supreme Court which itself created the problem, and which has been allowing the problem to fester for so long, remand to that state court would be an exercise in futility. And federal habeas law recognizes that where:

> "circumstances exist that render [the state] process ineffective to protect the rights of the applicant," exhaustion is not required.

28 U.S.C. 2254(b)(1)(B)(ii).

In <u>Jones</u> the district court analyzed whether exhaustion was a bar to allowing the claim to proceed.  And having analyzed it, the court rejected it.

> The Court has determined that systemic delay caused by the dysfunctional state review process has resulted in the arbitrary selection of a small handful of individuals for execution, and has therefore rendered Mr. Jones' death sentence unconstitutional.  Requiring Mr. Jones to return to the California Supreme Court to exhaust his claim would only compound the delay that has already plagued his post-conviction review process.  <u>See</u> Laurence Decl. ¶16 (noting that, on average, 3.19 years elapse before an exhaustion petition in a capital habeas case is decided by the California Supreme Court). More importantly, it would require Mr. Jones to have his claim resolved by the very system he has established is dysfunctional and incapable of protecting his rights. Special circumstances clearly exist such that Mr. Jones

> need not return to the California Supreme Court to exhaust his claim. <u>Cf</u>. <u>Phillips v. Vasquez</u>, 56 F.3d 1030, 1035 (9th Cir. 1995)("[E]xtraordinary delay in the state courts can render state corrective process 'ineffective' within the meaning of section 2254(b) [such] that exhaustion is not required. . . . .")(citation omitted); <u>Jones v. Tubman</u>, 360 F.Supp. 1298, 1300 (S.D.N.Y. 1973)("[E]xhaustion is not mandated where the state consideration would be either futile or where state procedures do not provide swift review of petitioner's claims.")

Order in <u>Jones</u> at 26-27.

Respectfully, Petitioner urges this Court should do the same. This Court also should find exhaustion to be futile and accordingly unnecessary. After all, the delay that is the crux of the claim all happened under the supervision of the California Supreme Court.

**Teague v. Lane**

<u>Teague</u> is no procedural bar here.  Judge Carney understood this, and surely this Honorable Court will as well.  The principles that are offended by what has been transpiring in the California Supreme Court capital case load do not implicate a new watershed rule of procedure.  Rather, these principles are bedrock constitutional law, even if applied to a distinct pattern.

Again, Judge Carney's order in <u>Jones</u> is instructive. Although Respondent California did not even argue <u>Teague</u> as a barrier in the

1 Jones matter,[3] Judge Carney prudently considered it all the same.

> The rule Mr. Jones seeks to have applied here - that a state may not arbitrarily inflict the death penalty - is not new. Rather, it is inherent in the most basic notions of due process and fair punishment embedded in the core of the Eighth Amendment. See Furman, 408 U.S. at 274-77 (Brennan, J., concurring) (describing the principle that "the State must not arbitrarily inflict a severe punishment" as inherent in the [Cruel and Unusual Punishment] Clause" and tracing its application in Anglo-American jurisprudence); see also id., at 242 (Douglas, J., concurring)("There is evidence that the provision of the English Bill of Rights of 1689, from which the language of the Eighth Amendment was taken, was concerned primarily with selective or irregular application of harsh penalties and that its aim was to forbid arbitrary and discriminatory penalties of a severe nature."). This rule is certainly one "so deeply embedded in the fabric of due process that everyone takes it for granted." Dyer v. Calderon, 151 F.3d 970, 984 (9th Cir. 1998)(en banc). It is therefore not a new rule for Teague purposes.

Order in Jones, at 27-28.

---

[3] "While not specifically addressed by the State, the Court considers a second procedural defense commonly raised to avoid federal habeas review: that the petitioner's claim seeks the announcement of a new rule on collateral review and therefore is barred under Teague v. Lane, 489 U.S. 288, 306 (1989)." Jones order, at 27.

**CONCLUSION**

Petitioner has not asked for this Court to grant relief on the amended/supplemented claim itself at this time. Rather, he asks merely to be allowed to include the claim, and he proposes procedural approaches that it appears would save this Court's resources.[4]

The Court is respectfully asked to allow Petitioner to amend/ supplement the petition, and then either to stay these proceedings pending a final resolution in Jones, or to bifurcate them so as to allow the parties to litigate this claim first.

Doing so would save substantial judicial resources, court time and CJA funds among others, without any apparent detriment to the interests of the parties.[5]

It is respectfully so moved.

Dated: November 5, 2014 s/Phillip A. Treviño
Counsel for Petitioner Dykes

---

[4] Upon a grant of the requested leave to amend the petition, Petitioner will provide the Court with an updated petition to bring it into compliance with this Court's Local Rules that call for an integrated petition.

[5] Indeed, Respondent has not identified any reasons either of those courses should not be followed, nor has Respondent made even any assertion of any prejudice to his position if the Court does so. Petitioner is unable to identify any potential prejudice to Respondent. It appears the Court would be fully justified to conclude there is no such prejudice.