UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Ernest DYKES,<br><br>    Petitioner,<br><br> v.<br><br>Ron DAVIS,<br>Warden, San Quentin State Prison,<br><br>    Respondent. | Case Number CV 11-04454 SI<br><br>DEATH-PENALTY CASE<br><br>ORDER |

**INTRODUCTION**

In light of *Jones v. Chappell*, 31 F.Supp. 3d 1050 (C.D. Cal. July 16, 2014), which declares California's death penalty system unconstitutional, petitioner has filed a Motion To Stay Or Bifurcate Proceedings, a Motion For Leave To File Amendment/Supplement To Petition and a Motion for Judicial Notice. Respondent opposes petitioner's motions. For the reasons stated below, petitioner's Motion To Stay is granted, and his Motion To File Amendment/Supplement To Petition and Motion for Judicial Notice are denied without prejudice to refiling after *Jones* is decided.

## BACKGROUND

On August 2, 1995, petitioner was convicted in Alameda County of first degree murder, attempted murder and robbery, and was sentenced to death. The Supreme Court of California affirmed the conviction and sentence on June 15, 2009. *People v. Dykes*, 46 Cal. 4th 731 (2009). Petitioner filed a state habeas petition on July 6, 2004. The Supreme Court of California denied the petition on August 31, 2011.

On December 21, 2012, petitioner filed a federal habeas petition. Petitioner's petition contains only penalty-phase claims. Claim One of the petition alleges that California's death penalty scheme is fundamentally flawed in numerous respects. Within that claim, he alleges that "imposition of the death penalty in California today is a violation of the federal constitution's prohibition against cruel and unusual punishment." (ECF Doc. No. 13 at 95) Respondent filed an answer on December 13, 2013.

Petitioner now requests that the Court amend his petition to allege specifically such claims as are both factually applicable to him and also underlie the reasoning in *Jones*, and further take judicial notice of the proceedings in *Jones*. He also requests the Court to stay proceedings pending a final resolution of *Jones*, or in the alternative, bifurcate proceedings to allow his proposed amended claim to proceed alone. Respondent opposes petitioner's request for amendment on the grounds that petitioner's proposed claim is unexhausted, untimely and barred by *Teague v. Lane*, 489 U.S. 288 (1989). He further argues that because amendment is unwarranted, petitioner's requests for judicial notice and a stay are moot.

## DISCUSSION

In *Jones*, U.S. District Judge Carney found that inordinate delay in California's death penalty system violates the Eighth Amendment's prohibition against cruel and unusual punishment. 31 F. Supp. 3d at 1053. Judge Carney held that in most cases, systemic delay has made execution so unlikely that the death sentence imposed by the jury has been transformed into life in prison, with the remote possibility of parole. *Id*. As for those few inmates for whom execution does become reality, "they will have languished so long on Death Row that their execution will serve no retributive or deterrent purpose and will be arbitrary." *Id*.

The decision whether to grant a stay "pending resolution of independent proceedings which bear upon the case" is within the sound discretion of the district court. *Leyva v. Certified Grocers of Cal.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). When deciding whether to grant such a stay, the district court should consider whether the other proceeding "will be concluded within a reasonable time." *Leyva*, 593 F.2d at 864.

Here, although it is not clear when the Ninth Circuit will render a decision in *Jones*, a briefing schedule has already been set. Appellant's Reply Brief was filed on April 13, 2015. The case is on track for resolution.

Accordingly, the Court grants petitioner's request for a stay pending the resolution of the *Jones* appeal. The Court further denies without prejudice petitioner's requests for amendment and judicial notice.

## CONCLUSION

For the above-mentioned reasons, petitioner's Motion To Stay is GRANTED. His Motion For Leave To File Amendment/Supplement To Petition and a Motion for Judicial Notice are denied without prejudice to refiling once *Jones* is decided. The parties shall submit a joint case management statement within 30 days of the Ninth Circuit's resolution of the *Jones* appeal.

**IT IS SO ORDERED.**

DATED: May 14, 2015

SUSAN ILLSTON
United States District Judge

3