**PHILLIP A. TREVIÑO** [SBN 121119]
137 N. Larchmont Blvd., #801
Los Angeles, California 90004
Telephone: (213) 949-8000

Attorney for Petitioner
ERNEST DYKES

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ERNEST DYKES,** | Case No. 11-CV-04454-SI |
| Petitioner, | **MOTION TO STAY PROCEEDINGS PENDING A DECISION ON CLAIM SEVEN IN ASHMUS V. CHAPPELL; EXHIBIT** |
| v. | |
| **KEVIN CHAPPELL, Warden,** | **DEATH PENALTY CASE** |
| Respondent. | |

Petitioner hereby respectfully moves this Honorable Court to stay these proceedings pending a final resolution of Claim 7 pending in this district in Ashmus v. Chappell, 3:93-cv-594-TEH.[1]

Petitioner moves for this relief in order to conserve this Court's time and resources (judicial and CJA) while still preserving fully Petitioner's interests.

Respectfully submitted,

Dated: September 14, 2016           s/Phillip A. Treviño
                                    Attorney at Law
                                    Counsel for Petitioner

---

[1] Petitioner notes a joint case management statement is otherwise due in this matter by no later than tomorrow. Respondent has advised Petitioner that he is prepared to file timely such a statement. Petitioner has previously advised Respondent that he will seek to stay all aspects of this matter, including the due date for said statement, and Petitioner hereby respectfully does so.

**MEMORANDUM OF POINTS AND AUTHORITIES**
**I.**
**STATEMENT OF FACTS**

Petitioner filed his petition for a writ of habeas corpus in this Court on December 21, 2012. Therein he included claims as follows:

- the death penalty here is disproportionate to Petitioner's culpability and therefore violates the Eighth Amendment (Petition at 84-86); and,

- the lack of inter-case proportionality review violates the Eighth Amendment. (Petition at 86-93)

Similarly, in his finalized petition for a writ of habeas corpus now pending also in this district, capital habeas petitioner Troy Ashmus has petitioned for relief from his California capital sentence premised, <u>inter alia</u>, on a claim that alleged as follows:

- Claim 7: The state's death penalty statute fails to narrow the class of offenders eligible for the death penalty and results in imposition of death in an arbitrary and capricious manner.

<u>See</u> Claim 7, pages 80-102 of Finalized Petition for Writ of Habeas Corpus by a Person in State Custody, filed May 15, 1998. (Attached hereto as Exhibit A, at 80-101)[2]

Both matters present claims that the death penalty as applied

---

[2] On July 9, 2014, in its order Staying and Abeying Case Pending Exhaustion of Claims 4, 5 and 7, the <u>Ashmus</u> Court described Claim 7 as alleging "that California's death penalty statute fails to properly narrow the application of the death penalty to only the most deserving offenders." (Order, at 2, n. 1.) Judge Henderson further noted that following the evidentiary hearing on those claims, he considered them "potentially meritorious." (Order, at 3)

in California is impermissibly broad, and that as currently applied (Ashmus's argument) and as applied to Petitioner (Dykes's argument) there is a federal constitutional failure to narrow the penalty in the manner ordered by the U.S. Supreme Court, <u>viz</u>, to apply only to the worst of the worst. <u>See</u> <u>Roper v. Simmons</u>, 543 U.S. 551, 568 (2005) ("Capital punishment must be limited to those offenders who commit 'a narrow category of the most serious crimes' and whose extreme culpability makes them 'the most deserving of execution' (quotation omitted).)

The district court in <u>Ashmus</u> allowed the petitioner to conduct discovery, after which it convened a multi-day evidentiary hearing during which it received extensive documentary evidence and as well as testimony concerning Claim 7 (among others).[3]

The <u>Ashmus</u> Court subsequently found it appropriate to remand Ashmus's claims 4, 6, and 7 to the California Supreme Court to be exhausted. Ashmus dutifully complied and presented the state court with an exhaustion petition. To date, the California Supreme Court has not yet issued a ruling on the exhaustion petition.

---

[3] The evidence received therein represents a substantial financial expenditure, as well as expenditure of judicial resources. A similar, and most likely more extensive, undertaking will be required in this matter for Petitioner to seek vindication of his own interests as pled in the petition pending before this Court. (It bears reiteration here that the jury returned a verdict of not guilty as to the attempted murder charge leveled against Petitioner, so that the felony-murder conviction is in direct tension with the legal basis for the capital sentence Petitioner faces, and places Petitioner far from the realm of 'the worst of the worst.') The stay requested herein pending a decision on Claim 7 in <u>Ashmus</u> could represent a considerable saving of both CJA and judicial resources.

1  Accordingly, claim 7 remains undecided at this time.[4]

2  If the California death penalty system is constitutionally
3  dysfunctional for the reasons alleged in Claim 7 in Ashmus, then
4  Petitioner will surely be entitled to have his capital sentence
5  vacated as well.[5]

**II.
THE LAW**

8  In his pending petition, Petitioner asks this Court solely for
9  relief as to his sentence of death.  He has not requested this
10 Court vacate his conviction.  He respectfully notes the issues
11 raised in Claim 7 in the Ashmus matter could definitely resolve the
12 instant matter as well.  All without need for litigation
13 concerning the myriad of additional issues presented in the
14 petition, without expenditure of this Court's time, and without
15 expenditure of scarce Criminal Justice Act resources.

