KAMALA D. HARRIS
Attorney General of California
ALICE B. LUSTRE
Deputy Attorney General
ERIC D. SHARE
Supervising Deputy Attorney General
State Bar No. 151230
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-1375
 Fax:  (415) 703-1234
 E-mail:  Eric.Share@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **ERNEST EDWARD DYKES,** | 11-CV-04454-SI |
| Petitioner, | **DEATH PENALTY CASE** |
| v. | **RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION TO STAY PROCEEDINGS PENDING A DECISION ON CLAIM SEVEN IN** *ASHMUS v. CHAPPEL* |
| **RON DAVIS, Warden of San Quentin State Prison,** | |
| Respondent. | |

## INTRODUCTION

In December 1995, a California court imposed a sentence of death on petitioner based on his conviction of the first degree murder of a nine-year-old boy.  The California Supreme Court affirmed his conviction of murder (and of other crimes including the attempted murder of the boy's Grandmother) and his sentence of death in June 2009.  That court also denied petitioner's state habeas petition in August 2011.  Petitioner filed a petition for writ of habeas corpus in this court in December 2012.  Respondent filed its answer in December 2013.  Almost three years later, petitioner has yet to file a traverse.

Recently, this court lifted a stay that had been in place for over a year at petitioner's request pending resolution of a different capital case. Now that this court has lifted that stay, instead of filing his traverse, petitioner seeks another indefinite stay pending resolution of a different capital case. Respondent opposes petitioner's motion for a stay and respectfully asks this court to set a prompt date for petitioner to file his traverse.

## PROCEDURAL BACKGROUND

Petitioner filed his petition for writ of habeas corpus in this Court on December 21, 2012. Respondent filed its answer on December 13, 2013. Petitioner then sought and received several extensions of time in which to file his traverse. Instead of filing that traverse, however, on September 26, 2014, petitioner moved for a stay of proceedings pending the Ninth Circuit's resolution of a case challenging California's death penalty system—*Jones v. Chappell*. On May 14, 2015, this Court granted petitioner's motion and imposed a stay. On August 31, 2015, the Ninth Circuit Court of Appeals rejected Jones's challenge to California's death penalty system. *Jones v. Davis*, 806 F.3d 538 (9th Cir. 2015). The Ninth Circuit denied a petition for rehearing en banc in *Jones* on February 8, 2016. That Court issued its mandate on February 17, 2016. The defendant did not file a petition for writ of certiorari in the United States Supreme Court, and the case is now final. Sup. Ct.R. 13.1.

Accordingly, on June 20, 2016, respondent moved this Court for an order lifting its stay and setting a due date for petitioner's traverse. On August 16, 2016, this Court lifted its stay and instructed the parties to file within 30 days a joint case management statement addressing a due date for petitioner's traverse. Although respondent was prepared to comply with this Court's order regarding the statement, the day before it was due petitioner filed another motion to stay proceedings pending resolution of a different capital case, this one in District Court, and seeking to vacate the due date for the joint case management statement. As explained below, respondent opposes petitioner's motion for another stay.

2

*Ernest Edward Dykes v. Ron Davis*  (11-CV-04454-SI)

## THERE IS NO BASIS FOR ANOTHER STAY, AND FURTHER DELAY IN FILING A TRAVERSE IS UNWARRANTED

Petitioner asks this Court "to stay proceedings pending a final resolution of Claim 7 pending in this district in *Ashmus v. Chappell*, 3:93-cv-594 THE." Mot. at p. 1. He asserts that granting the stay will "conserve this Court's time and resources (judicial and CJA) while still preserving fully Petitioner's interests." Mot. at p. 1. There is no basis to grant another stay based on a different capital case, particularly one pending in a District Court. Moreover, another stay ignores California's interests in the resolution of this federal habeas case.

Petitioner cites to Claim 7 in *Ashmus* as being potentially dispositive of his own case. According to him, Claim 7 challenges California's death penalty statute for failing to narrow the class of offenders eligible for the death penalty and, thus, results in imposition of death in an arbitrary and capricious manner." Mot. at p. 2. He asserts that Claim 7 in *Ashmus* is the functional equivalent of two claims in his own petition—(1) the death penalty is disproportionate to petitioner's culpability and therefore violates the Eighth Amendment; and (2) the lack of intercase proportionality review violates the Eight Amendment. Mot. at p. 2. There are several flaws in petitioner's argument.

