1  **PHILLIP A. TREVIÑO** [SBN 121119]
   137 N. Larchmont Blvd., #801
2  Los Angeles, California 90004
   Telephone: (213) 949-8000
3
   Attorney for Petitioner
4  ERNEST DYKES

6                    **UNITED STATES DISTRICT COURT**

7                 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

9  **ERNEST DYKES**,                     ) **Case No. 11-CV-04454-SI**
                                          )
10          Petitioner,                   ) **MOTION TO STAY PROCEEDINGS**
                                          ) **PENDING A DECISION ON CLAIM SEVEN**
11          v.                            ) **IN <u>ASHMUS V. CHAPPELL</u>; EXHIBIT**
                                          )
12 **KEVIN CHAPPELL, Warden**,            )
                                          ) **DEATH PENALTY CASE**
13          Respondent.                   ) Hearing date: None scheduled or
   _____)               Requested

16      Petitioner hereby respectfully replies to Respondent's Opposition to Petitioner's Motion to Stay Proceedings Pending a Decision on Claim Seven of <u>Ashmus v. Chappell</u>.

20                                         Respectfully submitted,

22 Dated: October 1, 2016                  s/Phillip A. Treviño
                                           Attorney at Law
23                                         Counsel for Petitioner

**REPLY TO OPPOSITION TO MOTION TO STAY PROCEEDINGS PENDING A FINAL DECISION ON CLAIM SEVEN IN ASHMUS v. CHAPPELL**

While Respondent perceives dissimilarities between Claim Seven advanced by Ashmus and Petitioner's claims here, Petitioner respectfully disagrees and stands on the points advanced in the motion.

Respondent appears to believe that <u>Pulley v. Harris</u>, 465 U.S. 37 (1984) renders Petitioner's claims moot. He is mistaken. Petitioner's primary goal is not invalidation of California's death penalty statute on its face, it is invalidation of the statute as applied to him personally.

Indeed, Petitioner's claims repeatedly advance the premise that intercase proportionality, anchored on a Eighth Amendment analysis, show that <u>his</u> capital sentence is illegal. This is a significantly different premise than that argued and dismissed by Respondent in his opposition.[1] Petitioner's case presents a fact pattern so far afield from the "worst of the worst" that an entirely different frame of analysis is appropriate. This Court faces a unique situation here because of the jury's finding that Petitioner did not have the required intent to commit first degree murder. And while <u>Pulley</u> may not require intercase proportionality, that does not mean that where the prima facie

---

[1] It is true that Petitioner also alleges the statute is flawed on its face. This argument, however, will build upon Petitioner's showing that as applied to him the statute is constitutionally invalid, which in turn will show why and how the statute is overbroad.

showing is as weak as it is here, that Eighth Amendment concerns are not implicated and that this district court may not permit this Petitioner to demonstrate just how inherently flawed his capital sentence is.

Petitioner respectfully renews his request that this matter be stayed pending a final resolution of Claim Seven in Ashmus.[2]

Petitioner understands Respondent's assertion that finality matters. Indeed, Petitioner likely understands it better than Respondent since it is Petitioner's very mortality that hangs in the balance. The following seem to be operative factors in the analysis:

(1) Petitioner's ongoing incarceration;

(2) the fact Petitioner does not seek invalidation of his conviction but rather only the capital sentence;

(3) and taking into account how extremely mitigated the facts of Petitioner's offense (and nominal criminal history) are when contrasted against those of the overwhelming majority of other capital petitioners in California.

Respondent's point is intellectually valid but simply seems of minimal moment when weighed against Petitioner's life, and the judicial and CJA resources that would be implicated if Respondent's opposition prevails here.

---

[2] Although it seems premature to assess now, when a final factual record is completed in the district court on Claim Seven in Ashmus, Petitioner may be able to proceed without unduly draining CJA and judicial resources. Of course, for him to do so Petitioner will require access to the underlying empirical data, and this would require leave of the Ashmus Court. These are questions best reserved for a point in time when resolution of Ashmus's claim has at least been reached.

This is not a case where memories will fade, evidence necessary for retrial may become unavailable, or any of the other ordinary and potentially negative consequences that one might argue the requested stay might occasion will be applicable.  Perhaps this is why Respondent simply says his interests are adversely affected but provides no clarification whatsoever of <u>how</u> they are adversely affected.

Based upon the points and authorities discussed herein, Petitioner respectfully asks that this Honorable Court stay this proceeding pending a final decision on Claim 7 in <u>Ashmus v. Chappell</u>, 3:93-cv-594-TEH.[3]

Respectfully submitted,

Dated: October 1, 2016        s/Phillip A. Treviño

---

[3] If the Court determines to deny the requested stay, Petitioner will then need to seek reconsideration of this Court's under seal and in camera CJA funding order.  Accordingly, rather than set a due date for the traverse as Respondent urges, Petitioner would need further time for CJA issues to be presented with the new order taken into account, and for those issues to be reconsidered and decided anew by the Court.