UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST EDWARD DYKES,<br><br>    Petitioner,<br><br>    v.<br><br>RON DAVIS, Warden of California State Prison at San Quentin,<br><br>    Respondent. | Case No.  11-cv-04454-SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO STAY PROCEEDINGS PENDING A DECISION ON CLAIM 7 IN** *ASHMUS V. CHAPPEL*<br><br>Re: Dkt. No. 43 |

## INTRODUCTION

Petitioner, a condemned inmate at California's San Quentin State Prison, has filed a Motion To Stay Proceedings Pending A Decision On Claim Seven in *Ashmus v. Chappell*. (ECF Doc. No 43)  Respondent opposes petitioner's motion. (ECF Doc. No. 44)  For the reasons stated below, petitioner's motion is GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

On August 2, 1995, petitioner was convicted in Alameda County of first degree murder, attempted murder and robbery, and was sentenced to death.  The Supreme Court of California affirmed the conviction and sentence on June 15, 2009.  *People v. Dykes*, 46 Cal. 4th 731 (2009).  Petitioner filed a state habeas petition on July 6, 2004.  The Supreme Court of California denied the state petition on August 31, 2011.

On December 21, 2012, petitioner filed a federal habeas petition. (ECF Doc. No. 13)  Petitioner's petition contains only penalty-phase claims.  Respondent filed an answer on December 13, 2013. (ECF Doc. No. 18)  Proceedings were subsequently stayed pending the

resolution of a challenge to California's death penalty scheme filed in *Jones v. Chappell*, 31 F.Supp.3d 1050 (C.D. Cal. July 16, 2014). The stay was lifted on August 16, 2016, after the Ninth Circuit rejected Jones' challenge. *See Jones v. Davis*, 806 F.3d 538 (9th Cir. 2015). The instant briefing followed.

## DISCUSSION

Petitioner requests to stay proceedings pending a final resolution of claim 7 in *Ashmus v. Chappell*, C-93-594 TEH (N.D. Cal. 1993). Petitioner asserts that Ashmus' claim 7 shares significant similarities with claim 1 of his petition and is potentially dispositive of petitioner's case. In claim 1, petitioner alleges that California's death penalty scheme is flawed in numerous respects. First, he contends that the death penalty is disproportionate to his culpability. (ECF Doc. No.13 at 84-86) Second, petitioner contends that California's 1978 death penalty statute lacks inter-case proportionality review in violation of the Eighth Amendment, fails to meaningfully narrow the pool of death-eligible defendants and allows for arbitrary sentencing. (ECF Doc. No. 13 at 86-93) Ashmus, in turn, alleges in claim 7 of his petition that California's death penalty statute fails to narrow the class of offenders eligible for the death penalty and results in the imposition of death in an arbitrary and capricious manner. (ECF Doc. No. 43, Exhibit A at 80-101) Ashmus is currently exhausting claim 7 in state court.

Respondent contends that a stay is not warranted because petitioner's claim 1 and Ashmus' claim 7 are dissimilar, and that claim 1 lacks merit anyway.

A review of the record confirms that petitioner's claim1 and Ashmus' claim 7 do indeed share significant similarities. Both allege that California's death penalty statute is impermissibly broad, although petitioner adds the allegation that California's death penalty statute is unconstitutional as applied to him. As noted by petitioner, the district court in *Ashmus* allowed discovery and convened a multi-day evidentiary hearing to receive evidence and testimony concerning claim 7. In the interest of efficiency, the Court will defer ruling on claim 1 until after

1   Ashmus' claim 7 is decided.[1]

2   The Court need not, however, entirely stay the proceedings as the parties may litigate petitioner's remaining claims. Accordingly, the Court directs petitioner to file a traverse within 60 days of the date of this Order. Petitioner fails to advance sufficient reason for deferring the filing of a traverse. (S*ee* ECF Doc. No. 43 at 7)

**CONCLUSION**

For the above-mentioned reasons, petitioner's motion is GRANTED IN PART and DENIED IN PART. Resolution of petitioner's claim 1 is deferred pending resolution of claim 7 in *Ashmus*. Petitioner shall file a traverse addressing his remaining claims within 60 days of the date of this Order.

**IT IS SO ORDERED**.

Dated:   December 16, 2016

_____
SUSAN ILLSTON
United States District Judge

---

[1] Respondent alleges that relief on claim 1 is foreclosed under *Pulley v. Harris*, 465 U.S. 37, 50-51 (1984) (intercase proportionality review is not constitutionally required). As noted, the Court defers addressing the merits of claim 1 until after Ashmus' claim 7 is decided.