**PHILLIP A. TREVIÑO** [SBN 121119]
137 N. Larchmont Blvd., #801
Los Angeles, California 90004
Telephone: (213) 949-8000

Attorney for Petitioner
ERNEST DYKES

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ERNEST DYKES**, | Case No. 11-CV-04454-SI |
| Petitioner, | EX PARTE APPLICATION TO EXTEND DATE FOR JOINT STATEMENT OF PARTIES; DECLARATION OF COUNSEL |
| v. | |
| **KEVIN CHAPPELL, Warden,** | |
| Respondent. | **DEATH PENALTY CASE** |

Petitioner hereby applies to this Honorable Court for an order extending by a further sixty (60) days the time for the parties to file the joint statement called for by this Court's order of March 27, 2018.

This extension of time is requested so that Petitioner can continue his preparations in pursuit of a proposed of settlement of this matter with Respondent.

Counsel for Respondent has indicated to the undersigned that he opposes a grant of the relief requested in this application.

                *   *   *   *   *

1  Incorporating by reference the attached declaration of Phillip
2 A. Treviño, Petitioner respectfully requests this Honorable Court
3 extend by sixty (60) days until October 8, 2018, the deadline for
4 the parties to file a joint statement of the case.
5
6 Dated: August 9, 2018                s/Phillip A. Treviño
                                       Attorney at Law
7                                      Counsel for Petitioner

**Declaration of Phillip A. Treviño**

I, Phillip A Treviño, do hereby state and declare as follows.

1. I am an attorney at law, duly admitted to practice before this Honorable Court and under appointment as lead counsel to Petitioner in this capital habeas.

2. As this Court knows from the petition and related pleadings before it, the fact pattern underlying Petitioner's conviction and sentence of death include an express finding by the jury that Petitioner did not have the intent to commit first-degree murder when the single bullet at issue herein was discharged. Sadly, even though it did not carry first-degree intent, that bullet did ricochet and in doing so it resulted in Lance Clark's death.

3. Petitioner contends the jury's express finding of no first-degree intent makes this case an outlier in the realm of capital punishment cases, both in this State as well as in the nation. Litigation of the claim containing the operative contentions implicated by this is presently stayed by order of this Honorable Court.

4. In an effort to pursue potential settlement of this matter, Petitioner previously sought and obtained an extension of ninety (90) days time to prepare and pursue in a meaningful manner a potential settlement of this matter. That time was helpful to Petitioner, but the scope of the factual issues underlying the equities of why Petitioner believes settlement is warranted is quite broad. The breadth and detail of the Ashmus litigation

make this point abundantly clear.[1]  Despite the exercise of due diligence, further time is required before Petitioner's counsel will be in a position to make the appropriate and properly documented assertions to maximize the potential for a settlement of this matter.

5.   Petitioner has requested assistance in this regard from third-parties, parties that are in a position to collate and provide meaningful data to Petitioner in support of his goals. However, those same parties have other obligations before the courts in this state (and elsewhere), and thus far have not been able to conclude those efforts.  They have informed Petitioner's counsel that they remain willing to assist but that additional time is necessary.

6.   Petitioner is aware he is lawfully entitled to seek funding under the Criminal Justice Act (18 U.S.C. 3006A) and related statutes to perform the extensive background work to compile these data.  If this Court so directs, he will certainly and willingly do so beginning forthwith.  Counsel is well aware of the substantial fiscal concerns this implicates, however.  For this reason, it has appeared more prudent for Petitioner's counsel to pursue these alternative and more economical approaches.  CJA staff have urged this course, and since there appears to date to be

---

[1] Ashmus v. Ayers, 4:93-cv-00594-YGR.  In his most recent status report in that matter, Petitioner Ashmus notified the district court that the proportionality claim raised in his matter remains pending (on exhaustion) before the California Supreme Court.  The Ashmus issue, similar to but narrower than that presented by Petitioner herein, has been underway before the district court since before Petitioner initiated the instant matter before this Honorable Court in 2011.

no prejudice to Petitioner, the undersigned counsel has voluntarily chosen to proceed in this manner.

7. As noted above, Petitioner has conceded his guilt of the offense of conviction. He has raised no claims that challenge the validity of his underlying conviction. His challenges go solely and squarely to the lawfulness of a death sentence based on a single bullet, found expressly by the jury not to have carried premeditation. Petitioner is simply not aware of any prejudice to any party that this additional time might present. There is no risk of a witness losing his memory of key events, or of the loss of any forensic evidence, or any of the other concerns that sometimes understandably attend to delays incurred during the litigation of collateral attacks in habeas.

8. Petitioner has inquired of Respondent as to whether Respondent would be willing to produce voluntarily to Petitioner the evidence that he seeks in support of these efforts. The response Petitioner received was not altogether clear on this point, but the fundamental nature of Respondent's overarching objection to this request for an extension suggested a reasonable interpretation was that no such voluntary disclosures would be forthcoming from Respondent. Petitioner remains willing and interested in pursuing production of those materials from Respondent if Respondent decides he is willing to make them available.

9. It has been, and remains, Petitioner's intention first to seek settlement with Mr. Eric Share, SDAG, who represents Respondent in this matter. Given Mr. Share's current indication

that he will oppose the relief Petitioner requests herein, it may well prove that is not a productive essay.

10. However, even if those efforts do not result in a settlement Petitioner will still seek to pursue settlement with such other individuals in the California Attorney General's Office as may be appropriate, including Counsel Antonette Cordero and the Honorable Xavier Becerra, Attorney General.

11. I have conferred with SDAG Eric Share, about my intention to seek this extension for this purpose. He has requested that I advise the Court that his office is opposed to the relief requested herein. It is my expectation that Respondent will make a responsive filing.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this day under the laws of the State of California.

Dated: August 9, 2018         s/Phillip A. Treviño