XAVIER BECERRA
Attorney General of California
RONALD S. MATTHIAS
Senior Assistant Attorney General
GLENN R. PRUDEN
Supervising Deputy Attorney General
ERIC D. SHARE
Supervising Deputy Attorney General
State Bar No. 151230
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3858
  Fax:  (415) 703-1234
  E-mail:  Eric.Share@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **ERNEST EDWARD DYKES,** | **CAPITAL CASE** |
| Petitioner, | 11-CV-04454-SI |
| v. | **RESPONDENTS OPPOSITION TO PETITIONER'S SECOND REQUEST FOR EXTENSION OF TIME TO FILE JOINT STATEMENT** |
| **RON DAVIS, Warden of San Quentin State Prison,** | |
| Respondent. | |

On March 27, 2018, this Court ordered the parties to file a joint statement on the status of petitioner's capital habeas case within 45 days of its order. Petitioner requested and received an extension of time to comply with this Court's order. Thus, on May 14, 2018, this Court ordered the parties to file a joint statement on the status of petitioner's capital habeas case by August 9, 2018. Despite requests from respondent, petitioner has not worked on such a joint statement. Instead, petitioner has now filed an ex parte request for a second extension of time to file the statement. Petitioner seeks another 60 days in which to file the statement. Respondent objects to

1

petitioner's request and to any further delay in this case.  We respectfully ask this Court to deny petitioner's request and to instead proceed to resolution of petitioner's unstayed habeas claims.

## PROCEDURAL HISTORY OF THIS CASE

In December 1995, a California court imposed a sentence of death on petitioner based on his conviction of the first degree murder of a nine-year-old boy.  The California Supreme Court affirmed his conviction of murder (and of other crimes including the attempted murder of the boy's grandmother) and his sentence of death in June 2009.  The California Supreme Court also denied petitioner's state habeas petition in August 2011.

Counsel for petitioner was appointed in this Court in December 2011, and petitioner filed his petition for writ of habeas corpus in December 2012.  Respondent filed its answer to the petition in December 2013.  Since that time, this case has been subjected to considerable delay.

After respondent filed its answer to the petition, the parties stipulated that petitioner would file his traverse by April 27, 2014.  Petitioner then sought and received several extensions of time in which to file his traverse.  Instead of filing that traverse, however, on September 26, 2014, petitioner moved for a stay of proceedings pending the Ninth Circuit's resolution of a case challenging California's death penalty system—*Jones v. Chappell*.  On May 14, 2015, this Court granted petitioner's motion and imposed a stay.  On August 31, 2015, the Ninth Circuit Court of Appeals rejected Jones's challenge to California's death penalty system.  *Jones v. Davis*, 806 F.3d 538 (9th Cir. 2015).  The Ninth Circuit denied a petition for rehearing en banc in *Jones* on February 8, 2016.  That Court issued its mandate on February 17, 2016.  The defendant did not file a petition for writ of certiorari in the United States Supreme Court, and the case is now final.  Sup. Ct.R. 13.1.

Accordingly, on June 20, 2016, respondent moved this Court for an order lifting its stay and setting a due date for petitioner's traverse.  On August 16, 2016, this Court lifted its stay and instructed the parties to file within 30 days a joint case management statement addressing a due date for petitioner's traverse.  Although respondent was prepared to comply with this Court's order regarding the statement, the day before it was due petitioner filed another motion to stay proceedings pending resolution of a different capital case, this one in District Court (*Ashmus v.*

1    *Chappell*, C-93-00594 YGR (N.D. Cal. 1993)), and seeking to vacate the due date for the joint

2    case management statement.  Respondent opposed the motion.  On December 16, 2016, this

3    Court granted in part and denied in part petitioner's motion.  The Court ordered that resolution of

4    petitioner's claim 1 would be deferred pending resolution of claim 7 in *Ashmus*, and that

5    petitioner was to file his traverse as to his other claims.[1]  After obtaining extensions of time,

6    petitioner filed his traverse on the unstayed claims on May 31, 2017 (about three and one half

7    years after respondent had filed its answer).

8    On March 27, 2018, this Court ordered the parties to prepare a joint statement outlining a

9    proposed litigation schedule for adjudication of petition's habeas petition.  The statement was to

10   be filed within 45 days of the order.  On May 11, 2018, petitioner filed an ex parte application for

11   extension of time to file the statement.  Petitioner stated that the extension of time was requested

12   so that he could pursue a proposed of settlement of this matter.  On May 14, 2018, this Court

13   granted petitioner's request and ordered that the joint statement be filed by August 9, 2018.

