XAVIER BECERRA
Attorney General of California
RONALD S. MATTHIAS
Senior Assistant Attorney General
GLENN R. PRUDEN
Supervising Deputy Attorney General
ERIC D. SHARE
Supervising Deputy Attorney General
State Bar No. 151230
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 510-3858
 Fax: (415) 703-1234
 E-mail: Eric.Share@doj.ca.gov
*Attorneys for Respondent*

PHILLIP A. TREVIÑO
State Bar No. 121119
137 N. Larchmont Blvd., #801
Los Angeles, CA 90004
Telephone: (213) 949-8000
E-mail: ptrevino@samben.us
*Attorney for Petitioner Ernest Dykes*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ERNEST EDWARD DYKES,<br><br>                              Petitioner,<br><br>v.<br><br>RON DAVIS, Warden of San Quentin State Prison,<br><br>                              Respondent. | CAPITAL CASE<br><br>11-CV-04454-SI<br><br>**JOINT STATEMENT REGARDING LITIGATION SCHEDULE FOR ADJUDICATION OF CAPITAL HABEAS PETITION** |

On August 24, 2018, this Court ordered the parties to file a joint statement by September 10, 2018, outlining a litigation schedule for the adjudication of the capital habeas petition. By this statement, the parties describe the current status of the case and their respective positions regarding future proceedings.

## PROCEDURAL HISTORY OF THIS CASE

In December 1995, a California court imposed a sentence of death on petitioner based on his conviction of the first degree murder of a nine-year-old boy. The California Supreme Court affirmed his conviction of murder (and of other crimes including the attempted murder of the boy's grandmother) and his sentence of death in June 2009. The California Supreme Court also denied petitioner's state habeas petition in August 2011.

Counsel for petitioner was appointed in this Court in December 2011, and petitioner filed his petition for writ of habeas corpus in December 2012. Respondent filed its answer to the petition in December 2013.

After respondent filed its answer to the petition, the parties stipulated that petitioner would file his traverse by April 27, 2014. Petitioner then sought and received several extensions of time in which to file his traverse. On September 26, 2014, prior to filing a traverse, petitioner moved for a stay of proceedings pending the Ninth Circuit's resolution of a case challenging California's death penalty system—*Jones v. Chappell*. On May 14, 2015, this Court granted petitioner's motion and imposed a stay. On August 31, 2015, the Ninth Circuit Court of Appeals rejected Jones's challenge to California's death penalty system. *Jones v. Davis*, 806 F.3d 538 (9th Cir. 2015). The Ninth Circuit denied a petition for rehearing en banc in *Jones* on February 8, 2016. That Court issued its mandate on February 17, 2016. The defendant did not file a petition for writ of certiorari in the United States Supreme Court, and the case is now final. Sup. Ct.R. 13.1.

Accordingly, on June 20, 2016, respondent moved this Court for an order lifting its stay and setting a due date for the filing of petitioner's traverse. On August 16, 2016, this Court lifted its stay and instructed the parties to file within 30 days a joint case management statement addressing a due date for petitioner's traverse. On September 14, 2016 (the day before the statement was due), petitioner filed another motion to stay proceedings pending resolution of a different capital case, this one in District Court (*Ashmus v. Chappell*, C-93-00594 YGR (N.D. Cal. 1993)), and seeking to vacate the due date for the joint case management statement. Petitioner sought to stay all proceedings in his case pending resolution of Claim 7 in *Ashmus*, which contends that California's death penalty statute fails to narrow the class of offender's

2

eligible for the death penalty and results in imposition of death in an arbitrary and capricioius manner. Respondent opposed the motion. On December 16, 2016, this Court granted in part and denied in part petitioner's request for a stay. This Court ordered that resolution of Claim 1 of petitioner's petition would be deferred pending resolution of Claim 7 in *Ashmus*. The Court denied the stay as to the other claims in the petition and ordered petitioner to file his traverse within 60 days. Claim 1 of petitioner's petition contends: "Petitioner's death sentence is invalid because California's death penalty scheme is invalid because California's death penalty scheme is fundamentally flawed in numerous respects both on its face and as applied to petitioner."[1] After obtaining extensions of time, petitioner filed his traverse on the unstayed claims on May 31, 2017 (about three and one half years after respondent had filed its answer).

