**PHILLIP A. TREVIÑO** [SBN 121119]
137 N. Larchmont Blvd., #801
Los Angeles, California 90004
Telephone: (213) 949-8000

Attorney for Petitioner
ERNEST DYKES

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ERNEST DYKES**, | Case No. 11-CV-04454-SI |
| Petitioner, | |
| v. | MOTION TO LIFT STAY OF CLAIM ONE IN ORDER THAT PETITIONER MAY PROCEED ON THE MERITS OF THAT |
| **KEVIN CHAPPELL, Warden,** | CLAIM, AND IN ORDER THAT SAID CLAIM BE LITIGATED FULLY AND IN |
| Respondent. | UNISON WITH THE REMAINING CLAIMS PENDING IN THIS MATTER |

**DEATH PENALTY CASE**

On December 16, 2016, this Honorable Court granted Petitioner's request that Claim One in this matter be stayed pending a resolution of Claim Seven in another capital habeas matter pending in this District, <u>Ashmus v. Davis</u>, C 93-594-YGR. (Docket Control Number "DCN" 46)

As Petitioner noted when he sought that stay, there is substantial similarity between the legal claims presented in these two matters. It appeared to be prudent in several ways for Claim One in this matter to be staying pending a resolution of Claim Seven in the <u>Ashmus</u> matter.[1,2]

---

[1] As of the last status report filed on September 24, 2018,
(continued...)

1    In its order granting a stay as to Petitioner's Claim One, this
2 Court noted that Claim One and Ashmus's Claim Seven "do indeed share
3 significant similarities."  (DCN 46; Order at 2, lines 21-22.)
4    At the same time, however, this Honorable Court denied
5 Petitioner's further request that the entirety of these proceedings
6 be stayed.  Petitioner thereafter made a diligent effort to proceed
7 consistent with the Court's order.  In particular, Petitioner
8 thereafter proceeded to file a traverse responding to Respondent's
9 arguments concerning the remainder of his claims.  (DCN 58)
10    However, while preparing a motion for discovery in this matter
11 (consistent with this Court's scheduling orders), Petitioner has
12 simply been compelled to conclude his legal interests are ill-served
13 by proceeding with discovery in a piecemeal fashion.[3]  This is not a
14 new premise; indeed it is fully consistent with Claim Eight in the
15 petition, which alleges the cumulative prejudice he has suffered
16 should be assessed globally.  (Claim Eight of Petition, at 208-11)
17    Petitioner recognizes the validity of the Court's order denying
18 the full stay that he requested, but at this time following
19 substantial further evaluation of this record and the claims before

---

[1](...continued)
in the Ashmus matter, that matter remains pending exhaustion in the California Supreme Court.  It has been in that status for several years now.

[2]    Noting that Claim one would appear to be dispositive of all pending claims, in the alternative Petitioner moved to have the matter be bifurcated and to have that claim proceed first.  This is an economical and fully acceptable means by which capital matters may proceed.  Blazak v. Ricketts, 971 F.2d 1408 (9th Cir. 1992).  This Honorable Court declined to follow that suggestion.

[3]    Petitioner notes he will and does seek discovery not only on Claim One, but also on Claims Two (¶211), and Three (¶371).

the Court, Petitioner he now respectfully retracts his prior motion for a stay of Claim One.  He further moves this Honorable Court for an order allowing him to proceed on all of his claims in unison rather than to have them handled in this matter.[4]

Petitioner accordingly and respectfully now moves that the stay of Claim One be lifted at this time, and that Petitioner thereupon be allowed to motion this Court for such further procedural relief as may appear warranted.[5]

Respectfully submitted,

Dated: February 6, 2019        s/Phillip A. Treviño

---

[4] In support of this request, Petitioner further notes the substantial delay the Ashmus matter has already endured.  He has no means of ensuring the Ashmus matter proceeds in a meaningful way so that his interests in his other claims, and their interplay with Claim One, not be jeopardized.

[5] Petitioner specifically notes that inter alia he will seek leave of this Honorable Court to supplement his already filed Traverse so as to include a response to Respondent's Answer to Claim One.