XAVIER BECERRA
Attorney General of California
GLENN R. PRUDEN
Supervising Deputy Attorney General
ERIC D. SHARE
Supervising Deputy Attorney General
State Bar No. 151230
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3858
 Fax:  (415) 703-1234
 E-mail:  Eric.Share@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **ERNEST EDWARD DYKES,**<br><br>                                          Petitioner,<br><br>    v.<br><br>**RONALD DAVIS, Warden of San Quentin State Prison,**<br><br>                                          Respondent. | 11-CV-04454-SI<br><br>**DEATH PENALTY CASE**<br><br>**CONSENT TO PETITIONER'S MOTION TO LIFT STAY; MOTION TO SET DATE FOR TRAVERSE; MOTION TO AGAIN SET DATE FOR DISCOVERY MOTION** |

   On February 6, 2019, Petitioner was scheduled to file with this Court a long-promised discovery motion in this capital case.  Instead, Petitioner has filed a motion to lift a stay on one of the claims in his petition for writ of habeas corpus.  As explained in detail below, Respondent does not object to lifting of the stay; he agrees the stay should be lifted.  In addition, Respondent respectfully moves this Court for the setting of a 30-day deadline for the filing of a Traverse on the previously stayed claim, and a 30-day deadline for petitioner to file any discovery motion, if he indeed still intends to do so.

   The history of this case in this Court has been long.  Petitioner, who was sentenced to death in California for the 1995 murder of a nine-year-old boy, originally filed his petition for writ of

1  habeas corpus in December 2012.  Respondent filed his Answer in 2013.  Rather than filing his
2  Traverse, Petitioner obtained various stays of proceedings.  Finally, on December 16, 2016, this
3  Court ordered petitioner to file his Traverse.  However, at Petitioner's request, and over
4  Respondent's objection, it stayed Claim One of the petition pending resolution of claims in
5  another capital case—*Ashmus v. Chappell*, C-93-594 YGR (N.D. Cal. 1993).  In July 2017,
6  Petitioner filed a Traverse to all but Claim One of his petition.

7  After Petitioner sought extensions of time to file a joint case management statement, the
8  parties eventually filed the statement, and this Court issued a scheduling order on October 22,
9  2018.  Given that Petitioner had stated that he intended to file a discovery motion, the Court's
10 order stated that "Petitioner shall file a motion for discovery within 45 days of the date of this
11 order," i.e., December 6, 2018.  On December 6, 2018, Petitioner filed an application to extend
12 the time to file his discovery motion by 30 days, i.e., until January 7, 2019.  In the motion,
13 Petitioner stated, "[s]ince receiving this Court's order setting the current scheduling in effect in
14 this matter, I have been working diligently toward preparing a motion for discovery.  However,
15 given the magnitude of issues to be presented therein, as well as the gravity of this matter, despite
16 the exercise of due diligence I have not been able to complete this motion consistent with the
17 current scheduling in effect."  Respondent did not oppose petitioner's motion, and this Court
18 granted the extension.

19 On January 7, 2019, Petitioner filed another application for an extension of time to file a
20 discovery motion, until February 6, 2019.  In the motion, Petitioner stated that he "was due to file
21 his motion for discovery in this matter today.  Counsel has executed due diligence and had hoped
22 to accomplish this filing on this schedule.  However, the undersigned has encountered huge time
23 challenges despite his best efforts" due to the demands of selling his house.  "For this reason,
24 respectfully and humbly, counsel seeks this extension, and informs the Court that if granted this
25 extension he has no expectation whatsoever that any further extension will be necessary."
26 Respondent did not oppose the motion, and this Court granted an extension to February 6, 2019.
27 On February 6, 2019, Petitioner did not file a discovery motion.  Instead, Petitioner filed a
28 motion to lift the stay on Claim One of his petition for writ of habeas corpus.  Respondent does

1  not oppose this motion.  Respondent, who objected to the stay originally, agrees there is no

2  justification for it now.  Hence, Respondent joins in Petitioner's request that this Court

3  immediately lift its stay on Claim One of Petitioner's petition for writ of habeas corpus.

