XAVIER BECERRA
Attorney General of California
LANCE E. WINTERS
Chief Assistant Attorney General
JAMES WILLIAM BILDERBACK II
Senior Assistant Attorney General
ALICE B. LUSTRE
Acting Supervising Deputy Attorney General
ERIC D. SHARE
Supervising Deputy Attorney General
State Bar No. 151230
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3858
 Fax:  (415) 703-1234
 E-mail:  Eric.Share@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **ERNEST EDWARD DYKES,** | 11-CV-04454-SI |
| Petitioner, | **RESPONDENT'S RESPONSE TO PETITIONER'S MOTION TO WITHDRAW CLAIMS TWO THROUGH EIGHT OF THE PETITION; NOTICE OF EXCEPTION TO DENIAL OF DISCOVERY; NOTICE OF REQUEST FOR JUDGMENT ON CLAIM ONE; REQUEST FOR CERTIFICATE OF APPEALABILITY** |
| v. | |
| **RON BROOMFIELD, Acting Warden of San Quentin State Prison,** | |
| Respondent. | |
| | **DEATH PENALTY CASE** |

On April 14, 2020, petitioner filed a motion in this capital writ of habeas corpus case entitled: "Motion to Withdraw Claims Two through Eight of the Petition; Notice of Exception to Denial of Discovery Notice of Request for Judgment on Claim One; Request for Certificate of Appealability." Respondent submits this response to his motion.

As brief background as to the status of this case, petitioner originally filed his petition for writ of habeas corpus on December 21, 2012. Respondent filed its answer on December 13,

1

2013. Following various motions and stays, petitioner filed a partial traverse on June 15, 2017, addressing Claims Two through Eight. Again following, various other proceedings, he then filed the rest of his traverse on April 1, 2019, addressing Claim One. After receiving several extensions of time, petitioner filed a motion for discovery in this Court on May 5, 2019. This Court denied that motion on February 20, 2019.

The stated goal of petitioner's present motion is his request that this "Court now enter judgment against him as to the hereby amended and minimized petition, viz., as to claim one (since it will be the only remaining claim). He makes this request so that he may respectfully seek higher review of this Court's order denying discovery and its judgment thereupon." Mot. at 1-2.[1] In order to seek immediate review of this Court's discovery motion, he proposes two alternatives—(1) that he be permitted to withdraw Claims Two through Eight of his petition "without prejudice" so that he may move to reinstate them in the event that his ensuing appeal from this Court's order denying him discovery is reversed by a higher court; or, (2) in the alternative, that he will withdraw Claims Two through Eight "on his own." Mot. at 1.

Respondent takes no position on petitioner's general decision whether to withdraw claims of his petition. Instead, we write to explain that the only way petitioner can obtain immediate review by a higher court of this Court's decision on Claim One and its order denying discovery is by having a final ruling on his habeas petition that is an appealable order from this Court. In other words, he would need a final ruling and order on Claim One and a certificate of appealability, and he would have to withdraw Claims Two through Eight with prejudice. Moreover, he would not be able to reinstate Claims Two through Eight at a later time, no matter a higher court's ruling on this Court's order on Claim One and/or its order denying him discovery.

There are two reasons petitioner must dismiss Claims Two through Eight with prejudice and forego renewing them at a later time in order to appeal immediately any order of this Court on Claim One and discovery. First, interlocutory appeals of District Court decisions to the Circuit

---

[1] Claim One of the petition alleges: "Petitioner's Death Sentence Is Invalid Because California's Death Penalty Scheme Is Fundamentally Flawed in Numerous Respects; Both on its Face and as Applied to Petitioner." It was to this claim that petitioner's discovery motion was directed.

2

1 Courts of Appeals are generally not permitted, only appeals of final decisions are permitted.  The
2 rule on finality of decisions is stated in 28 U.S.C. § 1291, which provides in relevant part:  "The
3 courts of appeals . . . shall have jurisdiction from all final decisions of the district courts of the
4 United States . . . ."  "A 'final decisio[n]' is typically one 'by which a district court disassociates
5 itself from a case.'  [Citation].)"  *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 106
6 (2009.)

