PHILLIP A. TREVIÑO [SBN 121119]
137 N. Larchmont Blvd., #801
Los Angeles, California 90004
Telephone: (213) 949-8000

Attorney for Petitioner
ERNEST DYKES

## UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ERNEST DYKES**, | Case No. 11-CV-04454-SI |
| Petitioner, | REPLY IN SUPPORT OF MOTION TO WITHDRAW WITHOUT PREJUDICE CLAIMS |
| v. | TWO THROUGH EIGHT OF THE PETITION; RENEWED REQUEST FOR |
| **ROBERT AYERS, Warden,** | CERTIFICATE OF APPEALABILITY |
| Respondent. | Hearing Date: None Requested |
| | **DEATH PENALTY CASE** |

Petitioner hereby renews his motion for this Honorable Court to permit him to withdraw without prejudice his currently pending claims two through eight.

As Petitioner noted in his opening motion,

> He requests the Court permit the withdrawal to be without prejudice to renewal **so that he may move to reinstate them** in the event that his ensuing appeal from this Honorable Court's order denying him discovery is reversed by a higher court.

This is a clear acknowledgment by Petitioner that, if he succeeds on his appeal, upon his return to this Court he would still be required to move for reinstatement of the additional claims.

Respondent clearly apprehends a different scenario, viz that if allowed to withdraw these claims without prejudice, then Petitioner would somehow automatically be entitled to reinstate them later.

Petitioner does believe he should be entitled to reinstate the claims if he is successful in his appeal, but as he noted at the outset he understands such a question will not ripen unless and until Petitioner has prevailed in his quest for discovery and then returns to this Court. If and when that situation occurs, Petitioner will then move this Court for appropriate relief concerning the claims he now seeks to withdraw. If and when the question ripens, the parties can then properly and fully address the question.[1]

This Court should allow the withdrawal to be without prejudice and otherwise defer any further decision on this point at this time. Now is simply not the proper procedural juncture for this step.

Respondent also misapprehends Petitioner's motion as somehow seeking to effect an interlocutory appeal. Petitioner made no such motion. Petitioner is well aware of the certification process predicate to such an approach, and he has not taken it.

Petitioner respectfully renews his motion to withdraw all claims other than Claim One, and again requests this Court order said withdrawal be without prejudice to a subsequent motion to reinstate them in the event Petitioner is successful in his ensuing appeal.

---

[1] For example, Respondent fails to note this Court sits in equity when hearing habeas matters, and the federal preference for resolution of equity claims to be on the merits. See e.g., In re Anderson-Walker., Inc., 798 F.2d 1285, 1288 (9th Cir. 1986). Respondent also fails to note that all of the claims are interwoven with a cumulative prejudice component, and that all of them are also interdependent on Petitioner having been allowed a full and complete opportunity to conduct and present this Court with discovery in support of all claims, beginning with Claim One. Respondent simply cannot definitively anticipate the breadth of a reviewing appellate court's decision on discovery in this matter. This Court should exercise restraint and not take the unnecessary and premature determination Respondent urges.

Petitioner further renews his request this Court enter judgment against him on Claim One, while expressly reiterating his ongoing exception to this Court's order denying discovery on that claim.

Finally, Petitioner respectfully renews his request for a certificate of appealability concerning this Court's order and judgment against him on Claim One. In this first capital habeas petition, given the gravity of the matter and the details presented in support of his motion for discovery, it is respectfully urged that reasonable jurists could disagree concerning this Honorable Court's order denying Petitioner's motion for discovery. Accordingly Petitioner believes it is appropriate for a COA to issue.

Respectfully submitted,

Dated: May 6, 2020       s/Phillip A. Treviño

DECLARATION OF PHILLIP A. TREVIÑO

I, Phillip A. Treviño, do hereby state and declare as follows.

1. I am an attorney at law, duly admitted to practice before this Court. I have practiced criminal defense (trial, appellate, and post-conviction) in the federal courts for over thirty years. During the same time period, I have handled habeas corpus matters in the U.S. district courts, U.S. courts of appeal, and before the U.S. Supreme Court. This has included both capital and non-capital matters. I previously served on the capital habeas corpus counsel selection committee for the Central District of California. I stepped down from that committee when I recently decided to relocate outside the district.

2. I am under appointment by this Honorable Court as lead counsel to Petitioner. I have served in this role since prior to the submission of the pending petition. I personally drafted and submitted the petition to this Court following my through review of the record, both judicial and extra-judicial, of this matter.

3. As this Court has been made aware, from the outset of this matter I have had confidential communications with various staff in the CJA Office of this Court. I was requested by that unit at the outset to refrain from the substantial endeavor of collecting the broad array of empirical data I believe exists and that will be required to support the disproportionality claim

raised in the petition (claim one). This request was based on the self-evident premise this would be a significant financial expenditure. I acquiesced to the request at the time because I did not perceive this to prejudice my client.  (I served for a number of years as the first Coordinating Discovery Attorney in the Central District of California, in which capacity I was acutely aware of the competing interests for limited CJA funds. This factored into my willingness to be deferential to the concerns that were articulated to me.)  I included in the petition instead a "bare bones" statement obtained from a professional colleague in the Alameda County Public Defender's Office to ensure I was able to make the necessary legal allegations in pleading the claim.

4.   With the passage of time, I have always remained respectful of the administrative concerns attendant to how this claim would need to proceed.  So long as I did not perceive my client's interests to be at risk, I was willing to accommodate these concerns.  The time has come where I no longer can do so with ethical and appropriate deference to my client's best interests.

5.   I am respectful of this Court's order denying discovery on this claim, although I take professional exception to it.[2]   At

---

[2]   I note that my previous suggestion to the Court that it could bifurcate claim one from the remaining claims was declined by the Court.  I would not presume to tax this Court's time or resources by renewing that request spontaneously, but I also note I would not object to an invitation from the Court to renew it.

this time, it is my professional judgment this claim should move forward.  The instant motion is submitted with this goal in mind.

    6.   For each and all of these reasons, coupled with further considerations affecting what I believe are my client's best interests, accordingly I now make the instant requests for relief.

     7.   Finally, respectfully I ask that this Court issue a certificate of appealability as to its order denying discovery. If the Court wishes briefing to support this request, it will be my pleasure to provide it.

     I declare under penalty of perjury under the laws of California that the foregoing is true and correct to the best of my knowledge. Executed this day at Cluny, France.

April 15, 2020                     s/Phillip A. Treviño