UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST EDWARD DYKES,<br><br>    Petitioner,<br><br>    v.<br><br>RONALD DAVIS, Warden of California State Prison at San Quentin,<br><br>    Respondent. | Case No. 11-cv-04454-SI<br><br>**ORDER**<br><br>**<u>DEATH PENALTY CASE</u>** |

Before the Court is Petitioner's "Motion to Withdraw Claims Two Through Eight of the Petition; Notice of Exception to Denial of Discovery; Notice of Request for Judgment on Claim One; [and] Request for Certificate of Appealability" (Docket No. 92). On February 20, 2020, the Court entered an Order (Docket No. 90) denying Petitioner's First Motion for Discovery. The Court next entered an Order (Docket No. 91) directing the parties to jointly confer and, on or before April 17, 2020, propose a schedule for further litigation in this matter. In lieu of the conference and scheduling proposal directed by the Court's Order, Petitioner has filed the instant motion in which he, in pertinent part, requests that the Court withdraw, without prejudice, claims two through eight of his habeas petition, enter judgment against him on claim one of the petition, and, further, grant him a certificate of appealability so that he may appeal this Court's denial of his discovery motion. Other than to assert that claims two through eight must be withdrawn with prejudice to their renewal in order to obtain a final, appealable judgment, Respondent takes no position on Petitioner's motion or his request for a certificate of appealability. *See* Docket No. 93 at 2.

Although Petitioner notes his "respectful and ongoing exception" to the Court's Order denying his motion for discovery, *see* Docket No. 92 at 1, and requests a certificate of appealability

("COA") related to such Order, nowhere in his motion does Petitioner address the standard applicable to such requests or explain why he is entitled to a COA in this instance. The Court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Hence, in order to obtain a COA, Petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 483, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner leaves it to the final sentence of his reply to attempt any effort at satisfying this requisite showing. He argues, without citation to any authority, as follows: "In this first capital habeas petition, given the gravity of the matter and the details presented in support of his motion for discovery, it is respectfully urged that reasonable jurists could disagree with this Honorable Court's order denying Petitioner's motion for discovery." Docket No. 94 at 3. With respect to the Court's denial of discovery, this summary assertion is insufficient to obtain a COA.

In his Declaration in support of the instant motion, Petitioner's counsel states that, "[i]f the Court wishes briefing to support [Petitioner's request for a COA], it will be [his] pleasure to provide it." Docket No. 92 at 5. He repeats this offer in his Declaration submitted with Petitioner's reply. *See* Docket No. 94 at 6. In view of the scant argument offered to this point, the Court finds such briefing necessary to fully consider Petitioner's request. **Accordingly, Petitioner shall submit a brief in support of his request for a COA on or before June 15, 2020. Respondent shall file any response brief on or before June 25, 2020. Petitioner may file a reply brief on or before July 2, 2020.**

**IT IS SO ORDERED**.

Dated: May 21, 2020

_____
SUSAN ILLSTON
United States District Judge