**PHILLIP A. TREVIÑO** [SBN 121119]
137 N. Larchmont Blvd., #801
Los Angeles, California 90004
Telephone: (213) 949-8000

Attorney for Petitioner
ERNEST DYKES

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ERNEST DYKES**, | **Case No. 11-CV-04454-SI** |
| Petitioner, | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REQUEST |
| v. | FOR CERTIFICATE OF APPEALABILITY |
| **ROBERT AYERS, Warden,** | |
| | Hearing Date: None Requested |
| Respondent. | **DEATH PENALTY CASE** |

Petitioner hereby submits his response to this Honorable Court's request for briefing in support of Petitioner's request for a certificate of appealability.

Respectfully submitted,

Dated: June 15, 2020          s/Phillip A. Treviño

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.
THE LAW**

Since the advent of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), in order for a habeas corpus petitioner to seek appellate review of a district court's order denying relief, the petitioner must first obtain a certificate of appealability ("COA"). Slack v. McDaniel, 529 U.S. 473 (2000).[1]

The decision whether to issue a certificate of appealability is not subject to the same analysis as a decision whether to grant the underlying petition. Rather, as the Slack Court explained:

> a habeas petitioner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot,[2] includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." Barefoot, 463 U.S. at 893, and n. 4.

Slack, 529 U.S. at 483-84.

This is a "modest standard" and it should not be conflated with the far higher standard for obtaining a writ of habeas corpus. Silva v. Woodford, 279 F.3d 825 (9th Cir. 2002)(quoting Lambright v. Stewart, 220 F.3d 1022 (9th Cir. 2000).

In Silva, the Circuit applied the recently issued decision in

---

[1] AEDPA (Pub.L. 104-132, 110 Stat. 1214) took effect on April 24, 1996. Prior to that time, an equivalent threshold showing was required but it was known as a "certificate of probable cause" to appeal. See e.g. In re Burell, 350 U.S. 521 (1956); United States ex rel. Tillery v. Cavell, 294 F.2d 12 (3d Cir. 1960). Even if the name has been changed, in no way is this a novel requirement.

[2] Barefoot v. Estelle, 463 U.S. 880 (1983).

1 Slack, noting that a petitioner does not need to show he should
2 prevail on the merits since "he has already failed in that endeavor.
3 . . . Furthermore, any doubts about whether the petitioner has met the
4 Barefoot standard must be resolved in his favor." Silva, at 832-33.
5 See also Jefferson v. Welborn, 222 F.3d 286, 289 (2000)(a COA should
6 issue unless the claims are "utterly without merit").

7     This standard remains unchanged. Allen v. Ornoski, 435 F.3d 946,
8 951 (9th Cir. 2006); United States v. Cruz, 423 F.3d 1119, 1120 (9th
9 Cir. 2005).

10     In the event this Honorable Court declines to issue a certificate
11 of appealability, Petitioner may still seek a certificate of
12 appealability from the Circuit.  See Rule 22(b)(1) of the Federal
13 Rules of Appellate Procedure; and Ninth Circuit Rule 22-1(d).  Upon
14 receipt of a notice of appeal from Petitioner, even where a petitioner
15 fails to file a request for certificate of ability, the Circuit will
16 automatically construe the notice of appeal as a request for renewed
17 consideration of the issue.  Ninth Circuit Rule 22-1(d).  Finally,
18 even if the Circuit determines only to grant a limited COA, if during
19 briefing counsel for a petitioner determines that further issues
20 (outside the scope of the existing COA) should be pursued, they may
21 still be included in the briefing. Ninth Circuit Rule 22-1(e). See
22 also Williams v. Rhoades, 354 F.3d 1101, 1106 (9th Cir. 2004);
23 Robertson v. Pichon, 849 F.3d 1173, 1187 (9th Cir.), cert. denied, 138
24 S.Ct. 269 (2017); Delgadillo v. Woodford, 527 F.3d 919, 930 (9th Cir.
25 2008).

26     The Circuit's rules are consistent with the leniency district
27 courts are directed to exercise relative to the grant of a COA.

28

**II.
DISCUSSION**

In claim one of the petition, Petitioner presented this Court with a multi-prong allegation of a denial of the constitutional rights extended to him under the Eighth Amendment. In support of his claim, he averred that he would be able to sustain the various allegations set forth in the claim following a grant of discovery and an evidentiary hearing by this Court.

Respondent answered the petition and denied this and all claims. Respondent also renumbered and otherwise recast various claims.

Petitioner traversed Respondent's denial, and expressly rejected Respondent's unauthorized attempt to recast the claim. Traverse, at 30 (lines 2 to 4).

Petitioner next moved this Honorable Court for discovery on the claim. Respondent opposed the motion. Petitioner thereafter filed a reply in support of his motion.[3]

This Honorable Court issued an order denying Petitioner the discovery he had requested.

Following a subsequent reassessment of the now prevailing case law, and the existing factual record in this matter, Petitioner has determined that this Court's denial of the requested discovery has effectively left him unable to substantiate the claim in a durable manner. As discussed at length in his reply in support of his motion for discovery, Petitioner realizes his claim must withstand scrutiny

---

[3] Petitioner incorporates herein by reference, as if fully restated herein, claim one in the petition and in the traverse, and the motion for discovery and the reply in support thereof.

by first this Honorable Court, but then all higher appellate courts as well. It is Petitioner's judgment this Court's adverse decision on his motion for discovery has effectively resolved this matter in toto adversely to him.[4]

Petitioner has accordingly moved this Honorable Court for an order allowing him to withdraw without prejudice all claims other than claim one, and to enter judgment against him on claim one. Those motions remain pending before the Court.

## III.
## CONCLUSION

Petitioner respectfully asks this Court to recognize that reasonable jurists could determine that he has alleged a multi-prong violation of the Eighth Amendment in claim one of the petition, and that reasonable jurists could conclude a grant of discovery in this matter would buttress that claim.

---

[4] It bears iteration that in no way does Petitioner withdraw from or in any way narrow claim one, nor does he happily withdraw the remaining claims in the petition. His approach simply, and sharply, has been reshaped by the denial of discovery. Sadly this case demonstrates that even in today's America, a poor inner-city Black man, with no prior felony convictions, who confessed pretrial to the single accidental killing, and who was found by a jury not to have first-degree intent at the time the bullet was discharged, has been unable even to gain access to discovery tools to prove the illegality of his death sentence. Cf. https://www.theguardian.com/us-news/2020/jun/15/golden-state-killer-suspect-guilty-plea (Joseph James DeAngelo, an Anglo, ex-policeman, in Sacramento, who was investigated for over forty (40) years, and charged with thirteen (13) counts each of murder and kidnapping, with rape and other aggravating special circumstances - he is to be spared the death penalty while Petitioner faces execution.) Petitioner persists in his allegations that he has been, and is being, denied the protections of the Eighth Amendment.

It is Petitioner's intention to present the entirety of claim one in an appeal to the Circuit, and also to seek appellate review of this Court's denial of the discovery requested in support of claim one.

It is Petitioner's contention that these are serious detailed allegations that state a federal constitutional cause, which if proved, would entitle him to relief from his sentence of death. Under <u>Slack</u>, and <u>Silva</u>, a certificate of appealability on the entirety of claim one should issue, and the certificate should also include this Court's denial of discovery to support said claim.

Respectfully submitted,

June 15, 2020                          s/Phillip A. Treviño