XAVIER BECERRA
Attorney General of California
JAMES WILLIAM BILDERBACK II
Senior Assistant Attorney General
ALICE B. LUSTRE
Supervising Deputy Attorney General
ERIC D. SHARE
Supervising Deputy Attorney General
State Bar No. 151230
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3858
 Fax:  (415) 703-1234
 E-mail:  Eric.Share@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **ERNEST EDWARD DYKES,**<br><br>Petitioner,<br><br>v.<br><br>**RON BROOMFIELD, Acting Warden of San Quentin State Prison,**<br><br>Respondent. | 11-CV-04454-SI<br><br>**RESPONDENT'S RESPONSE TO PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REQUEST FOR CERTIFICATE OF APPEALABILITY** |

**BACKGROUND AND STATUS OF PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY**

On April 14, 2020, petitioner filed a motion to withdraw Claims Two through Eight of his habeas petition, a notice of exception to this Court's denial of his discovery request, a request for judgment on Claim One of his habeas petition, and a request for Certificate of Appealability (COA).  Docket No. 92.  On April 23, 2020, respondent filed a response (Docket No. 93), taking no position on petitioner's general decision whether to withdraw claims of his petition, but explaining that the only way petitioner could obtain immediate review by a higher court of any

1

1  decision by this Court on Claim One and its order denying discovery was by having a final ruling
2  on his petition that is an appealable order from this Court. Appellant would also need to obtain a
3  COA from this Court. Moreover, he would have to withdraw Claims Two through Eight *with*
4  prejudice. Finally, he would not be able to reinstate Claims Two through Eight at a later time, no
5  matter a higher court's ruling on this Court's order on Claim One and/or its order denying him
6  discovery.
7       As we explained, there are two reasons petitioner must dismiss Claims Two through Eight
8  with prejudice and forego renewing them at a later time in order to appeal immediately any order
9  of this Court on Claim One and his discovery motion. First, interlocutory appeals of District
10 Court decisions to the Circuit Courts of Appeals are generally not permitted, only appeals of final
11 decisions are permitted. 28 U.S.C. § 1291; *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100,
12 106 (2009). The second reason is to prevent improper piecemeal litigation of habeas corpus
13 petitions. Any attempt to reinstate claims Two through Eight would constitute a second or
14 successive petition under 28 U.S.C. § 2244, requiring dismissal of claims that have previously
15 been presented. As we wrote in our April 23 response, it was respondent's concern that
16 petitioner, through his present motion, improperly was attempting to seek interlocutory review of
17 this Court's ruling on his discovery motion while preserving an ability to continue to litigate his
18 habeas petition should the Circuit Court affirm this Court's denial of that motion.
19      On May 21, 2020, this Court issued an order stating: "In his Declaration in support of the
20 instant motion, Petitioner's counsel states that, '[i]f the Court wishes briefing to support
21 [Petitioner's request for a COA], it will be [his] pleasure to provide it.' . . . In view of the scant
22 argument offered to this point, the Court finds such briefing necessary to fully consider
23 Petitioner's request." Docket No. 95 at 2. Petitioner has now filed his brief. Docket No. 96.
24 And, although he still provides little factual or legal support for his request for a COA, it is even
25 more clear that he is attempting, improperly, to seek interlocutory review of this Court's order on
26 his discovery motion. In fact, petitioner has abandoned his offer to dismiss Claims Two through
27 Eight *with* prejudice. Instead, he seeks "an order allowing him to withdraw *without prejudice* all
28

claims other that claim one, and to enter judgment against him on claim one." Docket No. 96 at 5, italics added. We object to this method by which petitioner seeks to obtain a COA.

## APPLICABLE LAW ON CERTIFICATES OF APPEALABILITY

This habeas petition is governed by AEDPA's provisions relating to a COA. *Slack v. McDaniel*, 529 U.S. 473, 481 (2000). Under those provisions, a COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). The granting of a COA is a jurisdictional prerequisite to review. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). In order to obtain a COA, a petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot v. Estelle*, 463 U.S. 880 (1983)). Where claims were rejected by the district court on the merits, a petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

The Ninth Circuit Court of Appeals has said that "[T]he COA requirement constitutes a gatekeeping mechanism that prevents us from devoting judicial resources on frivolous issues while at the same time affording habeas petitioners an opportunity to persuade us through full briefing and argument of the potential merit of issues that may appear, at first glance, to lack merit." (*Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000).)

