UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST EDWARD DYKES,<br><br>    Petitioner,<br><br>  v.<br><br>RONALD DAVIS, Warden of California State Prison at San Quentin,<br><br>    Respondent. | Case No. 11-cv-04454-SI<br><br>**ORDER DENYING MOTION TO WITHDRAW CLAIMS TWO THROUGH EIGHT OF THE PETITION; DENYING REQUEST FOR JUDGMENT ON CLAIM ONE; DENYING CERTIFICATE OF APPEALABILITY; AND DENYING APPLICATION TO HAVE CO-COUNSEL RELIEVED** |

**DEATH PENALTY CASE**

Before the Court are Petitioner's Motion to Withdraw Claims Two Through Eight of the Petition; Notice of Exception to Denial of Discovery; Notice of Request for Judgment on Claim One; [and] Request for Certificate of Appealability (Docket No. 92) and Petitioner's lead counsel's Application to Have Co-Counsel Relieved (Docket No. 99). The parties have filed supplemental briefs addressing whether Petitioner is entitled to a certificate of appealability respecting the Court's order denying his motion for discovery. *See* Docket Nos. 96 & 97. For the following reasons, both motions will be denied.

In his Motion to Withdraw, Petitioner requests entry of an order allowing him to withdraw, without prejudice, Claims Two through Eight of his habeas petition, entering judgment against him on Claim One, and, further, granting him a certificate of appealability ("COA") so that he may appeal the denial of Claim One and of his discovery motion. The motion also conveys Petitioner's alternative offer to withdraw Claims Two through Eight "on his own." Docket No. 92 at 1. Petitioner's motion for discovery was denied because, pursuant to *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011), review of any claim subject to 28 U.S.C. § 2254(d) is circumscribed by the record existing before the state court at the time it decided the claim. *See* Docket No. 90 at 5-6. Because Petitioner conceded that his motion for discovery was in support of a claim that was exhausted in the state courts and decided on the merits by the California Supreme Court, in applying § 2254(d) to the California Supreme Court's decision, this Court may only consider the record

United States District Court
Northern District of California

before the state court at the time of its decision.  *Id.*  However, the order also provided that, upon

his predicate showing that the California Supreme Court's decision denying the relevant claim was

contrary to, or involved an unreasonable application of, clearly established federal law, or that it

was based upon an unreasonable determination of the facts in light of the evidence before that court,

Petitioner would be permitted to renew his discovery request.  *Id.* at 7.  This straightforward

application of *Pinholster* to deny additional record development through federal court discovery or

evidentiary hearings has been affirmed repeatedly by the United States Court of Appeals for the

Ninth Circuit.  *See, e.g., Livaditis v. Davis*, 933 F.3d 1036, 1044 (9th Cir. 2019); *Djerf v. Ryan*, 931

F.3d 870, 883-84 (9th Cir. 2019); *Bemore v. Chappell*, 788 F.3d 1151, 1177 (9th Cir. 2015); and

*Runningeagle v. Ryan*, 686 F.3d 758, 773 (9th Cir. 2012).

Petitioner's effort to obtain an appeal of the Court's discovery order without having the

Court pass on the merits of any of his claims is an attempt to obtain an impermissible interlocutory

appeal of the denial of discovery.  In general, discovery orders are not final orders and are not

immediately appealable pursuant to 28 U.S.C. § 1291.  *City of Las Vegas v. Foley*, 747 F.2d 1294,

1297 (9th Cir. 1984).  While the "collateral order doctrine" may permit interlocutory appeal of some

discovery orders, it plainly does not apply in this instance because the denial of discovery is

reviewable on an appeal of a final judgment adverse to Petitioner.  *See Wharton v. Calderon*, 124

F.3d 1201, 1203 (9th Cir. 1997) (providing the elements of interlocutory appealable "collateral

orders," including that such orders be "effectively unreviewable on appeal from a final judgment").

If the Court has misapplied the law to deny Petitioner's discovery request, and especially if such

denial precludes Petitioner from obtaining relief on Claim One, then such error is precisely of the

sort that may be remediated on appeal of an adverse final judgment.

