**PHILLIP A. TREVIÑO** [SBN 121119]
137 N. Larchmont Blvd., #801
Los Angeles, California 90004
Telephone: (951) 703-3000

Attorney for Petitioner
ERNEST DYKES

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ERNEST DYKES**, | **Case No. 11-CV-04454-SI** |
| Petitioner, | JOINT CASE MANAGEMENT STATEMENT |
| v. | |
| **RON BROOMFIELD, Warden,** | **DEATH PENALTY CASE** |
| Respondent. | |

The parties herewith submit a joint case management statement as directed by this Honorable Court.

Summarily outlined, Petitioner requests this Court set a schedule calling for updated briefing for each of the claims pending. Respondent believes the briefing already before this Court adequately addresses the claims. Accordingly Respondent submits no further briefing is appropriate.

Each position is presented more fully below.

Respectfully submitted,

Dated: May 24, 2021    s/Phillip A. Treviño
                       Counsel for Petitioner

Dated: May 24, 2021    s/Eric D. Share
                       Counsel for Respondent

**PETITIONER'S REQUEST**

The petition was filed on December 21, 2012. During the intervening years there have been numerous changes in the case law. This is a weighty factor which amply justifies this Court's now directing the parties to provide updated briefing on the numerous and detailed joined issues before it.

**CLAIM TWO**[1]

<u>Claim Two - Trial counsel failed to investigate and present readily available evidence in mitigation at Petitioner's penalty phase trial.</u>

Petitioner submits his initial summation briefing should be due no sooner than thirty (30) days after this Court issues an order authorizing the parties to proceed to summation briefing. Respondent's answer thereto should be due thirty (30) days thereafter. Petitioner's optional reply to be due fourteen (14) days thereafter.

**CLAIMS THREE AND SIX**

<u>Claim Three - The jury committed misconduct in two ways: (A) it put Petitioner in jeopardy for a crime of which he had already been acquitted, and (B) it considered extrinsic evidence, all in violation of federal and state law.</u>
<u>Claim Six - The jury speculated regarding matters about which evidence had no been presented because the trial court refused to instruct it not to do so.</u>

These claims share a common theme, namely jury misconduct. Petitioner accordingly submits they should be briefed jointly. Petitioner requests a scheduling order that calls for his summation brief to be due thirty (30) days after he files his initial summation briefing for Claim Two. Respondent's answering brief should be due

---

[1] Claim One - This claim is addressed <u>infra</u>.

thirty (30) days thereafter. Petitioner's optional reply to be due fourteen (14) days thereafter.

**CLAIMS FOUR AND FIVE**

Claim Four - California's death penalty scheme is constitutionally offensive in how it directs a sentencing jury to evaluate and weigh evidence in mitigation and aggravation.

Claim Five - California's death penalty scheme violates the federal constitution in how and what it allows juries to use as evidence in aggravation.

These claims share a common theme, namely the constitutionality of California's death penalty scheme. Petitioner accordingly submits they should be briefed jointly. Petitioner requests a scheduling order that calls for his summation brief to be due thirty (30) days after he files his initial summation briefing for Claims Three and Six. Respondent's answering brief should be due thirty (30) days thereafter. Petitioner's optional reply to be due fourteen (14) days thereafter.

**CLAIM SEVEN**

Claim Seven - The method of execution employed in California violates the Fourteenth Amendment's guarantee of procedural due process and the Eighth Amendment's prohibition upon cruel and unusual punishment.

Petitioner requests a scheduling order that calls for his summation brief to be due thirty (30) days after he files his initial summation briefing for Claims Four and Five. Respondent's answering brief should be due thirty (30) days thereafter. Petitioner's optional reply to be due fourteen (14) days thereafter.

*     *     *     *     *

**CLAIM ONE**

Claim One - Petitioner's death sentence is invalid because California's death penalty scheme is fundamentally flawed in numerous respects: both on its face and as applied to Petitioner.

Petitioner respectfully submits that the gravity and magnitude of this claim justify an extended briefing period. Accordingly Petitioner requests that his summation briefing be due ninety (90) days after he files his summation briefing on Claim Seven. Respondent's answering brief should be due ninety (90) days thereafter; Petitioner's optional reply brief to be due sixty (60) days thereafter.

