UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ERNEST EDWARD DYKES,<br><br>Petitioner,<br><br>v.<br><br>RON BROOMFIELD, Acting Warden of California State Prison at San Quentin,<br><br>Respondent. | Case No.  11-cv-04454-SI<br><br>**CASE MANAGEMENT ORDER**<br><br>**DEATH PENALTY CASE** |

Pursuant to the Court's Order (Docket No. 101) of March 24, 2021, the parties have filed a Joint Case Management Statement.  Given the passage of time since the filing of the petition, and considering intervening case law, Petitioner proposes that the parties submit updated briefing on the petition's eight claims in six installments.  Under Petitioner's proposal, the opening brief for the initial installment will be due thirty days after the date of this Order, with the opening briefs of most subsequent installments due in successive thirty-day intervals.  Petitioner further proposes that Respondent answer each of his opening briefs within thirty days of the filing of the opening brief, i.e., the date upon which Petitioner's subsequent opening brief is due, and that Petitioner be afforded fourteen days in which to file an optional reply to each of Respondent's answering briefs. Petitioner's primary deviation from this proposed schedule regards the proposed fifth installment, which would consist only of Claim One of the petition.  He asserts that Claim One, due to its "gravity and magnitude," should have a ninety-day opening and responsive briefing window, followed by a sixty-day optional reply deadline.

Respondent states that no further briefing beyond the petition, answer, and traverse is needed to resolve Petitioner's claims and appears to dispute Petitioner's assertion that intervening case law will prove relevant in addressing Petitioner's claims.  Respondent further submits that, should the Court find further briefing worthwhile, such briefing should be completed in two installments, with

United States District Court
Northern District of California

United States District Court
Northern District of California

each installment consisting of four claims.  Respondent proposes that the parties be allocated ninety days for opening and responsive briefs for these two installments, with Petitioner afforded an additional fourteen days for reply briefs.

Petitioner is master of the petition, which was filed more than eight years ago.  The Court therefore defers to his representation that intervening case law justifies updated briefing of his claims.  Respondent's burden in providing updated briefing is minimal.  If, after reviewing Petitioner's updated briefing, Respondent believes that his answer sufficiently addresses Petitioner's claims, then Respondent may say so with no additional briefing required.  If, however, Petitioner indeed raises material developments in intervening case law, Respondent should appreciate the opportunity to address such developments prior to disposition.  In addition, the Court sees no reason to order briefing in two installments rather than Petitioner's proposed six, especially considering that Respondent's proposed schedule calling for two rounds of briefing lasting over six months each would not result in a substantially more expeditious briefing of the petition's claims than does Petitioner's proposal. Accordingly, the Court hereby adopts Petitioner's proposed briefing schedule.

For all the foregoing reasons, it is ORDERED as follows:

a.      briefing of Petitioner's claims shall proceed in the following six installments: 1) Claim Two; 2) Claims Three and Six; 3) Claims Four and Five; 4) Claim Seven; 5) Claim One; and 6) Claim Eight.

b.      Petitioner's opening brief on Claim Two is due thirty days from the date of this order; Respondent shall file his responsive brief thirty days after the filing of Petitioner's opening brief; and Petitioner may file a reply brief fourteen days after the filing of the responsive brief;

c.      Petitioner's opening brief on Claims Three and Six is due thirty days from the date of the filing of his opening brief on Claim Two; Respondent shall file his responsive brief thirty days after the filing of Petitioner's opening brief; and Petitioner may file a reply brief fourteen days after the filing of the responsive brief;

d.      Petitioner's opening brief on Claims Four and Five is due thirty days from the date

of the filing of his opening brief on Claims Three and Six; Respondent shall file his responsive brief thirty days after the filing of Petitioner's opening brief; and Petitioner may file a reply brief fourteen days after the filing of the responsive brief;

e.      Petitioner's opening brief on Claim Seven is due thirty days from the date of the filing of his opening brief on Claims Four and Five; Respondent shall file his responsive brief thirty days after the filing of Petitioner's opening brief; and Petitioner may file a reply brief fourteen days after the filing of the responsive brief;

f.      Petitioner's opening brief on Claim One is due ninety days from the date of the filing of his opening brief on Claim Seven; Respondent shall file his responsive brief ninety days after the filing of Petitioner's opening brief; and Petitioner may file a reply brief sixty days after the filing of the responsive brief; and

g.      Petitioner's opening brief on Claim Eight is due fourteen days from the date of the filing of his optional reply brief on Claim One or fourteen days after such optional reply brief is due; Respondent shall file his responsive brief fourteen days after the filing of Petitioner's opening brief; and Petitioner may file a reply brief seven days after the filing of the responsive brief.

**IT IS SO ORDERED.**

Dated: June 17, 2021

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE