Rob Bonta
Attorney General of California
Lance E. Winters
Chief Assistant Attorney General
James William Bilderback II
Senior Assistant Attorney General
Alice B. Lustre
Supervising Deputy Attorney General
Sarah J. Farhat
Deputy Attorney General
State Bar No. 228179
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3792
  Fax:  (415) 703-1234
  E-mail:  Sarah.Farhat@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **ERNEST EDWARD DYKES,**<br><br>                           Petitioner,<br><br>v.<br><br>**KEVIN CHAPPELL, Acting Warden of San Quentin State Prison,**<br><br>                           Respondent. | Case no. 11-CV-04454-SI<br><br>**<u>DEATH PENALTY CASE</u>**<br><br>**RESPONSE TO PETITIONER'S SUMMATION BRIEFING – CLAIM 2**<br><br>Judge:    The Honorable Susan Illston<br>             United States District Judge |

## INTRODUCTION

Petitioner Ernest Edward Dykes seeks federal habeas relief from the death sentence resulting from his 1995 conviction for the first-degree special-circumstance murder of 9-year-old Lance Carter. (Doc. 13; *see* Doc. 65 at 6 (Dykes seeks relief only from the penalty).) He filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in December 2012. (Doc. 13.) Respondent answered the Petition in full almost a year later. (Doc. 18.) Dykes' complete Traverse was filed in April 2019, over five years after the Answer. (Doc. 75.)

Following a failed motion for discovery, a motion to withdraw all but one of his claims (which was later withdrawn itself), and issues with second counsel's continued representation of Dykes, Dykes requested supplemental briefing on the merits of the petition claims, citing the passage of time since the filing of the Petition. (Docs. 79, 90, 92, 96, 99, 101, 105, 107.) On July 1, 2021, the Court issued a Case Management Order ordering supplemental briefing on the claims, as requested by Dykes. (Doc. 107, see Doc. 105.) On August 16, 2021, Dykes filed supplemental briefing on Claim Two – Ineffective Assistance of Counsel at the Penalty Phase. (Doc 110.)

Dykes' supplemental briefing adds nothing to the merits of his claim. Respondent's Answer addressed in detail the allegations of ineffective assistance of defense counsel in penalty-phase investigation and presentation. There is no new clearly-established Supreme Court precedent or persuasive Ninth Circuit authority that would affect the Court's analysis or resolution of this claim under § 2254, and Dykes' supplemental briefing bears this out. For the reasons discussed in Respondent's Answer and below, this claim should be denied.

## ARGUMENT

**THERE IS NO NEW CLEARLY ESTABLISHED SUPREME COURT AUTHORITY, OR PERSUASIVE CIRCUIT AUTHORITY, SINCE THE FILING OF THE PETITION OR THE COMPLETE TRAVERSE DEMANDING RELIEF BE GRANTED ON DYKES' PENALTY-PHASE INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM**

Dykes requested, and has been granted, supplemental briefing on each of his petition claims on the theory that the legal landscape since the filing of the Petition (2012) and the complete

Traverse (2019) has shifted such that additional merits briefing is required. (*See* Docs. 65, 105, 107.) Respondent has steadfastly opposed this course of litigation because, among other reasons, since the filing of the Petition there has been no new clearly established Supreme Court precedent that would justify relief under 28 U.S.C. § 2254. (*See* Docs. 65, 105.) This continues to be the case. In his supplemental briefing, Dykes cites no new Supreme Court decision. Rather, he cites Ninth Circuit authority, all of which pre-date the complete Traverse, and none of which should persuade this Court to grant the requested relief. Accordingly, for the reasons set forth in the Answer and below, habeas relief on Dykes' penalty-phase ineffective assistance of counsel claim (Claim 2) should be denied.

The principles governing ineffective assistance of counsel claims are axiomatic and hardly require repeating. *See Cullen v. Pinholster*, 563 U.S. 170, 189 (2011); *Wiggins v. Smith*, 539 U.S. 510, 521-22 (2003) (counsel in death case has duty to make reasonable investigations, or make reasonable decision that makes particular investigations unnecessary; decision not to investigate must be assessed for reasonableness in all circumstances, heavily deferring to counsel's judgments); *Williams v. Taylor*, 529 U.S. 362, 396 (2000) (prevailing professional norms require counsel to conduct a thorough investigation of defendant's background); *Strickland v. Washington*, 466 U.S. 668, 687-89, 690-91, 693-94 (1984). Likewise, there is long-standing clearly established law on how federal courts are to review *Strickland* claims under § 2254. Review of state-court rulings on these claims under § 2254 is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). The pertinent inquiry, therefore, is whether the state court's application of *Strickland* was unreasonable, not whether a federal court would conclude on initial review that defense counsel's performance fell below the *Strickland* standard. *Harrington v. Richter*, 562 U.S. 86, 101 (2011). Because *Strickland* articulated a general rule governing the standard for constitutionally effective counsel, state courts have broad leeway in the reasonableness of its application in reaching outcomes in individual cases. *See Yarbough v. Alvarado*, 541 U.S. 652, 664 (2004). Finally, strategic decisions by counsel are entitled to a "strong presumption" of reasonableness. *Richter*, at 104.

