1  **PHILLIP A. TREVIÑO** [SBN 121119]
   137 N. Larchmont Blvd., #801
2  Los Angeles, California 90004
   Telephone: (951) 703-3000
3
   Attorney for Petitioner
4  ERNEST DYKES

5

6                    **UNITED STATES DISTRICT COURT**

7              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

8

9  **ERNEST DYKES**,                    ) **Case No. 11-CV-04454-SI**
                                         )
10              Petitioner,              ) MOTION TO WITHDRAW CLAIMS TWO
                                         ) THROUGH EIGHT OF THE PETITION;
11         v.                            ) RENEWED REQUEST FOR JUDGMENT ON
                                         ) CLAIM ONE
12 **MICHAEL MARTEL, Warden,**           )
                                         ) Hearing Date: None Requested
13              Respondent.              ) **DEATH PENALTY CASE**
   _____ )
14

15      Petitioner, by and through his lead counsel of record, hereby

16 moves this Honorable Court for an order permitting him to dismiss <u>with

17 prejudice</u> his claims two through eight.  He notes he has been unable

18 to find any authority that suggest he is constrained to move for such

19 relief.   Logic suggests that as the petition is his, Petitioner

20 should be able to withdraw said claims without needing to seek leave

21 of this Honorable Court to do so.  Accordingly, he both seeks leave

22 to withdraw the claims, and he gives that notice that even absent such

23 leave he unilaterally withdraws them.[1]

24 ─────────────────────

25      [1]  In his prior request, Petitioner also moved in the
   alternative for leave to withdraw the claims without condition. ("In
26 the alternative, Petitioner hereby withdraws claims two through eight
   on his own.") (Docket Control Number 92) Nonetheless, this Court
27 entered an order denying him leave to do so.  Doing so, the Court
   focused on Petitioner's request for leave to withdraw without
28 prejudice. Petitioner does not wish to have this matter languish
                                                            (continued...)

This matter has recently been referred for settlement conference by the Court acting <u>sua</u> <u>sponte</u>.  Petitioner has no expectation an acceptable settlement can be achieved on this record.[2]  Accordingly he does not consider the further prolongation of these proceedings to be in his interest. He will so inform the settlement judge at the hearing now set in this matter for Tuesday, May 23, 2023, if that proceeding convenes as currently scheduled.

Accordingly, and expressly based on the current state of the pleadings and orders in this matter,[3] Petitioner requests again that this Honorable Court forthwith enter judgment against him as to the hereby amended and minimized petition, viz., as to Claim One alone (since it will be the only remaining claim).   He makes this

---

[1](...continued)
further, and accordingly and expressly does not renew the request for leave to withdraw the claims without prejudice.

[2]     Petitioner expressly notes his respectful and ongoing exception to this Honorable Court's order denying him discovery on claim one. Denied discovery, he has no realistic expectation he will obtain the true relief to which he is entitled in this matter.  Had he been permitted the initial funds he requested when this matter was pre-petition, or subsequently, he would have been in a position to amend the petition pursuant to Rule 15 of the FRCivP.  He has not been able to do so.  The matter accordingly is seemingly a binary decision: LWOP or execution.  This perception is only possible because of the denial of proper funding and leave to conduct discovery in this matter.  This state of the matter also explains why this capital petitioner has no interest in any settlement Respondent might offer given this posture of the case. Plainly stated, Petitioner has been hobbled from the outset and repeatedly thereafter. Claim One has never been allowed to bloom to its true splendor.  Years of interaction with Respondent's counsel also inform this view. Respectfully, Petitioner prefers to see this grave matter advance for a higher court's review and intervention.

[3]     Petitioner notes explicitly this includes this Court's denial of his motion under Rule 201 of the FRE for the Court to take judicial notice of the records in Jones v. Chapell. (Docket Control Number 38.)

request for judgment so that he may respectfully seek review of this Court's order denying discovery and its judgment thereupon without further delay.[4]

    Petitioner respectfully notes he does not wish to tax this Honorable Court's time with the substantial task of parsing and ruling on the multitude of sub-claims set forth in Claim One.  He seeks, and will accept without objection, rather a simple denial of relief on the Claim as set forth in the petition.  He expressly notes he will raise no complaint hereafter concerning the brevity of such an order and ensuing judgment.  Rather, as he has stated before, and he reiterates now, his focus in subsequent proceedings will be on the impact of the erroneous denial of leave to conduct discovery, and the denial of the funding necessary for the same. He will argue such denials have left him unable to buttress or elaborate on the allegations articulated in Claim One so as to avoid a denial of relief.

                         \*    \*    \*    \*    \*

---

[4] Petitioner respectfully notes he is fully aware this Court's order denying discovery was made without prejudice to renewal.  He has not elected to renew the motion, and he respectfully declines to do so at this juncture.  His first motion was as narrow as possible, and as explained to the Court therein, he intended to proceed in stages, expanding the scope of his work as the data were compiled and the proof presented to this Court would have so justified.  The Court's denial of such a small percentage of the relief that would ultimately be required made clear to Petitioner he would need the intervention of a higher court. Many, perhaps almost all, capital petitioners would relish a referral for settlement. But Petitioner is singularly situated.  This should never have been a capital matter. Yet, Petitioner continues to languish in the abysmal conditions of condemned inmates.   Petitioner has demonstrated a plenitude of patience, but time for patience has simply run.

1    Respectfully Petitioner asks that this Honorable Court simply
2 enter judgment against him. The record before it likely permits no
3 other decision now.
4
5                          Respectfully submitted,
6
7 Dated: May 17, 2023      s/Phillip A. Treviño
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28