16 If this Court stays this matter pending a resolution of Ashmus
17 Claim 7, and if relief thereupon is granted, that should also
18 permit a complete resolution of this matter in this Court without

---

[4] Petitioner notes that a great deal of empirical data were analyzed and expert statistical findings and opinions based thereupon presented to the Ashmus Court.  However, the underlying data were provided to counsel for Ashmus under protective order, and accordingly are not available to Petitioner.  For this reason, Petitioner is not presently able to review the underlying data for possible use in this matter.  In addition, although Petitioner believes Claim 7 properly encompasses relief for Petitioner, Petitioner's own claims go further so that even if he were able to gain access to the Ashmus data, this will still not resolve fully Petitioner's own claims.

[5] As noted herein, Petitioner further contends that even if Ashmus is denied relief on his Claim 7 Petitioner still has further bases upon which relief can and should be granted under Petitioner's claims discussed herein.

1 any further litigation here.  This Court would not then be
2 required, nor would Petitioner then request, that it rule on any of
3 the other pending issues. In such circumstances Rule 54(b) of the
4 Federal Rules of Civil Procedure clearly enables a district court
5 to enter judgment without proceeding to a final determination on
6 any remaining claims pending in the matter.

7 　　　It is clear that in the Ninth Circuit this provision is
8 properly and fully applicable in the capital habeas context.   In
9 Blazak v. Ricketts, 971 F.2d 1408 (9th Cir. 1992), the Circuit
10 addressed this precise question.  There a district court had
11 denied the petitioner relief on various claims, but granted summary
12 judgment on one of his thirty-seven (37) claims.  The claim on
13 which relief was granted pertained to the petitioner's competency
14 at the time of trial.  Some claims pertaining to the sentence
15 imposed remained unresolved and pending before the district court.
16 However, the clerk entered judgment for the petitioner and
17 appellate proceedings followed.

18 　　　The question presented to the Ninth Circuit in the ensuing
19 direct and cross-appeals was whether the Circuit had "jurisdiction
20 to consider this appeal [ ] and whether [the Court] should remand
21 this case because of prudential concerns for judicial finality and
22 efficiency." Blazak, at 1409.  Writing in dissent, Judge Beezer was
23 concerned that since some claims remained unresolved, if the
24 Circuit allowed appellate jurisdiction to vest the effect would be
25 to encourage piecemeal litigation with unnecessary consumption of
26 judicial resources. Blazak, at 1415.

27 　　　However, the majority found that the Circuit did have

28

jurisdiction to review the lower court's proceedings, and that, contrary to the dissent's position, proceeding in this manner would actually conserve judicial resources. Notably, the <u>Blazak</u> majority wrote as follows:

> Although the district court did not address the sentencing issues, these claims became moot and unnecessary to reach by virtue of the order vacating the conviction and requiring a new trial. The district court's order implicitly disposed of the sentencing issues as moot once it vacated the conviction. Only if the district court's decision is reversed on appeal will it become necessary to reach these claims.

<u>Blazak</u>, at 1412-13.  Distinguishing the case before it from one where a sentence was vacated but the underlying conviction remained in play,[6] the <u>Blazak</u> court noted that to hold otherwise when a petitioner had received all requested relief would be wasteful of scarce judicial resources:

> "requiring the district court to resolve at one time all the issues raised in the petition could actually delay the proceedings unnecessarily and waste the district court's scarce judicial resources. . . [Here] an affirmance on appeal will obviate altogether the need for either the district court or this court to address [the

---

[6] The concerns raised in the other case, <u>Clisby v. Jones</u>, 960 F.2d 925 (11th Cir. 1992), are simply not present here.  <u>Clisby</u> was also a capital habeas matter, but there the petition contained issues that sought to invalidate the conviction as well as the sentence. It bears reiteration: Petitioner here has no pending claims concerning his conviction.

      other claims]. True, in the event this court reverses the district court's determination, we will have to remand for resolution of the [remaining issues] and presumably await the next appeal. On the other hand, should we ultimately affirm the grant of habeas on the conviction, an interruption of the present appeal for the district court to decide sentencing issues that we will never reach will occasion needless delay and hardship for all concerned."

Blazak, at 1414.

    Blazak has since been cited with approval by the Ninth Circuit on several occasions. In Prellwitz v. Sisto, 657 F.3d 1035 (9th Cir. 2011); Stanley v. Cullen, 633 F.3d 852 (9th Cir. 2011); Robbins v. Smith, 152 F.3d 1062 (9th Cir. 1998). See also Herrera v. Benov, 2014 U.S. Dist. LEXIS 42480 (E.D. Cal. 2014).

    Accordingly, and based upon the cited authorities, Petitioner respectfully seeks this Court's order staying this proceeding pending a final decision on Claim 7 in Ashmus v. Chappell.[7]

\* \* \* \* \*

---

[7] In addition, it should be noted that as part of the stay Petitioner also specifically asks to have the filing of his traverse deferred. There are additional reasons he seeks to defer that filing, as addressed in CJA applications submitted under seal and in camera.

## III.
## CONCLUSION

Based upon the points and authorities discussed herein, Petitioner respectfully asks that this Honorable Court stay this proceeding pending a final decision on Claim 7 in Ashmus v. Chappell, 3:93-cv-594-TEH.

                                        Respectfully submitted,

Dated: September 14, 2016       s/Phillip A. Treviño