First, on their face it is clear that petitioner's claims are not the same, or functionally equivalent, as Claim 7 in *Ashmus*. Petitioner's first claim is that the death penalty is disproportionate to *his own personal culpability* and thus violates the Eighth Amendment's prohibition against cruel and unusual punishment. See Pet. at 84. A claim that the death penalty is disproportionate to a particular defendant's culpability is not resolved by examining whether a state's death penalty scheme, in the abstract, sufficiently narrows the *class of defendants* eligible for the punishment. Rather, petitioner's claim requires an examination of the facts and circumstances in his own case to determine whether his acts justify the punishment imposed by the jury and court.

Second, petitioner's claim that the lack of intercase proportionality review violates the Eighth Amendment is unrelated to a claim that California's death penalty law fails to narrow the

class of defendant's eligible for the punishment. Moreover, petitioner's claim regarding intercase proportionality review cannot be resolved by a District Court decision in *Ashmus* on a claim of failure to narrow because the United States Supreme Court has already rejected the claim that intercase proportionality review is constitutionally mandated or compelled. In *Pulley v. Harris*, 465 U.S. 37, 50-51 (1984), the Supreme Court held that intercase proportionality review of death sentences is not constitutionally required, and it upheld California's death penalty statute despite the lack of such review. The High Court also stated in *Pulley* that its earlier cases of *Gregg v. Georgia*, 428 U.S. 153 (1976), and *Proffitt v. Florida*, 428 U.S. 242 (1976), "did not establish a constitutional requirement of proportionality review" something that *Jurek v. Texas*, 428 U.S. 262 (1976), clarified. *Pulley v. Harris*, 465 U.S. at 48. Rather, the statements in those cases were focused merely upon "some sort of prompt and automatic appellate review." *Id*. at 49. Thus, neither due process, equal protection, nor the Eighth Amendment require any type of proportionality review. *Allen v. Woodford*, 395 F.3d 979, 1018 (9th Cir. 2004). A decision by the District Court in *Ashmus* on the narrowing function of California's death penalty statute cannot affect the Supreme Court's holdings on intercase proportionality.

  Third, aside from the two claims he relies on, no other claim in petitioner's petition can be definitively resolved by a decision by the District Court in *Ashmus*. Although the claims petitioner cites from his own petition as allegedly equivalent to Claim 7 in *Ashmus* are clearly distinct and dissimilar, respondent acknowledges that another claim in the petition, which petitioner does not cite in his motion for a stay, is similar to Claim 7 in *Ashmus*. Petitioner has alleged that California's listed "special circumstances" in California Penal Code section 190.2 are "numerous and broad" and "encompass nearly every first degree murder." Pet. at 57. Thus, he claims, California's death penalty statute does not meaningfully narrow the pool of murderers eligible for the death penalty. Pet. at 60. More specifically, he maintains that nearly all felony-murder cases are special-circumstance murders. Pet. at 59. Thus, he concludes, the statutory scheme violates the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United State Constitution. Pet. at 61.

1    Although this claim is clearly closer to Claim 7 in *Ashmus*, it still does not justify imposing another stay in this case. *Ashmus* is still pending in District Court, and has been for years. Although this Court would be bound by a decision of the Ninth Circuit or the United States Supreme Court holding that California's death penalty system does not sufficiently narrow the class of defendants eligible for the death penalty, it would not be bound by an a ruling of the District Court in *Ashmus* on that issue. See *Hart v. Massanari*, 266 F.3d 1155, 1171-72 (9th Cir. 2001) (United States Supreme Court decisions bind Circuit Courts and Circuit authority binds all courts within a particular Circuit including the Circuit itself).

   Moreover, petitioner seeks a stay "pending final resolution of Claim 7" in *Ashmus*, but he fails to clarify what would constitute final resolution. It is clearly unknowable when the District Court will decide *Ashmus*, particularly because, as petitioner notes, that Court has sought clarification from the California Supreme Court on California law, and the California Supreme Court has yet to issue its decision. Is finality when the California Supreme Court responds? Is it when a District Court decision is rendered in *Ashmus*? Or is it when the Ninth Circuit decides *Ashmus*, that decision becomes final, and the United States Supreme Court either denies certiorari or decides the case itself? As can be seen, staying petitioner's case until *Ashmus* is "final" would result in an indefinite stay which, conceivably, could last many years.