14   On July 30, 2018, respondent sent an e-mail to petitioner's counsel noting that the due date

15   for the joint statement was quickly approaching and asking him if he was preparing a draft of a

16   status report to send to respondent for our comments.  (Decl. of Eric D. Share in Support of

17   Opposition to Request for Extension of Time (Share Decl.) at ¶ 2.)  On August 1, 2018,

18   petitioner's counsel responded that he was awaiting some significant input from outside sources

19   regarding settlement prospects and expected to have it soon.  He said it would help inform how he

20   asked this Court to proceed, and that he would update me as soon as possible, and certainly in

21   advance of our filing deadline.  (Share Decl. at ¶ 3.)  Having heard nothing more, respondent

22   contacted petitioner's counsel again by e-mail on August 6, 2108, to inquire as to the status of the

23   _____

        [1] When claim 7 in Ashmus's federal habeas proceeding will be resolved is unknown.
24   After allowing Ashmus to present evidence on claim 7 at an evidentiary hearing in November
     2010, as well as receiving post-evidentiary hearing briefing on claim 7, Judge Thelton Henderson
25   ultimately concluded claim 7 was unexhausted.  Thus, on July 9, 2014, he ordered the federal
     proceeding stayed and in abeyance pending exhaustion of not only claim 7, but claims 4 and 5, as
26   well.  *See Ashmus v. Davis*, N.D. Cal. 93-cv-00594-YGR, Doc. 516.  Ashmus filed his exhaustion
     petition in the California Supreme Court on September 8, 2014.  Informal briefing was completed
27   on January 26, 2015, and the matter remains under submission.  *See In re Ashmus*, No. S221081,
     http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2086893&doc_no
28   =S221081&request_token=NiIwLSIkXkw3WyBBSCNNTEhIQEQ0UDxTISJORzJTICAgCg%3
     D%3D (last visited Aug. 13, 2018).

3

1    joint statement.  (Share Decl. at ¶ 4.)  On August 8, 2018, the day before the joint statement was

2    due, petitioner's counsel responded by e-mail that he intended to ask this Court for another

3    extension of time to file the joint statement to pursue an unspecified attempt at resolution of this

4    matter.  He again indicated that he was still seeking information from outside sources to support

5    the disproportionality claim in the petition, and the scope of the requests is fairly large.  He did

6    not, however, send respondent a draft of what he intended to file with the court.  (Share Decl. at ¶

7    5.)  That same day, respondent informed petitioner's counsel that respondent would object to any

8    further requests for an extension of time to file the joint statement.  (Share Decl. at ¶ 6.)  On the

9    evening of August 9, 2018, respondent received notice from this court that petitioner had filed an

10   ex parte application for a second extension of time to file the joint statement.  Because petitioner

11   did not work with respondent on a joint statement, respondent was unable to comply with this

12   Court's order requiring the parties to file such a statement by August 9, 2018.

13   **RESPONDENT REQUESTS THAT THIS COURT PROCEED TO RESOLUTION OF THE**
     **UNSTAYED CLAIMS OF THE PETITION**

14

15       Given the above circumstances, respondent respectfully requests that this Court deny

16   petitioner's request for a second extension of time to file a joint statement and instead proceed

17   directly to ruling on the unstayed claims in the petition.  Respondent has been ready and willing

18   to work with petitioner on the joint statement this Court ordered, but petitioner has not been

19   willing to do so.  As he now does in his ex parte request for a second extension of time, petitioner

20   has told respondent that he has not been prepared to work on a joint statement because he is

21   pursuing information for some type of extrajudicial settlement proposal.  The nature of a

22   settlement proposal, a description of the nature and extent of efforts in which petitioner is

23   engaged in pursuit of settlement, and a timeline for any such proposal are far from clear.