On March 27, 2018, this Court ordered the parties to prepare a joint statement outlining a proposed litigation schedule for adjudication of petition's habeas petition. The statement was to be filed within 45 days of the order. On May 11, 2018, petitioner filed an ex parte application for extension of time to file the statement. Petitioner stated that the extension of time was requested so that he could pursue a proposed of settlement of this matter. On May 14, 2018, this Court granted petitioner's request and ordered that the joint statement be filed by August 9, 2018.

On August 9, 2018, petitioner filed an ex parte application to extend by 60 days the time for the filing of the joint statement. Respondent opposed the request. On August 24, 2018, this Court granted an extension until September 10, 2018, for the filing of the joint statement.

The parties have not reached agreement on how they would suggest the Court proceed in this case. As a result, each party sets forth its position below.

---

[1] When claim 7 in Ashmus's federal habeas proceeding will be resolved is unknown. After allowing Ashmus to present evidence on claim 7 at an evidentiary hearing in November 2010, as well as receiving post-evidentiary hearing briefing on claim 7, Judge Thelton Henderson ultimately concluded claim 7 was unexhausted. Thus, on July 9, 2014, he ordered the federal proceeding stayed and in abeyance pending exhaustion of not only claim 7, but claims 4 and 5, as well. *See Ashmus v. Davis*, N.D. Cal. 93-cv-00594-YGR, Doc. 516. Ashmus filed his exhaustion petition in the California Supreme Court on September 8, 2014. Informal briefing was completed on January 26, 2015, and the matter remains under submission. *See In re Ashmus*, No. S221081, http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2086893&doc_no=S221081&request_token=NiIwLSIkXkw3WyBBSCNNTEhIQEQ0UDxTISJORzJTICAgCg%3D%3D (last visited Aug. 13, 2018).

3

### RESPONDENT'S POSITION REGARDING LITIGATION SCHEDULE

Respondent's position regarding further proceedings is quite simple. Given the above timeline of this case, respondent respectfully requests that this Court proceed directly to resolving the unstayed claims in petitioner's petition. At least to the unstayed claims, the case is fully briefed and has been since May 31, 2017 (approximately four and one half years since the petition originally was filed).

As this Court recognized in its order granting in part and denying in part the request for a stay of all proceedings pending resolution of Claim 7 in *Ashmus*, a complete stay was not necessary. Even while *Ashmus* is pending, there is no reason the unstayed claims cannot be adjudicated. Both parties would benefit from this Court's resolution of those claims. Also, there are presently no outstanding motions to be decided.

Petitioner in his statement below indicates that he anticipates filing various motions with this Court in the near future. Respondent, of course, will respond to any motion that is actually filed. In the meantime, we make the following observations. First, petitioner states that he proposes to file a motion for discovery. We do not believe such a motion could be meritorious given that there can be no discovery on the pending claims. See *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits"). Thus, a discovery motion does not form a based for delaying resolution of the unstayed claims.

Second, petitioner states he anticipates presenting a motion to renew his previously made, and denied, motion to amend the petition to incorporate a claim based on *Jones v. Davis*, 806 F.3d 538 (9th Cir. 2015). As petitioner acknowledges, the issue in *Jones* was decided adversely to his position by the Ninth Circuit. Moreover, *Jones* was decided by the Ninth Circuit in November 2015. In the years since then, petitioner has not renewed his motion to amend. Thus, we do not believe there should be further delay in this case based on a claim already rejected by the Ninth Circuit, which would be binding on this Court, and which petitioner could have brought in a timelier manner.

Third, counsel states that he is evaluating whether to move this court to vacate the stay he previously requested, and which this Court granted, based on the *Ashmus* case. Should petitioner bring such a motion, that would be further justification for proceeding with this matter now. Should he decide not to do so, that would be further reason to proceed with the unstayed claims without further delay.

Fourth, petitioner suggests that rather than proceeding on the current briefing in this case, this Court should set a briefing schedule for new briefing on the individual claims. Respondent strongly objects to such a course of action. The unstayed claims are fully briefed and have been for some time. Petitioner suggests that developments in capital case law mean that further briefing is required, but does not specify to what developments he refers. Should this Court determine as it is resolving the claims that it requires further briefing on a specific issue, it could request it at that time. But to brief again all the claims in the petition is not a reasonable use of this Court's and the parties' resources and can only lead to further unjustified delay.

Finally, on September 4, 2018, petitioner's counsel sent an e-mail to Attorney General Xavier Becerra and Chief of Legal Affairs Antonette Cordero asking them if they would be willing to discuss this case with him. Any such extra-judicial discussion, even should it occur, does not affect this Court's ability to resolve the unstayed claims now and is not a basis for further delay.