4        Respondent also asks this Court to set a deadline of 30 days from the date of the lifting of

5  the stay on Claim One for Petitioner to file a Traverse to Respondent's Answer to Claim One.  In

6  his request to lift the stay, Petitioner sets no proposed date for the filing of his Traverse.  Instead,

7  in a footnote, he merely states: "Petitioner specifically notes that _inter alia_ he will seek leave of

8  this Honorable Court to supplement his already filed Traverse so as to include a response to

9  Respondent's Answer to Claim One." (Mot. at p. 3, fn. 5.)  Given the substantial delay that has

10  already occurred in this case, Respondent sees no need for further proceedings simply to set a

11  date for the Traverse to Claim One. We respectfully ask the Court to set that date now at the

12  same time it lifts the stay.

13        Respondent also asks that this Court again set a firm deadline for any discovery motion

14  Petitioner intends to file concomitant with the filing of the Traverse to Claim One.  In the

15  alternative, Respondent asks that this Court not to defer proceeding to resolve the petition for writ

16  of habeas corpus while Petitioner prepares any discovery motion.  In his motion to lift the stay as

17  to Claim One, Petitioner says nothing as to a new firm date for filing a discovery motion.  All he

18  says is that he "has simply been compelled to conclude his legal interests are ill-served by

19  proceeding with discovery in a piecemeal fashion.  [¶]  Petitioner notes he will and does seek

20  discovery not only on Claim One, but also on Claims Two (¶211), and Three (¶371)." (Mot. at p.

21  2 & fn. 3.)  This vague language gives this Court and Respondent no insight as to Petitioner's

22  plans.  Given the substantial delay that has already occurred in this case based on Petitioner's

23  general comments regarding an intention to file some sort of discovery motion, Respondent does

24  not believe that it is in this Court's, the People's, or Respondent's interests to permit further open-

25  ended delay on this basis.

26        Consequently, given counsel's previous representations that he already had been working

27  with due diligence to complete a discovery motion, Respondent respectfully requests that this

28

1  Court set a 30-day deadline from the lifting of the stay on Count One for any such motion to be
2  filed.

3  In the alternative, Respondent respectfully requests that this Court proceed to resolve the
4  claims in this petition upon filing of the Traverse to Claim One without waiting for Petitioner to
5  file a discovery motion.  We note that a discovery motion is not a compulsory or necessary
6  component of a federal capital petition for writ of habeas corpus.  Indeed, Respondent does not
7  believe any such motion is proper or will be successful since this Court must review the Petition
8  based only upon the evidence presented in the state court, and no discovery was sought or
9  obtained in the state courts.  See *Cullen v. Pinholster*, 563 U.S. 170, 181-83 (2011).  If Petitioner
10 does file a discovery motion, the parties certainly can litigate it at that time.  There is no reason,
11 however, to continue to delay proceedings in anticipation of Petitioner possibly doing so in some
12 form at some future date.

13 In conclusion:  (1) Respondent concurs that this Court should lift the stay as to Claim One
14 of the petition for writ of habeas corpus; (2) Respondent asks this Court to set a deadline of 30
15 days from the lifting of the stay for Petitioner to file his Traverse on Claim One; (3) Respondent
16 asks this Court to set a deadline of 30 days from the lifting of the stay for Petitioner to file a
17 discovery motion, or, if Petitioner does not do so, Respondent asks this Court to proceed to
18 resolution of the petition without further delay for the filing of a discovery motion.

20 Dated:  February 8, 2019                           Respectfully submitted,

21                                                   XAVIER BECERRA
                                                     Attorney General of California
22                                                   GLENN R. PRUDEN
                                                     Supervising Deputy Attorney General
23

24                                                   /s/ Eric D. Share

25                                                   ERIC D. SHARE
                                                     Supervising Deputy Attorney General
26                                                   *Attorneys for Respondent*

27 SF2011202695
   42115693.docx
28

4

*Ernest Edward Dykes v. Ronald Davis*  (11-CV-04454-SI)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: **Ernest Edward Dykes v. Ron Davis, Warden of San Quentin State Prison**

No.: **11-CV-04454-SI**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On February 8, 2019, I served the attached

**CONSENT TO PETITIONER'S MOTION TO LIFT STAY; MOTION TO SET DATE FOR TRAVERSE; MOTION TO AGAIN SET DATE FOR DISCOVERY MOTION**

by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

California Appellate Project
101 Second Street, Suite 600
San Francisco, CA 94105-3647

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on February 8, 2019, at San Francisco, California.

| J. Wong | J Wng |
|---|---|
| Declarant | Signature |

SF2011202695
42116256.docx