7     Pursuant to 28 U.S.C. § 1292, interlocutory appeals of District Court orders to the Courts of
8 Appeals are permitted only in certain limited circumstances.  This Court's order denying
9 petitioner's request for discovery would not be an order qualifying for interlocutory review.
10 "Appealable collateral orders belong to 'that small class [of orders] which finally determine
11 claims of right separable from, and collateral to, rights asserted in the action, too important to be
12 denied review and too independent to the cause itself to require that appellate consideration be
13 deferred until the whole case is adjudicated.'  [*Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S.
14 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).]"  *Osband v. Woodford*, 290 F.3d 1036, 1039 (9th
15 Cir. 2002.)  The Ninth Circuit stated in *Osband* that to be appealable, "an interlocutory order must
16 satisfy three requirements:  (1) it must be 'conclusive'; (2) it must 'resolve an important question
17 separate from the merits'; and (3) it must be 'effectively unreviewable on appeal from a final
18 judgment.'"  *Id.*; *see also Swint v. Chambers County Comm'n*, 514 U.S. 35, 42, 115 S.Ct. 1203,
19 1207, 131 L.Ed.2d 60 (1995) (same); *Wharton v. Calderon*, 127 F.3d 1201, 1203 (9th Cir. 1997)
20 (same).  In making a determination as to whether an order is subject to an interlocutory appeal, a
21 court does "not engage in an 'individualized jurisdictional inquiry.'  [Citation.]  Rather, our focus
22 is on 'the entire category to which a claim belongs.'  [Citation.]  As long as the class of claims,
23 taken as a whole, can be adequately vindicated by other means, 'the chance that the litigation at
24 hand might be speeded, or a "particular injustice[e]" averted,' does not provide a basis for
25 jurisdiction under § 1291.  [Citation.]"  *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. at 108.

26     It is the general rule that District Court orders on discovery matters are not reviewable as
27 interlocutory orders.  *See Mohawk Industries, Inc. v. Carpenter*, 558 U.S. at 108; *see also id.*,
28 quoting 15B C. Wright, A. Miller E. Cooper, Federal Practice and Procedure § 3914.23, p. 123

(2d ed. 1992) (hereinafter Wright and Miller) ("[T]he rule remains settled that most discovery orders are not final"); *id*. at 112-13 (Wright & Miller § 3914.23, at 123 ("Routine appeal from disputed discovery orders would disrupt the orderly progress of the litigation, swamp the courts of appeals, and substantially reduce the district court's ability to control the discovery process.")).

In the unusual case where a discovery order has been reviewed as an interlocutory order, it has been when a protective order had been issued or discovery had been ordered—not denied. The theory was that review after final judgment might "come too late." *Bittaker v. Woodford*, 331 F.3d 715, 717-18 (9th Cir. 2003) (en banc). In *Bittaker*, the Ninth Circuity allowed an interlocutory appeal of a protective order that precluded use of privileged materials outside the context of a habeas petition for ineffective assistance of counsel, which petition required the waiver of the attorney-client privilege as to all communications with the allegedly ineffective counsel. *Id*. *Bittaker* gave other examples of cases where interlocutory appeal of discovery orders was appropriate because waiting until the end of the case would be too late. *Id*. at 717, citing *In re Ford Motor Co*., 110 F.3d 954, 962-64 (3d Cir. 1997) ("Appeal after final judgment cannot remedy the breach in confidentiality occasioned by erroneous disclosure of protected materials . . . . [T]he cat is already out of the bag . . . . [T]here is no way to unscramble the egg scrambled by the disclosure . . . ."); *In re Cont'l Ill. Sec. Litig*., 732 F.2d 1302, 1307-08 (7th Cir. 1984) ("Once the Report was released, any error in releasing it would be impossible to correct."); *In re Grand Jury Investigation of Ocean Transp*., 604 F.2d 672, 673-74 (D.C. Cir. 1979) (per curium) (because the district court's order "conclusively determined the question of waiver" of the attorney-client privilege, appellant "must pursue its claim of attorney-client privilege at this time in order to ensure that its claim not later become moot by reason of the documents' disclosure to third parties").[2]

Even if petitioner could make a case that this Court's denial of his discovery motion warranted interlocutory review, he has failed to properly seek such review. Section 1292(b) provides that where a District Court Judge is of the opinion that the order "involves a controlling

---

[2] *See also Agster v. Maricopa County,* 422 F.3d 836, 838 (9th Cir. 2005) (permitting an appeal of a discovery order against a *third party* when "review after final judgment would come too late" of a privilege asserted in a case of first impression).

question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." The Court of Appeals may then, in its discretion, allow an appeal to be taken provided application is made within ten days after the entry of the order. Neither of those things occurred in this case.