## PETITIONER FAILS TO SHOW HOW HE COULD BE ENTITLED TO A COA AS TO CLAIM ONE

Petitioner states that Claim One of his petition "presented this Court with a multi-prong allegation of a denial of the constitutional rights extended to him under the Eighth Amendment."

Docket 96 at 4. In ruling on petitioner's request for discovery, this Court examined Claim One to try to discern which aspect of the multi-part attack on the state court judgment was relevant to his discovery request. It summarized the potential Eighth Amendment claim as follows: "Petitioner alleges that his supposedly diminished culpability, joined with his age at the time of the offense, nineteen, and lack of any serious prior criminal history renders his sentence 'plain and simply disproportionate' for purposes of the Eighth Amendment." Docket 90 at p. 5. In his current response to this Court's briefing order, petitioner states that it is his "judgment this Court's adverse decision on his motion for discovery has effectively resolved this matter in toto adversely to him." Docket 96 at 5, fn. omitted. Thus, he seeks an order from this Court "enter[ing] judgment against him on claim one." Docket 96 at 5.

Petitioner fails to explain, or cite legal authority for, the proposition that he can obtain a COA for a claim on which he, of his own volition, has sought judgment against him. Petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot v. Estelle*, 463 U.S. 880). Yet, in his points and authorities for this Court, he makes no attempt to explain how reasonable jurists could debate or agree that the Eighth Amendment claim in Claim One should have been resolved differently when it was resolved based on petitioner's own request.[1]

**PETITIONER FAILS TO SHOW HE IS ENTITLED TO A COA ON THIS COURT'S RULING ON HIS DISCOVERY MOTION**

Because petitioner cannot obtain a COA as to Claim One standing alone, his actual intent is apparent. He acknowledges that through his motion he seeks Circuit Court review of this Court's order denying his discovery request. This, however, is impermissible. It is particularly improper given that in this Court's order denying the discovery request, it stated that petitioner might be able to renew the request at a later time and, thus, it is not a final order. Docket 90 at 7.

---

[1] Even assuming that this is treated as a decision by this Court rather than a request for judgment by petitioner, his application for a COA fails to demonstrate that the decision would be debatable.

4

In his briefing with this Court, petitioner states: "Petitioner has determined that this Court's denial of the requested discovery has effectively left him unable to substantiate [Claim One] in a durable manner." Docket 96 at 4. Rather than provide the specific points and authorities in support of his motion that this Court requested, with citation to relevant cases or facts, he instead "respectfully ask this Court to *recognize* that reasonable jurists could determine that he has alleged a multi-prong violation of the Eight Amendment in claim one of the petition, and that reasonable jurists could conclude a grant of discovery in this matter would buttress that claim." *Id.* at 5, italics added; see also *id.* at 6 ("It is Petitioner's contention that these are serious detailed allegations that state a federal constitutional cause, which if proved, would entitle him to relief from his sentence of death. Under Slack, and Silva, a certificate of appealability on the entirety of claim one should issue, and the certificate should also include this Court's denial of discovery to support said claim").

In seeking a COA as to this Court's denial of his discovery motion, however, petitioner fails to address why this Court denied the motion in the first place and explain how reasonable jurists could debate whether, or for that matter agree that, the motion should have been granted. *Slack*, 529 U.S. at 484; *Barefoot v. Estelle*, 463 U.S. 880. As will be recalled, despite what petitioner called a "limited and conservative discovery request" (Docket No. 79 at 3), this Court deemed his request for subpoenas one of "remarkable breadth and scope." Docket 90 at p. 3. Petitioner sought leave to serve subpoenas on the California Attorney General, the Alameda County District Attorney, and the district attorneys of California's 57 other counties. Docket No. 79 at 1. He sought information for every prosecution occurring after the Supreme Court's decision in *Furman v. Georgia*, 403 U.S. 952 (1972), in which prosecutors prosecuted a defendant for first degree murder on a theory of felony murder and in which the prosecution conceded, or the trier of fact found, that the defendant had no premeditation to commit murder. *Id.* at 1-2. The subpoenas would instruct each recipient to identify each defendant against whom a death sentence was sought and returned. *Id.* at 2. The request also sought "all 'working guidelines' used by the subject agency 'to determine whether to seek a death sentence in any prosecution for first degree murder.' *Id.* Finally, reaching far beyond capital cases, it