Even if the Court were somehow inclined to endorse Petitioner's impermissible interlocutory

appeal, the Court may issue a COA "only if the applicant has made a substantial showing of the

denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Petitioner must demonstrate that

"reasonable jurists could debate whether . . . the petition should have been resolved in a different

manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"

*Slack v. McDaniel*, 529 U.S. 483, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4

United States District Court
Northern District of California

United States District Court
Northern District of California

1  (1983)).  Petitioner's supplemental brief in support of his request for a COA on the discovery order,

2  like his motion, fails to satisfy this standard.  He does not cite any authority tending to show that

3  reasonable jurists would debate this Court's application of *Pinholster*.  After Respondent raised this

4  failing in his supplemental brief, s*ee* Docket No. 97 at 5-9, Petitioner failed to file a reply brief

5  despite having been granted leave to do so.  The Court must conclude that Petitioner can articulate

6  no theory of error with which reasonable jurists might agree.  Thus, he is not entitled to a COA

7  respecting the denial of his discovery motion.

8        All the above leaves this case in an unusual stasis.  Petitioner is reluctant to proceed with

9  litigation of any of his claims without obtaining discovery for which he cannot demonstrate his

10  entitlement, yet he also cannot show that he may immediately appeal the denial of discovery.

11  Because the Court has not ruled on the merits of Claim One—indeed, the parties have not yet briefed

12  the application of § 2254(d) to the claim—the Court declines to enter judgment against Petitioner

13  on Claim One.  Nor could Petitioner be entitled to a COA on the denial of Claim One given his

14  request for adverse judgment on that claim.  Likewise, although Petitioner initially signaled his

15  intent to withdraw the remaining claims in his petition, s*ee* Docket No. 92 at 1, he now appears to

16  have reconsidered his decision to withdraw such claims of his own volition.  *See* Docket No. 96 at

17  5.  Thus, the Court declines to enter an order withdrawing those claims at this time.  The most

18  prudent course is to deny Petitioner's motion and return this case to its posture of a year ago, with

19  the parties directed to meet and confer regarding a schedule for the briefing of Petitioner's claims.

20        Regarding Petitioner's lead counsel's application to have co-counsel withdrawn, the Court

21  will deny the motion without prejudice at this time.  Petitioner's lead counsel has previously advised

22  the Court that, during a "major life change," he "dramatically" curtailed his practice and relocated

23  to France.  *See* Docket No. 87 at 3.  This circumstance, combined with lead counsel's apparent

24  strategic decision to risk a conclusive judgment against his client in order to appeal a discovery

25  order for which he has not articulated a viable theory of error or reversal, requires that a second

26  attorney remain appointed in this matter to maintain continuity of representation and ensure that

27  Petitioner's interests are adequately protected.  Petitioner's lead counsel states, without explanation,

28  that he and co-counsel are "no longer able to work collaboratively in this matter."  Docket No. 99

1   at 2.  If, upon consideration of this Order, counsel remain unable to work collaboratively in the

2   further litigation contemplated by this Order, then lead counsel may renew his motion along with a

3   more fulsome explanation of how his client's interests will be adequately protected if co-counsel is

4   withdrawn.

5          For all the foregoing reasons, it is ORDERED as follows:

6          a.       Petitioner's "Motion to Withdraw Claims Two Through Eight of the Petition; Notice

7   of Exception to Denial of Discovery; Notice of Request for Judgment on Claim One; [and] Request

8   for Certificate of Appealability" (Docket No. 92) is DENIED in all respects;

9          b.       Petitioner's Application to Have Co-Counsel Relieved (Docket No. 99) is DENIED

10  without prejudice; and

11         c.       the parties are directed to meet and confer regarding setting a litigation schedule in

12  this matter, including, if appropriate, the grouping of claims for further briefing as discussed in the

13  Court's Order (Docket No. 91) of March 6, 2020.  **The parties shall file a joint case management**

14  **statement stating their proposed schedule on or before April 26, 2021.**

15

16         IT IS SO ORDERED.

17

18  Dated:  March 24, 2021                                   _____

19                                                          SUSAN ILLSTON
                                                            United States District Judge
20

21

22

23

24

25

26

27

28