**CLAIM EIGHT**

Claim Eight - The cumulative effect of the numerous errors which occurred during the trial compels reversal even if no single issue, standing alone, would do so.

Petitioner requests a scheduling order that calls for his summation briefing to be due fourteen (14) days after the due date for his optional reply brief on Claim One. Respondent's answering brief should be due fourteen (14) days thereafter. Petitioner's optional reply brief to be due seven (7) days thereafter.

*     *     *     *     *

Respondent State of California's Submission for Joint Case Management Statement

***Ernest Dykes, Petitioner v. Ron Broomfield, Warden***, Case No. 11-cv-04454 SI

    Respondent respectfully submits that further briefing on petitioner's Petition for Writ of Habeas Corpus is not necessary, nor would it be helpful and valuable to this Court, at this time. The mere passage of time since the original Petition, Answer, and Traverse were filed does not warrant briefing the entire Petition again. Petitioner states that during the intervening years since briefing was completed there have been numerous changes in the case law. He will not be able to show, however, that under the AEDPA there have been new United States Supreme Court cases that establish that the California Supreme Court's holdings in this case were either (1) contrary to, or involved an unreasonable application of, clearly established United States Supreme Court precedent, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Thus, briefing the entire Petition again ultimately is not productive.

    A short chronology of this case establishes that it has already been pending for a significant period of time, and moving towards resolution without further extensive briefing would be in the parties' and the Court's best interests. In December 1995, a California court imposed petitioner's death sentence. Petitioner filed his Petition for Writ of Habeas Corpus in this Court in December 2012. Respondent filed its Answer to the Petition in December 2013. Prior to filing a Traverse, petitioner obtained a stay from this Court pending resolution of a Ninth Circuit case challenging California's death penalty system. After that case was resolved in August 2016, this Court lifted its stay. Prior to filing a Traverse, petitioner filed another motion to stay proceedings pending resolution of a different capital case. In December 2016, this Court granted the stay as to Claim 1 of the Petition, but denied it as to Claims 2 through 8. After obtaining extensions of time, petitioner filed his Traverse on Claims 2 through 8 in May 2017.

    Petitioner then decided to request that this Court lift the stay as to Count 1 and, in March 2019, this Court granted petitioner's motion to lift that stay. Petitioner filed a complete Traverse in April 2019 (over six years after the original Petition was filed).

    In February 2020, this Court denied petitioner's motion for discovery. And, in March 2021, this Court denied petitioner's motion to enter judgment against him on Claim 1 of the petition to allow him to proceed immediately on that claim in the Ninth Circuit Court of Appeals and to challenge this Court's denial of his discovery motion.

Respondent submits that the current briefing remains sufficient and complete now for this Court to resolve the claims raised in petitioner's Petition. Should this Court in its review determine that further briefing is necessary on individual claims or on focused issues to help it resolve the Petition, the parties could provide it without briefing the entire Petition again.

Were this Court to disagree with respondent's position, we suggest that supplemental briefing be done in two briefs rather than in six as suggested by petitioner. The first brief would cover Claims 1, 4, 5, and 7 of the Petition which all present various general challenges to California's death penalty laws. The second brief would cover Claims 2, 3, 6, and 8 which relate to petitioner more specifically (and a claim of cumulative error).

We believe that two briefs will be more efficient than six for the parties and for this Court. We note, for example, that our original written answers to Claims 6, 7, and 8 of the Petition were approximately three to four pages each. More specifically, for example, Claim 7 of the Petition was that California's method of execution violates the federal Constitution. This claim was ten pages of petitioner's Petition, four pages of respondent's Answer, and five pages of petitioner's Traverse. There would appear to be no reasonable justification to now devote 74 days of time to brief this claim again in a separate brief.

Thus, we submit that the parties could be allocated 90 days for each of the two opening and responsive briefs we propose, with petitioner allocated 30 days for each reply brief. This grouping of claims and consolidated briefing in two briefs will better assist the Court in resolving the Petition in a more logical and time efficient way.