Dykes identifies several ways in which he believes trial counsel was ineffective in their investigation and presentation of penalty-phase evidence in mitigation. (Doc. 13 at 116-155). Rather than restate the arguments made and authorities cited in his Answer to the Petition, Respondent fully incorporates them as though presented in full here. (Doc. 18 at 59-93.) For the reasons set forth in the Answer, none of Dyke's grounds merit relief.

In supplement, Dykes discusses at length four Ninth Circuit opinions he believes further support his claim for relief. These opinions date between 2014 and 2018. (Doc. 110.) All four of them pre-date the complete Traverse (filed April 1, 2019; Doc. 76), and three of them pre-date the partial Traverse (filed May 31, 2017; Doc. 55). Under the guise of presenting this Court with new, intervening legal authority, Dykes has instead used his opportunity, based on his purported need, for supplemental briefing to present case discussions that could and should have been included in his most recent Traverse. Moreover, as was suspected and which Dykes' supplemental briefing confirms, there is no new clearly-established Supreme Court precedent since the filing of the Petition that would affect the legal analysis or the outcome of Dykes' claim under § 2254.

In any event, none of the circuit cases discussed by Dykes should persuade this Court to grant relief because each of them is fundamentally distinguishable, particularly on *Strickland*'s deficient performance prong. In *White v. Ryan*, 895 F.3d 641 (9th Cir. 2018), the petitioner presented two grounds of ineffective assistance of counsel: failure to challenge an aggravating factor and failure to investigate or present mitigating evidence on the petitioner's background. Relative to the first ground, the circuit court found ineffectiveness because defense counsel's failure was based on a misunderstanding of the law, and the attendant failure to investigate was based on that same misunderstanding. *Id*. at 666. On the second ground, the court found ineffectiveness because the record demonstrated that defense counsel did not *decide* to forgo or limit his investigation into the petitioner's background. *Id*. at 667. Instead, defense counsel "just flat didn't think of [obtaining the petitioner's medical or custodial records]" despite knowing that the petitioner's mental health was an issue. *Id*. The Ninth Circuit distinguished White's attorney's conduct with the trial counsel in *Strickland*, noting that Strickland's counsel's

decisions were based on reasonable trial strategy, whereas in *White*, the "usefulness [of White's mental health and other background evidence] simply did not occur to him." *Id*. at 669-70.

In *Doe v. Ayers*, 782 F.3d 425, 434 (9th Cir. 2015), the petitioner argued his counsel failed to investigate and present penalty-phase mitigation evidence of sexual abuse he suffered while incarcerated, mental illness, childhood abuse and neglect, and substance abuse. (Doc. 110 at 7-10.) The record demonstrated that counsel utterly failed in his duty to conduct a reasonable penalty-phase investigation. For example, trial counsel acknowledged he did not review much of the results of the limited investigation done by the defense investigator, he failed to obtain Doe's complete prison file, conducted only a single perfunctory interview with Doe wherein he asked little about his upbringing, *Doe*, at 436, failed to follow up on investigative leads about Doe's abusive background and family history of mental health issues provided by the defense investigator, *id*. at 436-37, conducted cursory interviews of a limited set of Doe's family and friends, failed to follow up on limited and cursory interviews of Doe's friends conducted by the defense investigator, *id*. at 438-39, and did not follow up on leads suggesting a history of substance abuse by Doe, *id*. at 442. Defense counsel hired a mental health expert, but limited her engagement to possible guilt-phase defenses, *id*. at 439-40, and did not follow up on the expert's "initial clinical impressions" or her notice of limited background information made available to her, *id*. at 440. These failures were further reinforced by defense counsel's admitted failure to prepare any of the defense witnesses for their penalty-phase testimony. *Id*. at 442-43. In conclusion, the court found defense counsel's investigation of penalty-phase evidence "facially inadequate," *id*. at 443, and that his penalty-phase performance overall fell "overwhelming[ly]" "below the constitutional minimum." *Id*. at 446.