   Furthermore, where does the logic of petitioner's request for a stay end? Many California defendants sentenced to death have pending federal habeas petitions in the District Courts and the Ninth Circuit. Not surprisingly, many of those petitions raise the same or similar claims to each other. If petitioner is entitled to a stay pending resolution of one such claim in *Ashmus*, is he entitled to a stay until other claims similar to the ones he has raised have been resolved in other District Courts or the Ninth Circuit? Conversely, are other petitioners entitled to stays in their federal habeas cases pending resolution of similar claims by this Court in petitioner's case? The impracticability and unworkability—and ultimately unjustifiableness—of granting a stay in one District Court case based on finality of a claim in another District Court cases is manifestly self evident.

Petitioner's citation to *Blazak v. Ricketts*, 971 F.2d 1408 (9th Cir. 1992) does not advance his request for a stay. In *Blazak*, the defendant, who had been sentenced to death, filed a federal habeas petition raising 37 challenges to his conviction and sentence. The District Court granted habeas relief as to one of those claims, finding that "'reasonable grounds exist to question Petitioner's competency at the time of trial.'" *Id*. at 1409. The District Court "left the 'state free to retry Petitioner, assuming of course, that the time of such trial he is competent to be tried.'" *Id*. The Ninth Circuit held that it had jurisdiction to review the District Court's judgment as a "final order" of a district judge in a habeas proceeding. *Id*. at 1410. The District Court's order requiring the state to retry the petitioner, if competent, left nothing to be done but the execution of the judgment and was thus final. *Id*. The sentencing issues that the District Court did not address in the habeas petition "became moot and unnecessary to reach by virtue of the order vacating the conviction and requiring a new trial." *Id*. at 1412-13.

*Blazak*, which found it unnecessary to address issues *within the same habeas petition* once they became moot by resolution of a decisive issue in the same case, does not support the proposition that a District Court in one case should stay proceedings pending resolution of an issue in another case—especially when District Courts' decisions are not binding on each other.

Petitioner's argument that a stay in this case will conserve court time and resources is unsupported. As established, any resolution of Claim 7 in *Ashmus* by the District Court would not be binding on this Court, which would still need to make its own determination of the matter. Moreover, as petitioner acknowledges, if Ashmus is denied relief on his claim, this Court would have to address petitioner's many other claims—possibly years later if the stay is granted. Also, as shown, granting stays based on resolution of allegedly similar claims in other habeas cases has no logical ending point and could result in this case being stayed continuously with no ultimate resolution. Although petitioner asserts that a stay will preserve his interests (Mot. at 1), it clearly does nothing to preserve California's interests in the efficient and timely resolution of this habeas case. Thus, interests of comity also strongly weigh in favor of denying petitioner's request for another indefinite stay.

6

*Ernest Edward Dykes v. Ron Davis* (11-CV-04454-SI)

In sum, respondent respectfully requests that this Court deny petitioner's motion for a stay. We also respectfully request that this Court set a prompt date for the filing of petitioner's traverse. Given that it has been almost three years since respondent filed its answer to the petition, we do not believe that further delay is warranted. Thus, we would also respectfully request that this Court set the date for the traverse without first requiring the parties to file a joint case management statement addressing a due date. Because no further action in this case can be taken until the traverse is filed, that pleading should be filed before a case management statement is required.

Dated:  September 28, 2016

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
ALICE B. LUSTRE
Supervising Deputy Attorney General

/s/ Eric D. Share

ERIC D. SHARE
Supervising Deputy Attorney General
*Attorneys for Respondent*

SF2011202695
20895495.doc

7

*Ernest Edward Dykes v. Ron Davis*  (11-CV-04454-SI)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Ernest Edward Dykes v. Ron Davis, Warden of San Quentin State Prison**

No.:   **11-CV-04454-SI**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On September 28, 2016, I served the attached

**RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION TO STAY PROCEEDINGS PENDING A DECISION ON CLAIM SEVEN IN *ASHMUS v. CHAPPEL***

by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

California Appellate Project
Federal Court Docketing
101 Second Street, Suite 600
San Francisco, CA 94105-3647

Habeas Corpus Resource Center
303 Second Street, Suite 400 South
San Francisco, CA 94107

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on September 28, 2016, at Sacramento, California.

J. Wong
Declarant

/s/ J Wong
Signature

SF2011202695
12444868.doc