24       For example, petitioner in his ex parte application states that he needs another extension of

25   time to file a joint statement so he "can continue his preparations in pursuit of a proposed

26   settlement of this matter with Respondent."  (Application at p. 1.)  Petitioner gives no detail for

27   this Court, or respondent, to understand petitioner's plans.  Since settlement of a state capital case

28   is not part of the habeas proceedings in this Court, it is uncertain what the nature of a settlement

4

1 proposal would be.  Moreover, petitioner states that he has requested assistance from unidentified
2 third parties, but those parties have other obligations.  He asserts that they are willing to assist,
3 but that additional time is necessary for them to do so.  He gives this Court and respondent,
4 however, no description of who he has contacted, what type of information he seeks, or an
5 estimate of how much longer will be needed for those parties to provide the information he seeks.

6      Petitioner asserts that he is aware he is entitled to ask for funding from this court "to
7 perform the extensive background work to compile these data" that he believes he needs, but does
8 not intend to seek those funds unless "this Court so directs."  (Application at p. 4.)  Thus, this too
9 is not a reason for another extension of time to file a joint statement.

10      Petitioner further states he has "inquired of Respondent as to whether Respondent would be
11 willing to produce voluntarily to Petitioner the evidence that he seeks in support of these efforts."
12 (Application at p. 5.)  He contends that the "response Petitioner received was not altogether
13 clear," and he believes that "no such voluntary disclosure would be forthcoming from
14 Respondent."  (Application at p. 5.)  We do not agree with this characterization.  Petitioner has
15 made no formal request for any discovery on any issue from respondent.  Thus, respondent has no
16 way of knowing the nature of the information petitioner would be seeking, the form of any such
17 request, whether the requested information would be relevant to the issues in the case, and
18 whether respondent would even have responsive information.  Hence it is, of course,
19 understandable and expected that respondent was not able to respond to petitioner at this time,
20 and respondent cannot be faulted for not doing so.

21      Furthermore, although it is not clear, from petitioner's ex parte application for a second
22 extension of time, it appears he might be seeking information from third parties or discovery from
23 respondent in order to support claim 1 of his petition.  Claim 1 of the petition, however, has been
24 stayed by this Court at petitioner's request.  For this reason as well another extension of time to
25 file a joint statement would not be justified.

26 **CONCLUSION**

27      Given that petitioner's petition for writ of habeas corpus was filed in December 2012,
28 respondent's answer was filed in December 2013, and petitioner's partial traverse was filed in

1    May 2017, respondent sees no need for, and opposes, further delay in resolving petitioner's

2    unstayed claims.  Thus, we respectfully request that this Court deny petitioner's ex parte

3    application for a second extension of time to file a joint statement, and proceed instead to

4    resolution of the unstayed claims of the petition.  Those claims are fully briefed, and any efforts

5    in which petitioner may be engaged to gather information would not affect this court's ability to

6    resolve the claims at this time.

7         Were this Court to grant petitioner's request for an extension of time to file a joint

8    statement, however, we note that the date petitioner proposes for the statement (October 8, 2018)

9    does not work for respondent.  Respondent's counsel will be on a pre-planned leave from the

10   office from September 17 through October 15, 2018 (and out of the country for part of that

11   period).  Respondent thus proposes that instead of 60 days, the date for the statement be extended

12   by 32 days to Monday, September 10, 2018.

13   Dated:  August 13, 2018                          Respectfully submitted,

14                                                    XAVIER BECERRA
                                                      Attorney General of California
15                                                    RONALD S. MATTHIAS
                                                      Senior Assistant Attorney General
16                                                    GLENN R. PRUDEN
                                                      Supervising Deputy Attorney General
17

18                                                    /s/ Eric D. Share

19                                                    ERIC D. SHARE
                                                      Supervising Deputy Attorney General
20                                                    *Attorneys for Respondent*

21   SF2011202695
     42029210.docx
22

23

24

25

26

27

28

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Ernest Edward Dykes v. Ron Davis, Warden of San Quentin State Prison**

No.:          **11-CV-04454-SI**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On August 13, 2018, I served the attached

**RESPONDENTS OPPOSITION TO PETITIONER'S SECOND REQUEST FOR EXTENSION OF TIME TO FILE JOINT STATEMENT;**

**DECLARATION OF ERIC D. SHARE IN SUPPORT OF RESPONDENT'S OPPOSITION TO PETITIONER'S SECOND REQUEST FOR EXTENSION OF TIME TO FILE JOINT STATEMENT**

by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

California Appellate Project
101 Second Street, Suite 600
San Francisco, CA 94105-3647

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 13, 2018, at San Francisco, California.

| J. Wong | J Wo |
| --- | --- |
| Declarant | Signature |

SF2011202695
42031513.docx