**Petitioner's Position Regarding Litigation Schedule**

Petitioner respectfully suggests the next stage for proper adjudication of this matter is for the matter to proceed to discovery. He proposes to file a motion for discovery, and asks that the Court set a date no sooner than October 15, 2018, for presentation of that motion.[2]

Although Respondent makes the assertion that no discovery can be had, the case law does not support his bold assertion. Even after Pinholster, in appropriate cases and with appropriate showings, habeas petitioners have properly been found to be entitled to conduct discovery during

---

[2] Counsel for Petitioner is engaged in finalizing the direct criminal appeal briefing before the Ninth Circuit in a complex and extended gang prosecution. United States v. Iraheta, CA 15-50241. The jury trial in that matter spanned thirty-seven (37) days. The opening brief is due in another two weeks and it will be filed on time. Following completion of that matter counsel can turn his full attention to this matter.

5

federal habeas proceedings. The question of whether discovery will be afforded to Petitioner on his claims is properly the subject of a fully briefed motion, not a perfunctory assertion in a case management statement such as that offered by Respondent.

Petitioner also anticipates presenting a motion to renew his previously made motion to amend the petition to incorporate his Jones claim. Petitioner understands this matter has been decided adversely by the Ninth Circuit and, in deference to that decision, he will not seek to re-litigate the Jones issue before this Court. He simply wishes to perfect his ability to pursue the matter before a higher Court if and when it may be appropriate to do so.

Finally, counsel is evaluating whether to move this Court to vacate the stay it previously issued on Claim One pending a final resolution in the Ashmus matter of a similar claim. There are a number of layers to this issue, and the matter is still under evaluation. Petitioner does believe, however, that he can make a final decision on that issue by October 15, 2018, and he will endeavor to do so. In part, if such a motion is presented to this Honorable Court, its goal will be to ensure Petitioner's various claims are not inadvertently prejudiced by allowing this critical litigation to proceed piecemeal.[3]

Even setting aside the issue of discovery, Petitioner disagrees with Respondent's view that the Court should now simply proceed to adjudicate the claims presented in the petition based on the briefing currently before it. Rather, given the ongoing developments in capital case law (both at the Circuit and the U.S. Supreme Court), it would be more prudent and appropriate for the Court to set a briefing schedule for the individual claims. Petitioner emphasizes, however, that for the matter to proceed to that phase without consideration of the appropriateness and scope of discovery would be an injustice and error in this particular case.

Petitioner notes further that, as Respondent is clearly aware, there are no claims presented in the petition to challenge the lawfulness of the underlying conviction. The claims presented in this matter challenge only the sentence of death.

---

[3] As Respondent notes, and as this Court surely recalls, it was Petitioner's original request that the stay govern the entirety of this case. With appropriate deference to this Honorable Court, Petitioner understands this Court denied that portion of his request. However, it may simply be this needs reconsideration at this juncture.

| | | |
|---|---|---|
| 1 | Dated: September 10, 2018 | Respectfully submitted, |
| 2 | | XAVIER BECERRA<br>Attorney General of California |
| 3 | | RONALD S. MATTHIAS<br>Senior Assistant Attorney General |
| 4 | | GLENN R. PRUDEN<br>Supervising Deputy Attorney General |
| 5 | | |
| 6 | | /s/ Eric D. Share |
| 7 | | ERIC D. SHARE<br>Supervising Deputy Attorney General |
| 8 | | *Attorneys for Respondent* |
| 9 | | |
| 10 | | PHILLIP A. TREVIÑO |
| 11 | | /s/ Phillip A. Treviño |
| 12 | | *Attorney for Petitioner Ernest Dykes* |
| 13 | SF2011202695<br>42045695.docx | |

# CERTIFICATE OF SERVICE

Case Name:  **Ernest Edward Dykes v.**            No.   **11-CV-04454-SI**
            **Ron Davis, Warden of San**
            **Quentin State Prison**

I hereby certify that on September 10, 2018, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**JOINT STATEMENT REGARDING LITIGATION SCHEDULE FOR ADJUDICATION OF CAPITAL HABEAS PETITION**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on September 10, 2018, at San Francisco, California.

|              Nelly Guerrero              |        /s/ Nelly Guerrero        |
|------------------------------------------|----------------------------------|
|                 Declarant                |            Signature             |

SF2011202695
42045703.docx