Moreover, a recent Ninth Circuit case provides some guidance for this case. In *Galazza v. Wolf*, __ F.3d __ 2020 WL 1698434 (9th Cir. April 8, 2020), the Court held that dismissal of some claims in a petition for habeas corpus without prejudice in order to appeal another claim in that petition, as petitioner proposes to do as one of his options, would not qualify as a final order permitting appellate review. *Id* at *5 ("when a party that has suffered an adverse partial judgment subsequently dismisses any remaining claims without prejudice, and does so without the approval and meaningful participation of the district court, this court lacks jurisdiction under 28 U.S.C. § 1291."); *see also id*. at *1 ("Appellant . . . appeals the district court's dismissal of her Rehabilitation Act claim. . . . . Because [she] voluntarily dismissed what she thought were her sole remaining claims without prejudice after the district court dismissed her Rehabilitation Act claim, and because the district court did not meaningfully participate in the dismissal of those claims and did not formally dismiss an additional remaining claim, we dismissal the appeal for lack of jurisdiction.").

The second reason petitioner must dismiss Claims Two through Eight of his petition with prejudice and without the ability to bring them at a later time in order to appeal now any orders of this Court on Claim One and discovery is to prevent improper piecemeal litigation of his habeas corpus petition. If Claims Two through Eight are dismissed and judgment is entered as to Claim One, the habeas petition will be at an end in this Court, and any new claims in this Court could be brought only in a new habeas petition. The rules governing habeas corpus litigation, however, generally prohibit second or successive petitions in the District Courts. Moreover, pursuant to the so-called "gatekeeper" requirement, a petitioner would have to first obtain authorization from the Court of Appeals before filing a second or successive petition in a District Court. Thus, 28 U.S.C. § 2244 states in relevant part:

(a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such determination has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

By seeking in advance as one of his options for permission from this Court to be able to dismiss Claims Two through Eight *without prejudice*, appellant would be seeking to avoid the prohibition on second or successive habeas corpus petitions and/or to avoid the Ninth Circuit's gatekeeper function. This is not be permissible. For this reason as well, should this Court grant petitioner's motion, it would need to be pursuant to a procedure whereby he "withdraws claims two through eight on his own" (Mot. at 1) with prejudice to renewing those claims after appellate review of this Court's ruling on Claim 1 and his discovery motion.

///

///

///

///

///

///

///

Dated:  April 23, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
LANCE E. WINTERS
Chief Assistant Attorney General
JAMES WILLIAM BILDERBACK II
Senior Assistant Attorney General
ALICE B. LUSTRE
Acting Supervising Deputy Attorney General

*/s/ Eric D. Share*

ERIC D. SHARE
Supervising Deputy Attorney General
*Attorneys for Respondent*

SF2011202695
42159366.docx

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:  **Ernest Edward Dykes v. Ron Broomfield, Acting Warden of San Quentin State Prison**

No.:  **11-CV-04454-SI**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On April 23, 2020, I served the attached

**RESPONDENT'S RESPONSE TO PETITIONER'S MOTION TO WITHDRAW CLAIMS TWO THROUGH EIGHT OF THE PETITION; NOTICE OF EXCEPTION TO DENIAL OF DISCOVERY; NOTICE OF REQUEST FOR JUDGMENT ON CLAIM ONE; REQUEST FOR CERTIFICATE OF APPEALABILITY**

by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

California Appellate Project
101 Second Street, Suite 600
San Francisco, CA 94105-3647

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 23, at San Francisco, California.

| J. Wong | /s/ J. Wong |
|---|---|
| Declarant | Signature |

SF2011202695
42162196.docx