5

commanded production of "reports concerning the investigation, detection, prosecution, and punishment of *all crimes*" that each prosecuting agency has "prepared and provided to the California Attorney General" in compliance with the California Constitution, which authorizes the Attorney General, as the direct supervisor of every district attorney, to require that district attorneys "make reports concerning the investigation, detection, prosecution, and punishment of crime in their respective jurisdictions[.]" *Id*. at 3; Cal. Const. art. V, § 13." Docket 90 at 3, italics added.

This Court did not, however, deny the request merely because it was remarkably broad in scope and unjustified in purview. Rather, it also denied the request because it was legally unsound. This Court correctly noted that under the AEDPA, in reviewing a habeas corpus claim decided on the merits in the state court, this Court can grant the writ only where the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2). The Supreme Court has held that "review under § 2254(d)(1) [pertaining to the state's court's application of clearly established federal law] is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). See Docket 90 at 5. In other words, in this Court's initial inquiry pursuant to 28 U.S.C. § 2254(d)(1), "the record under review is limited to the record in existence at the same time [the state court resolved the claim] i.e., the record before the state court." *Pinholster*, 563 U.S. at 182; see Docket at 5-6. As this Court concluded: "Accordingly, before Petitioner may expand upon the state court record through process such as discovery or an evidentiary hearing in this Court, he must first demonstrate that the California Supreme Court's denial of his claim on the merits was 'contrary to, or involved an unreasonable application of,' United States Supreme Court precedent. Until he makes this requisite showing, he cannot show 'good cause' for his requested discovery. See, e.g., *Bemore v. Chappell*, 788 F.3d 1151, 1177 (9th Cir. 2015) (citation omitted)." Docket 90 at 6.

This Court rejected petitioner's claim that *Pinsholster*'s "procedural hurdle" had "no bearing" because he "does not seek to develop or introduce facts unique to him or his case, something that *Pinholster* might prohibit.  Rather[,] he seeks to develop a legal question, anchored in the facts already and always known to the California courts below when the lower courts assessed the lawfulness of the capital judgment rendered in this matter."  Docket No. 79 at 10-11.  As this Court found, however, "[t]o the extent Petitioner is not here confessing to, essentially, seeking to discover information that would support a wholly new and unexhausted claim premised on the 'legal question' he aims to develop, Petitioner cites no authority for this curious interpretation of *Pinholster*'s straightforward rule.  *Pinholster* is clear that, if Petitioner purports to show that the California Supreme Court's adjudication of some part of Claim One was contrary to, or involved an unreasonable application of, clearly established federal law, then he must do so on the record that was before the state court at the time it rendered its decision.  563 U.S. at 181-82.  There is no authority known to the Court that would dispense with this rule merely because the information sought through discovery does not pertain specifically to the petitioner seeking leave to supplement the state court record existing at the time of the state court's decision.  Petitioner's planned statewide, and eventual nationwide, 'canvassing' of prosecutorial agencies, even if relevant to the ultimate merit of some properly pleaded and exhausted aspect of Claim One, is irrelevant to the showing Petitioner must first make under § 2254(d)(1) or (2) with respect to the California Supreme Court's decision."  Docket 90 at 6-7.

Notably, but left out of petitioner's current motion, is that this Court did not categorically find that Petitioner would be barred from discovery in his habeas case.  Rather, it found that he had not substantiated his claim for discovery *at this stage*.  Thus, this Court concluded: "Accordingly, Petitioner has failed to demonstrate 'good cause' for the discovery he seeks *at this time*.  If, after briefing in due course by the parties, the Court determines that, in relevant part, the California Supreme Court's adjudication of Claim One was contrary to, or involved an unreasonable application of, clearly established federal law, or that it was based upon an unreasonable determination of the facts in light of the evidence before that Court, then *Petitioner may renew his discovery request*."  Docket 90 at 7, italics added.