In *Bemore v. Chappell*, 788 F.3d 1151, 1171 (9th Cir. 2015), the petitioner argued that counsel unreasonably failed to investigate and present evidence of mental illness at the penalty phase. The court agreed, and found the state court's denial of relief unreasonable under § 2254(d). Counsel's decision to forego any mental health defense in favor of a "good guy with a drug problem" defense, while strategic, was not based on adequate investigation. *Id*. at 1173. This defense opened the door to damaging evidence of Bemore's violence and an alleged food-

tampering incident while in custody, which counsel erroneously believed would be excluded based on "'rumor and hearsay'" of Bemore's innocence of that offense. *Id*. Moreover, simply because counsel had decided to pursue her chosen defense did not absolve her from the responsibility of conducting at least some investigation into evidence—both from her own retained expert and from friends and family—suggesting a mental-health defense. *Id*. at 1172, 1174.

Finally, in *Wharton v. Chappell*, 765 F.3d 953, 975-81 (9th Cir. 2014), the circuit court held that because the district court had not addressed the performance prong of Wharton's claim that counsel was ineffective in failing to investigate and present evidence of childhood sexual trauma (because the district court had found no prejudice), and because the circuit court disagreed with the district court's prejudice analysis, the case should be remanded to the district court for factual findings on counsel's decisions relative to this evidence. But otherwise, the circuit court affirmed the district court's denial of relief on Wharton's remaining penalty-phase ineffectiveness claims.

Nothing in these cases is remotely similar to Dykes' case, at least insofar as *Strickland* performance goes. In both *White v. Ryan* and *Doe v. Ayers*, neither defense counsel had any reason for their failures to investigate. In *White*, investigating the petitioner's background records was not even on counsel's radar despite knowing mental health was a trial issue, 895 F.3d at 667, and in *Doe*, counsel admitted his failure to investigate and prepare stemmed entirely from "inexperience and overconfidence." 782 F.3d at 444. In *Bemore*, while counsel's decision about what defense to present involved some strategy, it was uninformed strategy. 788 F.3d at 1172-74. "An uninformed strategy is not a reasoned strategy. It is, in fact, no strategy at all." *Correll v. Ryan*, 539 F.3d 938, 949 (9th Cir. 2008). Unlike in *White*, *Doe*, and *Bemore*, Dykes' counsel's decisions about penalty-phase investigations were strategic, based on reasonable investigation, as explained in detail in the Answer (Doc. 18 at 59-93). *See Strickland*, 466 U.S. at 690-91 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."). And in *Wharton*, despite an evidentiary hearing there was

5

little in the record about defense counsel's reasons for his decisions, whether they were based on strategy or something else.  In short, none of these four cases are so similar to Dykes' that this Court should be persuaded that defense counsel here was constitutionally ineffective as alleged in Claim 2 of the Petition.

In citing and discussing these cases, Dykes ignores counsels' performance in these cases, and rather focuses on the strength of the case in aggravation versus what could have been presented in mitigation.  In other words, he focuses on prejudice.  But relief on a *Strickland* claim requires a showing of *both* deficient performance *and* prejudice.  *Strickland*, 466 U.S. at 688; *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002).  His supplemental briefing and the four cases cited therein do not persuade that his defense counsels' performance in investigating and presenting penalty-phase evidence fell below an objective standard of reasonableness.  And as set forth in the Answer, there was no prejudice because, among other things, the prosecution's case was not weak.

## CONCLUSION

Accordingly, for the reasons detailed in the Answer, Claim 2 should be denied.

Dated:  September 15, 2021

Respectfully submitted,

ROB BONTA
Attorney General of California
LANCE E. WINTERS
Chief Assistant Attorney General
JAMES WILLIAM BILDERBACK II
Senior Assistant Attorney General
ALICE B. LUSTRE
Supervising Deputy Attorney General


s/ *Sarah J. Farhat*
SARAH J. FARHAT
Deputy Attorney General
*Attorneys for Respondent*

SF2011202695
42853649.docx

# CERTIFICATE OF SERVICE

Case Name:   **Ernest Edward Dykes v. Kevin Chappell, Acting Warden of San Quentin State Prison**

Case No.   **11-CV-04454-SI**

I hereby certify that on <u>September 15, 2021</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**RESPONSE TO PETITIONER'S SUMMATION BRIEFING – CLAIM 2**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>September 15, 2021</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

California Appellate Project
Federal Court Docketing
101 Second Street, Suite 600
San Francisco, CA  94105

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>September 15, 2021</u>, at San Francisco, California.

|  |  |
|---|---|
| N. Kochiya | /s/ N. Kochiya |
| Declarant | Signature |

SF2011202695
42867535.docx