7

Despite this Court's detailed explanation for denying his discovery request, petitioner's current memorandum of points and authorities does not specifically address any of the reasons that this Court gave for denying it. Again, rather than explain with citations to law or facts how reasonable jurists could debate whether, or for that matter agree that, the motion should have been granted (*Slack*, 529 U.S. at 484; *Barefoot v. Estelle*, 463 U.S. 880), he merely "respectfully asks this Court to recognize that reasonable jurists could determine that he has alleged a multi-prong violation of the Eighth Amendment in claim one of the petition, and that reasonable jurists could conclude a grant of discovery in this matter would buttress that claim." Docket 96 at 5. By any standard, this is an insufficient showing to obtain a COA.

Respondent incorporates by reference the response it filed to petitioner's original request for a COA. Docket 93. There we explained that petitioner's attempt to obtain interlocutory review of this Court's discovery order by purporting to have judgment entered against him on one claim of his petition while dismissing the others without prejudice was improper. In summary, we explained that it is the general rule that District Court orders on discovery matters are not reviewable as interlocutory orders. See *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. at 108; see also *id.*, quoting 15B C. Wright, A. Miller E. Cooper, Federal Practice and Procedure § 3914.23, p. 123 (2d ed. 1992) (hereinafter Wright and Miller) ("[T]he rule remains settled that most discovery orders are not final"); *id.* at 112-13, quoting (Wright & Miller § 3914.23, at 123 ("Routine appeal from disputed discovery orders would disrupt the orderly progress of the litigation, swamp the courts of appeals, and substantially reduce the district court's ability to control the discovery process")). Docket 93 at 3-4. Moreover, by asking in advance for permission from this Court to be able to dismiss Claims Two through Eight without prejudice, petitioner would be seeking to avoid the prohibition on second or successive habeas corpus petitions and/or to avoid the Circuit Court's gatekeeper function. 28 U.S.C. § 2244. Docket 93 at 5-6. Thus, as we explained, the only way petitioner can seek review of this Court's discovery order now is by having a final judgment, which would require that he dismiss Claims Two through Eight of his petition *with prejudice* (Docket 93 at 2-6), something he appeared willing to

do in his April 15 motion (Docket 92 at 1), but now appears not willing to do (Docket 96 at 5).[2]

**CONCLUSION**

Respondent respectfully request that should this Court grant petitioner's motion for a COA, it would be pursuant to a procedure whereby it enters final judgment on Claim One of the Petition and petitioner withdraws Claims Two through Eight on his own *with prejudice* to renewing those claims after appellate review of this Court's ruling on Claim One and of petitioner's discovery motion.

Should this Court deny the request for a COA, we respectfully request that this Court proceed to deciding the petition on its merits. The petition was filed in December 2012, and has been fully briefed since April 2019. Respondent does not believe there is further briefing or information that this Court needs, or that would be productive or assist the Court, at his time in beginning to determine the claims on their merits.

Dated:  June 25, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
JAMES WILLIAM BILDERBACK II
Senior Assistant Attorney General
ALICE B. LUSTRE
Supervising Deputy Attorney General

*/s/ Eric D. Share*

ERIC D. SHARE
Supervising Deputy Attorney General
*Attorneys for Respondent*

SF2011202695
42236725.docx

---

[2] Petitioner states that even if this Court declines to issue a COA now, he might seek one from the Ninth Circuit. Docket 96 at 3. Since this Court presumably would not have ruled on any of the substantive claims of his petition if it denies his present motion, petitioner still has failed to show what case law would entitle him to interlocutory review of this Court's ruling on his discovery motion should he seek a COA for the Circuit Court.

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: **Ernest Edward Dykes v. Ron Broomfield, Acting Warden of San Quentin State Prison**

No.: **11-CV-04454-SI**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On June 25, 2020, I served the attached

**RESPONDENT'S RESPONSE TO PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REQUEST FOR CERTIFICATE OF APPEALABILITY**

by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

California Appellate Project
345 California Street
Suite 1400
San Francisco, CA  94104

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 25, 2020, at San Francisco, California.

|  |  |
|---|---|
| J. Wong | /s/ J. Wong |
| Declarant | Signature |

SF2011202695
42241788.docx